IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-CV-40011 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. TOPPIN, | ) | |
| JENNIFER TOPPIN, | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY as Trustee for RESIDENTIAL | ) | |
| ASSET SECURITIZATION TRUST Series | ) | |
| 2013-A14, MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES Series 2003-N, | ) | |
| UPS CAPITAL BUSINESS CREDIT f/k/a | ) | |
| FIRST INTERNATIONAL BANK, | ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| TOWN OF HOLDEN, | ) | |
| TOWN OF AMHERST, and | ) | |
| TOWN OF GARDNER | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, with the

authorization and sanction of, and at the request of, a delegate of the Secretary of the Treasury, and

at the direction and request of a delegate of the Attorney General, brings this civil action to

(1) reduce to judgment the outstanding federal liabilities of defendants David L. Toppin and Jennifer

Toppin, and (2) avoid fraudulent transfers and enforce its federal tax liens against certain real

properties.  In support of this action, the United States alleges as follows:

### Facts

### Jurisdiction

1.      Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and

7403 and 28 U.S.C. §§ 1340 and 1345.

## Parties

2.      Defendant David L. Toppin resides in Holden, Massachusetts, within the jurisdiction of this Court.

3.      Defendant Jennifer Toppin resides in Oak Bluffs, Massachusetts, within the jurisdiction of this Court.

4.      Upon information and belief, defendants David L. Toppin and Jennifer Toppin were married on November 19, 1993.

5.      Defendant  Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust Series 2003-A14, Mortgage Pass-Through Certificates Series 2003-N is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

6.      Defendant UPS Capital Business Credit f/k/a First International Bank, is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

7.      Defendant Commonwealth of Massachusetts is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

8.      Defendant Town of Holden is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

9.      Defendant Town of Amherst is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

10.      Defendant Town of Gardner is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

**Tax Liabilities of David L. Toppin**

11.     A delegate of the Secretary of the Treasury made assessments against David L.

Toppin for unpaid federal income tax liabilities, which, together with assessed penalties and interest,

have balances due, along with accruals of additional interest, as set forth below:

| Tax Period | Assessment Date | Assessed Tax Penalties & Interest | Total Balance Due as of 12/15/2016 |
|---|---|---|---|
| 1995 | 02/22/2016 | $104,816.13 | **$108,182.16** |
| 1996 | 02/29/2016 | 181,472.27 | **197,326.53** |
| 1997* | 02/12/2007 | 89,287.87 | **205,280.93** |
| 1998* | 02/12/2007 | 170,303.30 | **372,935.15** |
| 2000 | 02/26/2007 | 79,702.47 | **118,985.20** |
| 2001 | 02/26/2007 | 16,311.78 | **24,351.30** |
| 2002 | 02/26/2007 | 37,397.26 | **56,144.24** |
| 2003 | 02/19/2007 | 584.41 | **899.21** |
| 2004 | 02/05/2007 | 10,581.05 | **16,971.75** |
| 2005 | 02/05/2007 | 14,120.74 | **23,459.86** |
| 2006 | 10/01/2007 | 24,400.18 | **34,734.46** |
| 2007 | 02/29/2016 | 43,288.48 | **44,644.53** |
| 2008 | 02/29/2016 | 5,745.72 | **5,925.71** |
| 2009 | 02/29/2016 | 17,780.30 | **18,337.30** |
| 2010 | 02/29/2016 | 23,117.41 | **23,841.58** |
| 2011 | 02/29/2016 | 25,115.89 | **26,133.72** |
| 2012 | 11/30/2015 | 20,781.58 | **22,903.66** |
| **Total Balance Due as of December 15, 2016** | | | **$1,301,057.29** |
| * Amounts assessed for years 1997 and 1998 exclude certain assessments and include only those assessments for which the period of limitations has not expired. | | | |

12.     On or about the dates of the assessments described in paragraph 11, above, a

delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for

payment upon, David L. Toppin.

13.     Despite such notice and demand, David L. Toppin has failed, neglected, or refused

to pay in full the liabilities described in paragraph 11, above.

