IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID L. TOPPIN,<br>JENNIFER TOPPIN,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY as Trustee for RESIDENTIAL<br>ASSET SECURITIZATION TRUST Series<br>2013-A14, MORTGAGE PASS-THROUGH<br>CERTIFICATES Series 2003-N,<br>UPS CAPITAL BUSINESS CREDIT f/k/a<br>FIRST INTERNATIONAL BANK,<br>COMMONWEALTH OF<br>MASSACHUSETTS,<br>TOWN OF HOLDEN,<br>TOWN OF AMHERST, and<br>TOWN OF GARDNER<br><br>    Defendants. | CASE No. 4:17-CV-40011-TSH<br><br>Judge Timothy S. Hillman |

**ANSWER OF TOWN OF AMHERST TO AMENDED COMPLAINT**

Now comes the defendant, Town of Amherst ("Defendant") and answers the

Plaintiff United States of America's ("Plaintiff") Complaint paragraph by paragraph as

follows:

**AMENDED COMPLAINT**

This paragraph of the Complaint is introductory in nature and requires no

response. To the extent a response is required Defendant states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this introductory paragraph.

## Facts

### Jurisdiction

1. The allegations contained in paragraph 1 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required; the Defendant admits that this court has jurisdiction over this matter.

### Parties

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, which allegations are therefore denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, which allegations are therefore denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, which allegations are therefore denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint which allegations are therefore denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, which allegations are therefore denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, which allegations are therefore denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, which allegations are therefore denied.

9. Defendant admits that it will claim an interest in one or more of the properties that is the subject of the Plaintiff's Complaint. The remaining allegations contained in paragraph 9 contain conclusions of law to which no response is required.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, which allegations are therefore denied.

## Tax Liabilities of David L. Toppin

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, which allegations are therefore denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, which allegations are therefore denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, which allegations are therefore denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, which allegations are therefore denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, which allegations are therefore denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, which allegations are therefore denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, which allegations are therefore denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, which allegations are therefore denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, which allegations are therefore denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, which allegations are therefore denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, which allegations are therefore denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, which allegations are therefore denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, which allegations are therefore denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, which allegations are therefore denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, which allegations are therefore denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, which allegations are therefore denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, which allegations are therefore denied.

**Marital Income**

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, which allegations are therefore denied.

**The Centerville Property**

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, which allegations are therefore denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, which allegations are therefore denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, which allegations are therefore denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, which allegations are therefore denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, which allegations are therefore denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, which allegations are therefore denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, which allegations are therefore denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, which allegations are therefore denied.

## The Holden Property

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, which allegations are therefore denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, which allegations are therefore denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, which allegations are therefore denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, which allegations are therefore denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, which allegations are therefore denied.

## The Amherst Property

42. Defendant admits the allegations contained in paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in paragraph 43 of the Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, which allegations are therefore denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, which allegations are therefore denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, which allegations are therefore denied.

47. Defendant admits that the Amherst Property is located near the campus of the University of Massachusetts, in Amherst, Massachusetts. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint, which allegations are denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, which allegations are therefore denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, which allegations are therefore denied.

**The Gardner Property**

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, which allegations are therefore denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, which allegations are therefore denied.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, which allegations are therefore denied.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, which allegations are therefore denied.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, which allegations are therefore denied.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, which allegations are therefore denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, which allegations are therefore denied.

**The United States' Tax Liens**

57. The allegations contained in paragraph 57 contain conclusions of law to which no response is required.

58. The allegations contained in paragraph 58 contain conclusions of law to which no response is required.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, which allegations are therefore denied.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, which allegations are therefore denied.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, which allegations are therefore denied.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, which allegations are therefore denied.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, which allegations are therefore denied.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, which allegations are therefore denied.

### COUNT I
### (Reduce David L. Toppin's Unpaid Federal Income Tax Liabilities to Judgment)

65. Count I is not against Defendant and therefore, no response is required.

### COUNT II
### (Reduce David L. Toppin's Unpaid Form 5329 Tax Liability to Judgment)

66. Count II is not against Defendant and therefore, no response is required.

### Count III
### Reduce David L. Toppin's Unpaid Restitution Liabilities to Judgment

67. Count III is not against Defendant and therefore, no response is required.

### Count IV

68.    Count IV is not against Defendant and therefore, no response is required.

### Count V

69.    Count V is not against Defendant and therefore, no response is required.

70.    Count V is not against Defendant and therefore, no response is required.

71.    Count V is not against Defendant and therefore, no response is required.

72.    Count V is not against Defendant and therefore, no response is required.

73.    Count V is not against Defendant and therefore, no response is required.

### Count VI
### (Relief with Respect to the Amherst Properties)

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, which allegations are therefore denied.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, which allegations are therefore denied.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, which allegations are therefore denied.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, which allegations are therefore denied.

78.    The allegations contained in paragraph 78 contain conclusions of law to which no response is required. To the extent a response is required, Defendant states that

Defendant has a lien on the subject Property and has a priority interest in any proceeds that may be recovered from Plaintiff as a result of this action.

## Count VII
### (Relief with Respect to the Gardner Property)

79.     Count VII is not against Defendant and therefore, no response is required to paragraphs 79 through 83.

WHEREFORE, Defendant states that should judgment enter in favor of Plaintiff, Defendant should be awarded the amount of its lien on the Amherst Property as described in the Complaint along with interest and attorneys' fees.

## AFFIRMATIVE DEFENSES

Defendant states that Defendant has a lien on the Amherst Property that has a priority interest in any proceeds that may be recovered from Plaintiff as a result of this action.

TOWN OF AMHERST,

By its Attorneys,

Dated: May 15, 2017

__/s/ Joel B. Bard_____
Joel B. Bard (BBO# 029140)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
jbard@k-plaw.com
decker@k-plaw.com

## CERTIFICATE OF SERVICE

I, Joel B. Bard, certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/ Joel B. Bard

582493/AMHR/0001