14.     After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, David L. Toppin remains indebted to the United States for the liabilities described in paragraph 11, above, in the amount of $1,301,057.29, plus statutory additions including interest from and after December 15, 2016.

15.     A delegate of the Secretary of the Treasury made assessments against David L. Toppin for an unpaid Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts, tax liability for tax year 2002.  The assessment was made on March 5, 2007, in the amount of $406.10.  The assessment was based on Mr. Toppin's late-filed Form 5329 for tax year 2002.

16.     On or about the dates of the assessment described in paragraph 15, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, David L. Toppin.

17.     Despite such notice and demand, David L. Toppin has failed, neglected, or refused to pay in full the liability described in paragraph 15, above.

18.     After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, David L. Toppin remains indebted to the United States for the liability described in paragraph 15, above, in the amount of $489.14, plus statutory additions from and after December 15, 2016.

19.     David L. Toppin was found guilty, under 26 U.S.C. § 7201, of willfully attempting to evade and defeat the payment of his federal income tax liabilities for tax years 1997, 1998, and 1999, on January 28 2013.  *See United States of America v. David L. Toppin*, 4:11-CR-40023-TSH, docket no. 198.  On June 18, 2013, the Honorable Timothy S. Hillman entered a Judgment ordering that Mr. Tippin pay restitution to the IRS in the amount of $716,479.00.  *See* United States of America v. David L. Toppin, 4:11-CR-40023-TSH, docket no. 242.

4

20.     A delegate of the Secretary of the Treasury made assessments against David L. Toppin for unpaid restitution liabilities, which have balances due, along with accruals, as set forth below:

| Tax Period | Assessment Date | Assessed Tax Penalties & Interest | Total Balance Due as of 12/15/2016 |
|---|---|---|---|
| 1997 | 10/12/2015 | $286,185.87 | **$244,595.78** |
| 1998 | 10/12/2015 | 427,240.37 | **369,030.29** |
| 1999 | 10/12/2015 | 3,052.92 | **2,657.63** |
| **Total Balance Due as of December 15, 2016** | | | **$616,283.70** |

21.     On or about the dates of the assessments described in paragraph 20, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, David L. Toppin.

22.     Despite such notice and demand, David L. Toppin has failed, neglected, or refused to pay in full the liabilities described in paragraph 20, above.

23.     After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, David L. Toppin remains indebted to the United States for the liabilities described in paragraph 20, above, in the amount of $616,283.70, plus statutory additions from and after December 15, 2016.

### Tax Liabilities of Jennifer Toppin

24.     A delegate of the Secretary of the Treasury made assessments against Jennifer Toppin for unpaid federal income tax liabilities, which have balances due, along with accruals, as set forth below:

| Tax Period | Assessment Date | Assessed Tax Penalties & Interest | Total Balance Due as of 12/15/2016 |
|---|---|---|---|
| 1997 | 05/14/2007 | $1,652.39 | **$662.78** |
| 1998 | 04/16/2007 | 5,949.43 | **8,786.85** |
| 1999 | 04/23/2007 | 1,265.53 | **1,866.21** |
| 2003 | 05/07/2007 | 13,870.00 | **2,302.32** |

| 2004 | 04/09/2007 | 962.03 | **1,526.45** |
|---|---|---|---|
| 2005 | 04/09/2007 | 6,392.57 | **10,336.30** |
| 2011 | 05/21/2012 | 1,227.39 | **1,555.59** |
| 2013 | 06/23/2014 | 4,945.63 | **6,529.57** |
| **Total Balance Due as of December 15, 2016** | | | **$33,566.07** |

25.     On or about the dates of the assessments described in paragraph 24, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Jennifer Toppin.

26.     Despite such notice and demand, Jennifer Toppin has failed, neglected, or refused to pay in full the liabilities described in paragraph 24, above.

27.     After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, Jennifer Toppin remains indebted to the United States for the liabilities described in paragraph 24, above, in the amount of $33,566.07, plus statutory additions from and after December 15, 2016.

## Marital Income

28.     Upon information and belief, defendant Jennifer Toppin had no significant assets at the time of her marriage to David L. Toppin, and has primarily been a homemaker since the date of her marriage to David L. Toppin.

## The Centerville Property

29.     By a deed, George P. Tuttle and Anne T. Tuttle conveyed property located at 483 Phinneys Lane, Centerville, Massachusetts ("Centerville Property") to David. L. Toppin individually for $700,000.00.  The deed was recorded with the Centerville District County Registry of Deeds on May 11, 1998, at Book 11418, Page 183.

30.     David. L. Toppin, individually, granted a mortgage on the Centerville Property to PHH Mortgage Services Corp. for $490,000.00.  The mortgage was also recorded with the Centerville District County Registry of Deeds on May 11, 1998, at Book 11418, Page 185.

31.     During June of 2002, a Revenue Officer employed by the Internal Revenue Service made contact with David. L. Toppin to discuss his failure to file tax returns and outstanding tax liabilities.

32.     After the contact from the Revenue Officer, David L. Toppin conveyed the Centerville Property to David L. Toppin and Jennifer Toppin as tenants by the entirety for $1.00. The deed was recorded with the Centerville District County Registry of Deeds on July 24, 2002, at Book 15399, Page 200.

33.     Upon information and belief, David L. Toppin knew that he owed taxes to the Internal Revenue Service on and before July 24, 2002.

34.     Immediately after the conveyance described in paragraph 32, above, David L. Toppin and Jennifer Toppin conveyed the Centerville Property to Kim Woodbury and Mehdi Hosseini for $1,200,000.00.  The deed was also recorded with the Centerville District County Registry of Deeds on July 24, 2002, at Book 15399, Page 202.

35.     Upon information and belief, David L. Toppin used part of the proceeds from the transfer of the Centerville Property described in paragraph 34, above, to pay off the remaining balance of the mortgage on the Centerville Property described in paragraph 30, above.  Bankers Trust Company of California, N.A. granted David L. Toppin a discharge of the mortgage described in paragraph 30, above, which was recorded with the Centerville District County Registry of Deeds on October 3, 2002, at Book 15693, Page 182.

36.     Upon information and belief, David L. Toppin and Jennifer Toppin received, after payment of the mortgage described in paragraph 30, above, $654,206.63 (the "Centerville Property Sales Proceeds").

**The Holden Property**

37.     By quitclaim deed dated July 31, 2002, Nancy L. Benjamin conveyed real property located at 465 Salisbury Street, Holden, Massachusetts ("Holden Property") to defendant Jennifer Toppin.  The purchase price for the Holden Property was $540,000.00.  The deed was recorded with the Worcester District Registry of Deeds on August 12, 2002, at Book 27204, Page 67.  The Holden Property is legally described as follows:

> All that Land with the buildings thereon situated in Holden, Worcester County, Massachusetts, bounded and described as follows:
>
> BEGINNING at the southeast corner of the premises to be described at a point in the west line of Salisbury Street, said point being N. 13º 13' 20" W., two hundred seventy-three and 10/100 (273.10) feet from a W.C.H. bound at the north end of a 1400 ft. radius curve in said street line;
> THENCE by said street line, N. 13º 13' 20" W., two hundred sixty-five and 47/100 (265.47) feet to a W.C.H. bound at an angle;
> THENCE by said street line, N. 11º 17' 40" W., eighty-four and 53/100 (84.53) feet to a corner;
> THENCE by land now or formerly owned by William A. Wheeler, et ux, S. 74º 14' 15" W., two hundred ninety-four and 18/100 (294.18) feet to a corner;
> THENCE by land now or formerly of said Wheeler, partly along a stone wall, S. 10º 09' 19" E., three hundred fifty-one and 16/100 (351.16) feet to a corner;
> THENCE by land now or formerly of said Wheeler, N. 74º 14' 15" E., three hundred ten and 13/100 (310.13) feet to the point of the beginning.
> Contains an area of 2.42 acres.

38.     Jennifer Toppin, individually, granted a mortgage on the Holden Property to 1-800-East-West Mortgage Company, Inc. for $250,000.00.  The mortgage was recorded with the Worcester District County Registry of Deeds on September 30, 2003, at Book 31817, Page 138.

39.     Upon information and belief, the remainder of the purchase price for the Holden Property, $290,000.00, was paid for using the Centerville Property Sales Proceeds or using funds otherwise provided by David L. Toppin.

40.     Upon information and belief, the Holden Property was placed in Jennifer Toppin's name to keep it out of the reach of David L. Toppin's creditors.

41.     Upon information and belief, David L. Toppin continues to reside at the Holden Property and Jennifer Toppin does not reside at the Holden Property.

**The Amherst Property**

42.     By quitclaim deed dated July 25, 2003, Richard Toppin and Linda A. Toppin conveyed real property located at 977 North Pleasant Street, Amherst, Massachusetts ("Amherst Property") to defendant Jennifer Toppin.  The purchase price for the Amherst Property was $165,000.00.  The deed was recorded with the Hampshire District Registry of Deeds on July 14, 2003, at Book 7316, Page 165.  The Amherst Property is legally described as follows:

> The land in Amherst, Hampshire County, Massachusetts, with buildings thereon, on the east side of North Pleasant Street, bounded and described as follows:
>
> BEGINNING at the southwesterly corner of the premises hereby conveyed, which point is the northwesterly comer of premises now or formerly of Harold R. Hebert, thence
>
> EASTERLY along land of said Hebert one hundred sixty (160) feet to land now or formerly of Robert C. and Florence M. Ames; thence
>
> NORTHERLY along land of said Ames one hundred (100) feet to land now or formerly of Everett L. and Mabel M. Roberts; thence
>
> WESTERLY on land of said Robertses one hundred sixty (160) feet to North Pleasant Street; thence
>
> SOUTHERLY along North Pleasant Street one hundred (100) feet to the point of beginning.
>
> BEING the same premises conveyed to the grantors by deed dated May 21, 1990 and recorded with the Worcester District Registry of Deeds in Book 3573, Page 0148.

43.     On information and belief, Jennifer Toppin did not grant a mortgage to fund the purchase of the Amherst Property.

44.     Upon information and belief, the purchase price for the Amherst Property was paid for using the Centerville Property Sales Proceeds or using funds otherwise provided by David L. Toppin.

45.     The sellers, Richard Toppin and Linda A. Toppin are David L. Toppin's parents.

46.     Upon information and belief, the Amherst Property was placed in Jennifer Toppin's name to keep it out of the reach of David L. Toppin's creditors.

47.     The Amherst Property is located near the campus of the University of Massachusetts, in Amherst, Massachusetts.  Upon information and belief, the Amherst Property is, and has been, primarily rented out to college students.

48.     Upon information and belief, Robert Jackson was hired as the property manager of the Amherst Property.

49.     Upon information and belief, Robert Jackson dealt only with David L. Toppin and never dealt with Jennifer Toppin in connection with his duties as property manager.

**The Gardner Property**

50.     By quitclaim deed dated August 8, 2003, Peter J. Sabettini and Marie J. Sabettini conveyed real property located at 4 LaChance Street, Gardner, Massachusetts ("Gardner Property") to defendant Jennifer Toppin.  The purchase price for the Gardner Property was $210,000.00.  The deed was recorded with the Worcester District Registry of Deeds on August 21, 2003, at Book 31332, Page 160.  The Gardner Property is legally described as follows:

A certain parcel of land situated on the easterly side of Linus Allain Avenue and the northeasterly side of LaChance Street, in the southeasterly part of Gardner, Worcester County, Massachusetts, bounded and described as follows, to wit:

Beginning at the northwesterly corner therof, at a point in the easterly line of Linus Allain Avenue, at a corner of other land now and formerly of the Gardner Redevelopment Authority, and being the remaining portion of what is known as Lot "12," said point also being located 98.49 feet southerly along said road line from a corner of Lot "13";

THENCE S. 86° ' 03' 35.76" E. by said remaining portion of Lot "12" a distance of 424.54 feet to the northwesterly side of an Easement Area;

THENCE S. 23° 44' 25" W., 143.25 feet;

THENCE S. 29° 07' 37" W., 395.43 feet to a point in the northeasterly line of LaChance Street, the preceding two courses being by said Easement Area and the preceding three courses being by land now and formerly of the Gardner Redevelopment Authority,

THENCE northwesterly by a curve to the right, having a radius of 400.00 feet, a distance of 93.15 feet to a point of tangency;

THENCE N. 38° 51' 55" W., 139.03 feet to a point of curvature of a curve that rounds the easterly intersection of LaChance Street and Linus Allain Avenue, the preceding two courses being by the said line of LaChance Street;

THENCE northwesterly and northerly by a curve to the right having a radius of 160.0 feet, by said intersection a distance of 119.54 feet to a point of tangency in the easterly line of Linus Allain Avenue;

THENCE N. 3° 56' 24.24" E. by said road line 221.51 feet to a corner of the remaining portion of the aforementioned Lot "12" and the point of beginning. Containing 137,538 Square Feet or 3.157 Acres.

Being shown as "Revised Lot" "12" on a plan entitled: "Compiled Plan of Land prepared for P&S Realty Trust, Gardner, Massachusetts, Scale: 1 inch= 100 feet–August 20, 1984, Michael S. Szoc–R.L. Surveyor, 32 Pleasant Street, Gardner, MA 01440" recorded in Plan Book 526, Plan 23.

Being the same premises conveyed to the within Grantors by deed of The Gardner Redevelopment Authority, dated September 27, 1984 and recorded in the Worcester District Registry of Deeds in Book 8416, Page 338.

51.     Jennifer Toppin agreed to assume the loan that UPS Capital Business Credit extended to Peter J. Sabettini and Marie J. Sabettini at the time they purchased the Gardner Property.  The principal balance of the loan was $157,500.00 on the date of the assumption.  The Assumption and Confirmation Agreement was recorded with the Worcester District Registry of Deeds, at Book 31332, Page 161.

52.     Upon information and belief, the remainder of the $210,000 purchase price for the Gardner Property was paid for using the Centerville Property Sales Proceeds or using funds otherwise provided by David L. Toppin.

53.     Upon information and belief, the Gardner Property was placed in Jennifer Toppin's name to keep it out of the reach of David L. Toppin's creditors.

54.     The Gardner Property contains an industrial building.

55.     David L. Toppin was the sole proprietor of The Pelletizer Group, Inc. ("Pelletizer"), an S corporation in the business of plastic and chemical process machinery.  David L. Toppin operated Pelletizer from 1996 through 2012, when the State of Massachusetts involuntarily dissolved Pelletizer.

56.     The Gardner Property was the business location for Pelletizer.

### The United States' Tax Liens

57.     Pursuant to 26 U.S.C. §§ 6321 and 6322, and as a result of the assessments described in paragraphs 11, 15, and 20, above, and the demands for payment thereof described in paragraphs 12, 16, and 21, above, federal tax liens arose on the dates of assessment and attached to all property and rights to property of David L. Toppin.

58.     Pursuant to 26 U.S.C. §§ 6321 and 6322, and as a result of the assessments described in paragraph 24, above, and the demand for payment thereof described in paragraph 25, above, federal tax liens arose on the dates of assessment and attached to all property and rights to property of Jennifer Toppin.

59.     A delegate of the Secretary of the Treasury filed several Notices of Federal Tax Lien (NFTLs) in accordance with 26 U.S.C. § 6323(f) for David L. Toppin's liabilities described in paragraphs 11, 15, and 20, above.

60.     The following NFTLs, naming David L. Toppin as the taxpayer, have been recorded with the Worcester County Registry of Deeds:  (1) an NFTL with respect to David L. Toppin's 1997 and 1998 federal income liabilities was filed on March 12, 2007, at Book 40804, Page 322; (2) an NFTL with respect to David L. Toppin's 2003 through 2005 federal income liabilities was filed on March 19, 2007, at Book 40836, Page 243; (3) an NFTL with respect to David L. Toppin's 2000 through 2002 and 2006 federal income liabilities and David L. Toppin's 2002 Form 5329 liability was filed on July 20, 2015, at Book 54033, Page 60; (4) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was filed on December 3, 2015, at Book 54646, Page 255; (5) an NFTL with respect to David L. Toppin's 2012 federal income liability was filed on December 28, 2015, at Book 54753, Page 55; (6) an NFTL with respect to David L. Toppin's 1995, 1996, and 2007 through 2011 federal income liabilities was filed on March 28, 2016, at Book 55109, Page 254; and (7) an NFTL with respect to David L. Toppin's 1996 federal income liability was filed on April 19, 2016, at Book 55204, Page 227.

61.     The following NFTLs, naming Jennifer Toppin, Nominee of David L. Toppin, as the taxpayer, have been recorded with the Worcester County Registry of Deeds:  (1) an NFTL with respect to David L. Toppin's 1997, 1998, and 2000 through 2006 federal income liabilities and David L. Toppin's 2002 Form 5329 liability was filed on November 20, 2015, at Book 54598, Page 37 and Book 54598, Page 38; (2) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was filed on December 29, 2015, at Book 54760, Page 295 and Book 54760, Page 296; and (3) an NFTL with respect to David L. Toppin's 1995, 1996, and 2007 through 2012 federal income liabilities was filed on April 26, 2016, at Book 55237, Page 224 and Book 55237, Page 225.

62.     The following NFTLs have been recorded with the Hampshire County Registry of Deeds:  (1) an NFTL with respect to David L. Toppin's 1997 and 1998 federal income liabilities was

filed on November 24, 2015, at Book 12136, Page 308; (2) an NFTL with respect to David L.

Toppin's 2000 through 2006 federal income liabilities and David L. Toppin's 2002 Form 5329

liability was filed on July 20, 2015, at Book 54033, Page 60; (3) an NFTL with respect to David L.

Toppin's 1997 through 1999 restitution liabilities was filed on November 24, 2015, at Book 12136,

Page 309; (4) an NFTL with respect to David L. Toppin's 2012 federal income liability was filed on

December 29, 2015, at Book 12164, Page 8; (5) an NFTL with respect to David L. Toppin's 1995,

1996, and 2007 through 2011 federal income liabilities was filed on March 28, 2016, at Book 12229,

Page 79; and (6) an NFTL with respect to David L. Toppin's 1996 federal income liability was filed

on April 19, 2016, at Book 12247, Page 340.

63.    The following NFTLs, naming Jennifer Toppin, Nominee of David L. Toppin, as

the taxpayer, have been recorded with the Hampshire County Registry of Deeds:  (1) an NFTL with

respect to David L. Toppin's 1997, 1998, and 2000 through 2006 federal income liabilities and

David L. Toppin's 2002 Form 5329 liability was filed on November 20, 2015, at Book 12133, Page

204; (2) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was

filed on December 29, 2015, at Book 12164, Page 7; and (3) an NFTL with respect to David L.

Toppin's 1995, 1996, and 2007 through 2012 federal income liabilities was filed on April 25, 2016, at

Book 12253, Page 206.

64.    A delegate of the Secretary of the Treasury filed several Notices of Federal Tax Lien

(NFTLs) in accordance with 26 U.S.C. § 6323(f) for Jennifer Toppin's federal income tax liabilities

described in paragraphs 24, above.  An NFTL with respect to Jennifer Toppin's 2013 federal income

tax liability was filed with the Worcester County Registry of Deeds on July 15, 2014, at Book 52549,

Page 396.  An NFTL with respect to Jennifer Toppin's 1997 through 1999, 2003 through 2005, and

2011 federal income tax liabilities was filed with the Hampshire County Registry of Deeds on March

31, 2014, at Book 11610, Page 343.  An NFTL with respect to Jennifer Toppin's 2013 federal

income tax liability was filed with the Hampshire County Registry of Deeds on July 14, 2014, at Book 11693, Page 327.

### Count I: Reduce David L. Toppin's Unpaid Federal Income Tax Liabilities to Judgment

65.     On the basis of the facts alleged in paragraphs 1 through 15, the United States is entitled to a judgment against the defendant, David L. Tappin, for his federal income tax liabilities for tax years 1995 through 1998 and 2000 through 2012 as set forth in paragraph 11, above, in the amount of $1,301,057.29, plus statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### Count II:  Reduce David L. Toppin's Unpaid Form 5329 Tax Liability to Judgment

66.     On the basis of the facts alleged in paragraphs 1 through 10 and 15 through 18, the United States is entitled to a judgment against the defendant, David L. Tappin, for his Form 5329 tax liability for tax year 2002, as set forth in paragraph 15, above, in the amount of $489.14, plus statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### Count III: Reduce David L. Toppin's Unpaid Restitution Liabilities to Judgment

67.     On the basis of the facts alleged in paragraphs 1 through 10 and 19 through 23, the United States is entitled to a judgment against the defendant, David L. Tappin, for his unpaid restitution liabilities for tax years 1997 through 1999, as set forth in paragraph 20, above, in the amount of $616,283.70, plus statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### Count IV: Reduce Jennifer Toppin's Unpaid Federal Income Tax Liabilities to Judgment

68.     On the basis of the facts alleged in paragraphs 1 through 10 and 24 through 27, the United States is entitled to a judgment against the defendant, Jennifer Tappin, for her federal income tax liabilities for tax years 1997 through 1999, 2003 through 2005, 2011, and 2013, as set forth in

paragraph 24, above, in the amount of $33,566.07, plus statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

### Count V: Relief with Respect to the Holden Property

69.　　On the basis of the facts alleged in paragraphs 1 through 23, 28 through 41, and 57 through 64, the purchase of the Holden Property solely in Jennifer Toppin's name using the Centerville Property Sales Proceeds was actually fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

70.　　Alternatively, on the basis of the facts alleged in paragraphs 1 through 23, 28 through 41, and 57 through 64, the purchase of the Holden Property solely in Jennifer Toppin's name using the Centerville Property Sales Proceeds was constructively fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

71.　　The United States, as creditor of David L. Toppin, is entitled avoid the fraudulent transfer to the extent necessary to satisfy the liabilities described in Counts I through IV.

72.　　Alternatively, Jennifer Toppin held title to the Holden Property as the nominee for David L. Toppin.

73.　　Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens securing the liabilities described in Count IV upon the Holden Property, to have the Holden Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed and payable under 26 U.S.C. § 6323(b)(6), to such parties and lien holders in such amounts as this Court determines in accordance with their lawful priorities.

## Count VI: Relief with Respect to the Amherst Property

74.     On the basis of the facts alleged in paragraphs 1 through 23, 28 through 36, 42 through 49, and 57 through 64, the purchase of the Amherst Property solely in Jennifer Toppin's name using the Centerville Property Sales Proceeds (assuming that any money was actually paid to Richard Toppin and Linda A. Toppin) was actually fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

75.     Alternatively, on the basis of the facts alleged in paragraphs 1 through 23, 28 through 36, 42 through 49, and 57 through 64, the purchase of the Amherst Property solely in Jennifer Toppin's name using the Centerville Property Sales Proceeds was constructively fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

76.     The United States, as creditor of David L. Toppin, is entitled avoid the fraudulent transfer to the extent necessary to satisfy the liabilities described in Counts I through IV.

77.     Alternatively, Jennifer Toppin held title to the Amherst Property as the nominee for David L. Toppin.

78.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens securing the liabilities described in Count IV upon the Amherst Property, to have the Amherst Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed and payable under 26 U.S.C. § 6323(b)(6), to such parties and lien holders in such amounts as this Court determines in accordance with their lawful priorities.

## Count VII: Relief with Respect to the Gardner Property

79.     On the basis of the facts alleged in paragraphs 1 through 23, 28 through 36, and 50 through 64, the purchase of the Gardner Property solely in Jennifer Toppin's name was actually

fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

80.     Alternatively, on the basis of the facts alleged in paragraphs 1 through 23, 28 through 36, and 50 through 64, the purchase of the Gardner Property was constructively fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act.

81.     The United States, as creditor of David L. Toppin, is entitled avoid the fraudulent transfer to the extent necessary to satisfy the liabilities described in Counts I through IV.

82.     Alternatively, Jennifer Toppin held title to the Gardner Property as the nominee for David L. Toppin.

83.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens securing the liabilities described in Count IV upon the Gardner Property, to have the Gardner Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties in this case, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any local real estate taxes owed and payable under 26 U.S.C. § 6323(b)(6), to such parties and lien holders in such amounts as this Court determines in accordance with their lawful priorities.

WHEREFORE, the plaintiff United States of America prays that:

A.     The Court enter judgment in favor of the United States and against the defendant, David L. Tappin, for his federal income tax liabilities for tax years 1995 through 1998 and 2000 through 2012 as set forth in paragraph 11, above, in the amount of $1,301,057.29, plus statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.     The Court enter judgment in favor of the United States and against the defendant, David L. Tappin, for his Form 5329 tax liability for tax year 2002, as set forth in paragraph 15,

above, in the amount of $489.14, plus statutory additions accruing from December 15, 2016,

including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  C.  The Court enter judgment in favor of the United States and against the defendant,

David L. Tappin, for his unpaid restitution liabilities for tax years 1997 through 1999, as set forth in

paragraph 20, above, in the amount of $616,283.70, plus statutory additions accruing from

December 15, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C.

§ 1961(c);

  D.  The Court enter judgment in favor of the United States and against the defendant,

Jennifer Tappin, for her federal income tax liabilities for tax years 1997 through 1999, 2003 through

2005, 2011, and 2013, as set forth in paragraph 24, above, in the amount of $33,566.07, plus

statutory additions accruing from December 15, 2016, including interest pursuant to 26 U.S.C. §§

6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  E.  The Court determine that the purchase of the Holden Property solely in Jennifer

Toppin's name using the Centerville Property Sales Proceeds was actually or constructively

fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent

Transfer Act;

  F.  The Court determine in the alternative that Jennifer Toppin held title to the Holden

Property as the nominee for David L. Toppin;

  G.  The Court determine that the purchase of the Amherst Property solely in Jennifer

Toppin's name using the Centerville Property Sales Proceeds (assuming that any money was actually

paid to Richard Toppin and Linda A. Toppin) was actually or constructively fraudulent as to the

United States within the meaning of the Massachusetts Uniform Fraudulent Transfer Act;

  H.  The Court determine in the alternative that Jennifer Toppin held title to the Amherst

Property as the nominee for David L. Toppin;

I.      The Court determine that the purchase of the Gardner Property solely in Jennifer

Toppin's name using the Centerville Property Sales Proceeds was actually or constructively

fraudulent as to the United States within the meaning of the Massachusetts Uniform Fraudulent

Transfer Act;

J.      The Court determine in the alternative that Jennifer Toppin held title to the Gardner

Property as the nominee for David L. Toppin;

K.      The Court order that the Holden Property is subject to the liens securing David L.

Toppin's liabilities described in this Complaint;

L.      The Court order that the Amherst Property is subject to the liens securing David L.

Toppin's liabilities described in this Complaint;

M.      The Court order that the Gardner Property is subject to the liens securing David L.

Toppin's liabilities described in this Complaint;

N.      The Court order that the United States' liens for the liabilities of David L. Toppin as

well as Jennifer Toppin be enforced against the properties, including the Holden Property, the

Amherst Property, and the Gardner Property, that they be sold in a judicial sale, according to law,

free and clear of all rights, titles, liens, claims, and interests of the parties to this case, including any

rights of redemption, and that the proceeds of the sale be distributed, after payment of the costs of

sale and any local real estate taxes owed, to such parties and lien holders in such amounts as this

Court determines in accordance with their lawful priorities;

O.      The Court determine that any failure by defendants Deutsche Bank National Trust

Company as Trustee for Residential Asset Securitization Trust Series 2003-A14, Mortgage Pass-

Through Certificates Series 2003-N, UPS Capital Business Credit f/k/a First International Bank,

Commonwealth of Massachusetts, Town of Holden, Town of Amherst, and Town of Gardner to

timely plead their right, title, claim, or interest in the Property shall result in a default being entered

against that party, and a default judgment finding that said party has no right, title, claim, lien, or

other interest in any of the properties; and

      P.     The Court award the United States of America such further relief, including the costs

of this action, that the Court deem just and proper.

Respectfully Submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

By:

  /s/ *Michael Patrick Lobie*
MICHAEL PATRICK LOBIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-0600 (v)
202-514-5238 (f)
Michael.P.Lobie@usdoj.gov