UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>DAVID L. TOPPIN, JENNIFER TOPPIN,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY as Trustee for RESIDENTIAL<br>ASSET SECURITIZATION TRUST Series<br>2013-A14, MORTGAGE-PASS-THROUGH<br>CERTIFICATES Series 2003-N, UPS<br>CAPITAL BUSINESS CREDIT f/k/a FIRST<br>INTERNATIONAL BANK,<br>COMMONWEALTH OF<br>MASSACHUSETTS, TOWN OF HOLDEN,<br>TOWN OF AMHERST, and TOWN OF<br>GARDNER<br>Defendants. | 4:17-CV-40011-TSH |

## JENNIFER TOPPIN'S ANSWER TO AMENDED COMPLAINT

Jennifer Toppin generally denies all allegations in the Amended Complaint unless otherwise admitted.

### Facts

### Jurisdiction

1. Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

Jennifer Toppin's Response: This paragraph calls for a legal conclusion and no response is required. To the extent a response is required, Jennifer Toppin denies for lack of knowledge.

**Parties**

2.  Defendant David L. Toppin resides in Holden, Massachusetts, within the

jurisdiction of this court.

Jennifer Toppin's Response: Denies for lack of knowledge.

3.  Defendant Jennifer Toppin resides in Oak Bluffs, Massachusetts, within

the jurisdiction of this court.

Jennifer Toppin's Response: Admits.

4.  Upon information and belief, defendants David L. Toppin and Jennifer

Toppin were married on November 19, 1993.

Jennifer Toppin's Response: Admits.

5.  Defendant Deutsche Bank National Trust Company as Trustee for

Residential Asset Securitization Trust Series 2003-A14, Mortgage Pass-

Through Certificates Series 2003-N is named as a defendant in this case in

accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an

interest in one or more of the properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

6.  Defendant UPS Capital Business Credit f/k/a First International Bank,

(sic) is named as a defendant in this case in accordance with 26 U.S.C. §

7403(b), because it has, or may claim, an interest in one or more of the

properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

7.  Defendant Commonwealth of Massachusetts is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

8.  Defendant Town of Holden is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

9.  Defendant Town of Amherst is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

10. Defendant Town of Gardner is named as a defendant in this case in accordance with 26 U.S.C. § 7403(b), because it has, or may claim, an interest in one or more of the properties.

Jennifer Toppin's Response: Denies for lack of knowledge.

**Tax Liabilities of David L. Toppin**

11. A delegate of the Secretary of the Treasury made assessments against David L. Toppin for unpaid federal income tax liabilities, which, together with assessed penalties and interest have balances due, along with accruals of additional interest, as set forth below:

Jennifer Toppin's Response: Denies for lack of knowledge.

12. On or about the dates of the assessments described in paragraph 11, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon David L. Toppin.

Jennifer Toppin's Response: Denies for lack of knowledge.

13. Despite such notice and demand, David L. Toppin has failed, neglected, or refused to pay in full the liabilities described in paragraph 11, above.

Jennifer Toppin's Response: Denies for lack of knowledge.

14. After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, David L. Toppin remains indebted to the United States for the liabilities described in paragraph 11, above, in the amount of $722,841.21, plus statutory additions including interest from and after December 15, 2016.

Jennifer Toppin's Response: Denies for lack of knowledge.

15. A delegate of the Secretary of the Treasury made assessments against David L. Toppin for an unpaid Form 5329, Additional Taxes on Qualified Plans (Including IRAs) and other Tax-Favored Accounts, tax liability for tax year 2002. The assessment was made on March 5, 2007, in the amount of $406.10. The assessment was based on Mr. Toppin's Late-filed Form 5329 for tax year 2002.

Jennifer Toppin's Response: Denies for lack of knowledge.

16. On or about the dates of the assessment described in paragraph 15, above, a delegate for the Secretary of the Treasury have notice of the assessment to, and made a demand for payment upon, David L. Toppin.

Jennifer Toppin's Response: Denied for lack of knowledge.

17. Despite such notice and demand, David L. Toppin has failed, neglected, or refused to pay in full the liability described in paragraph 15, above.

Jennifer Toppin's Response: Denied for lack of knowledge.

18. After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, David L. Toppin remains indebted to the United States for the liability described in paragraph 15, above, in the amount of $489.14, plus statutory additions from and after December 15, 2016.

Jennifer Toppin's Response: Denies for lack of knowledge.

19. David L. Toppin was found guilty under 26 U.S.C. §7201 of willfully attempting to evade and defeat the payment of his federal income tax liabilities for tax years 1887, 1998, and 1999, on January 28 2013 (sic). *See United States of America v. David L. Toppin*, 4:11-CF-40023-TSH, docket no. 198. On June 18, 2013, the Honorable Timothy S. Hillman entered a Judgment ordering that Mr. Toppin pay restitution to the IRS in the amount of $716,479.00. *See United States of America v. David L. Toppin*, 4:11-CR-40023-TSH, docket no. 242.

Jennifer Toppin's Response: No answer is required as the documents referenced speak for themselves. To the extent an answer is required, Jennifer Toppin denies all allegations set forth in Paragraph 19 for lack of knowledge.

20. On October 12, 2015, a delegate of the Secretary of the Treasury made assessments against David L. Toppin for unpaid restitution liabilities,

which have balances due, along with accruals of failure to pay-penalties

and additional interest, as set forth below:

Jennifer Toppin's Response: Denies for lack of knowledge.

21. On or about the dates of the assessments described in paragraph 20, above,

a delegate of the Secretary of the Treasury gave notice of the assessments

to, and made a demand for payment upon, David L. Toppin.

Jennifer Toppin's Response: Denies for lack of knowledge.

22. Despite such notice and demand, David L. Toppin has failed neglected, or

refused to pay in full the liabilities described in paragraph 20, above.

Jennifer Toppin's Response: Denies for lack of knowledge.

23. After the application of all abatements, payments, and credits, and the

addition of accrued penalties, interest, and costs, David L. Toppin remains

indebted to the United States for the liabilities described in paragraph 20,

above, in the amount of $616,283.70, plus statutory additions from and

after December 15, 2016.

Jennifer Toppin's Response: Denies for lack of knowledge.

**Tax Liabilities of Jennifer Toppin**

24. A delegate of the Secretary of the Treasury made assessments against

Jennifer Toppin for unpaid federal income tax liabilities, which have

balances due, along with accruals, as set forth below:

Jennifer Toppin's Response: Denies for lack of knowledge.

25. On or about the dates of the assessments described in paragraph 24, above, a delegate of the Secretary of the Treasury gave notice of the assessments to, and made a demand for payment upon, Jennifer Toppin.

Jennifer Toppin's Response: Denies.

26. Despite such notice and demand, Jennifer Toppin has failed, neglected, or refused to pay in full the liabilities described in paragraph 24, above.

Jennifer Toppin's Response: Jennifer Toppin admits that she has not paid any of the liabilities described in paragraph 24. Ms. Toppin denies any further allegations contained in paragraph 26.

27. After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and costs, Jennifer Toppin remains indebted to the United States for the liabilities described in paragraph 24, above, in the amount of $33,566.07, plus statutory additions from and after December 15, 2016.

Jennifer Toppin's Response: Denies for lack of knowledge.

**Marital Income**

28. Upon information and belief, defendant Jennifer Toppin had no significant assets at the time of her marriage to David L. Toppin, and has primarily been a homemaker since the date of her marriage to David L. Toppin.

Jennifer Toppin's Response: Denies.

**The Centerville Property**

29. By a deed, George P. Tuttle and Anne T. Tuttle conveyed property located at 482 Phinneys Lane, Centerville, Massachusetts ("Centerville Property")

to David L. Toppin individually for $700,000.00. The deed was recorded

with the Centerville District County Registry of Deeds on May 11, 1998,

at Book 11418, Page 183.

Jennifer Toppin's Response: Admits.

30. David L. Toppin, individually, granted a mortgage on the Centerville

Property to PHH Mortgage Services Corp. for $490,000.00. The mortgage

was recorded with the Centerville District Court Registry of Deeds on

May 11, 1998 at Book 11418, Page 185.

Jennifer Toppin's Response: Admits.

31. During June of 2002, a Revenue Officer employed by the Internal

Revenue Service made contact with David L. Toppin to discuss his failure

to file tax returns and outstanding tax liabilities.

Jennifer Toppin's Response: Denies for lack of knowledge.

32. After the contact from the Revenue Officer, David L. Toppin conveyed

the Centerville Property to David L. Toppin and Jennifer Toppin as

tenants by the entirety for $1.00. The deed was recorded with the

Centerville District County Registry of Deeds on July 24, 2002, at Book

15399, Page 200.

Jennifer Toppin's Response: Admits.

33. Upon information and belief, David L. Toppin knew that he owed taxes to

the Internal Revenue Service on and before July 24, 2002.

Jennifer Toppin's Response: Denies for lack of knowledge.

34. Immediately after the conveyance described in paragraph 32, above, David L. Toppin and Jennifer Toppin conveyed the Centerville Property to Kim Woodbury and Mehdi Hosseini for $1,200,000.00. The deed was also recorded with the Centerville District County Registry of Deeds On July 24, 2002, at Book 15399, Page 202.

Jennifer Toppin's Response: Jennifer Toppin admits that the Centerville Property was conveyed to Kim Woodbury and Mehdi Hosseini for $1,200,000.00. Jennifer Toppin denies all remaining allegations contained in this paragraph.

35. Upon information and belief, David L. Toppin used part of the proceeds from the transfer of the Centerville Property described in paragraph 34, above, to pay off the remaining balance of the mortgage on the Centerville Property described in paragraph 30, above. Bankers Trust Company of California, N.A. granted David L. Toppin a discharge of the mortgage described in paragraph 30, above, which was recorded with the Centerville District County Registry of Deeds on October 3, 2002, at Book 15693, Page 182.

Jennifer Toppin's Response: Admits.

36. Upon information and belief, David L. Toppin and Jennifer Toppin received, after payment of the mortgage described in paragraph 30, above, $654.206.63 (the "Centerville Property Sales Proceeds").

Jennifer Toppin's Response: Denies for lack of knowledge.

**The Holden Property**

9

37. By quitclaim deed dated July 31, 2002, Nancy L. Benjamin conveyed real

property located at 465 Salisbury Street, Holden, Massachusetts ("Holden

Property") to defendant Jennifer Toppin. The purchase price for the

Holden Property was $540,000.00. The deed was recorded with the

Worcester District Registry of Deeds on August 12, 2002, at Book 27204,

Page 67. The Holden Property is legally described as follows:

> All that land with the buildings thereon situated in Holden, Worcester
> County, Massachusetts, bounded and described as follows:
>
> Beginning at the southeast corner of the premises to be described at a
> point in the west line of Salisbury Street said Point being N. 13º 13' 20"
> W., two hundred seventy-three and 10/100 (273.10) feet from a W.C.H.
> bound at the north end of a 1400 ft. radius curve in said street line;
> THENCE by said street line, N. 13º 13' 20" W., two hundred sixty-five
> and 47/100 (265.47) feet to a W.C.H bound at an angle;
> THENCE by said street line, N. 11º 17' 40" W., eighty four and 53/100
> (84.53) feet to a corner;
> THENCE by land now or formerly owned by William A. Wheeler, et ux,
> S. 74º 14' 15" W., two hundred ninety-four and 18/100 (294.18) feet to a
> corner;
> THENCE by land now or formerly of said Wheeler, partly along a stone
> wall, S. 10º 09' 19" E., three hundred fifty-one and 16/100 (351.16) feet
> to a corner;
> THENCE by land now or formerly of said Wheeler, N. 74º 14' 15" E.,
> three hundred ten and 13/100 (310.13) feet to the point of the beginning.
> Contains an area of 2.42 acres.

Jennifer Toppin's Response: Admits.

38. Jennifer Toppin, individually, granted a mortgage on the Holden Property

to 1-800-East-West Mortgage Company, Inc. for $250,000.00. The

mortgage was recorded with the Worcester District County Registry of

Deeds on September 30, 2003, at Book 31817, Page 138.

Jennifer Toppin's Response: Admits.

39. Upon information and belief, the remainder of the purchase price for the Holden Property, $290,000, was paid for using the Centerville Property Sales Proceeds or using funds otherwise provided by David L. Toppin.

<u>Jennifer Toppin's Response</u>: Denies.

40. Upon information and belief, the Holden Property was placed in Jennifer Toppin's name to keep it out of the reach of David L. Toppin's creditors.

<u>Jennifer Toppin's Response</u>: Denies.

41. Upon information and belief, David L. Toppin continues to reside at the Holden Property and Jennifer Toppin does not reside at the Holden Property.

<u>Jennifer Toppin's Response</u>: Admits.

**The Amherst Property**

42. By quitclaim deed dated July 25, 2003, Richard Toppin and Linda A. Toppin conveyed real property located at 977 North Pleasant Street, Amherst, Massachusetts ("Amherst Property") to defendant Jennifer Toppin. The purchase price for the Amherst property was $165,000.00. The deed was recorded with the Hampshire District Registry of Deeds on July 14, 2003, at Book 7316, Page 165. The Amherst Property is legally described as follows:

> The land in Amherst, Hampshire County, Massachusetts, with buildings thereon, on the east side of North Pleasant Street, bounded and described as follows:
>
> BEGINNING at the southwesterly corner of the premises hereby conveyed, which point is the northwesterly comer (sic) of premises now or formerly of Harold R. Hebert, thence

EASTERLY along land of said Hebert one hundred sixty (160) feet to land now or formerly of Robert C. and Florence M. Ames; thence

NORTHERLY along land of said Ames one hundred (100) feet to land now or formerly of Everett L. And Mabel M. Roberts; thence

WESTERLY on land of said Robertses one hundred sixty (160) feet to North Pleasant Street; thence

SOUTHERLY along North Pleasant Street one hundred (100) feet to the point of the beginning.

BEING the same premises conveyed to the grantors by deed dated May 21, 1990 and recorded with the Worcester District Registry of Deeds in Book 3573, Page 0148.

Jennifer Toppin's Response: Admits.

43. On information and belief, Jennifer Toppin did not grant a mortgage to fund the purchase of the Amherst Property.

Jennifer Toppin's Response: Admits.

44. Upon information and belief the purchase price for the Amherst Property was paid for using the Centerville Property Sales Proceeds or using funds otherwise provided by David L. Toppin.

Jennifer Toppin's Response: Denies.

45. The sellers Richard Toppin and Linda A. Toppin are David L. Toppin's parents.

Jennifer Toppin's Response: Admits.

46. Upon information and belief, the Amherst Property was placed in Jennifer Toppin's name to keep it out of the reach of David L. Toppin's creditors.

Jennifer Toppin's Response: Denies.

47. The Amherst Property is located near the campus of the University of Massachusetts, in Amherst, Massachusetts. Upon information and belief,

the Amherst Property is, and has been, primarily rented out to college students.

<u>Jennifer Toppin's Response</u>: Admits.

48. Upon information and belief, Robert Jackson was hired as the property manager of the Amherst Property.

<u>Jennifer Toppin's Response</u>: Admits.

49. Upon information and belief, Robert Jackson dealt only with David L. Toppin and never dealt with Jennifer Toppin in connection with his duties as property manager.

<u>Jennifer Toppin's Response</u>: Denies.

**The Gardner Property**

50. By quitclaim deed dated August 8, 2003, Peter J. Sabettini and Marie J. Sabettini conveyed real property located at 4 LaChance Street, Gardner, Massachusetts ("Gardner Property") to defendant Jennifer Toppin. The purchase price for the Gardner Property was $210,000.00. The deed was recorded with the Worcester District Registry of Deeds on August 21, 2003, at Book 31332, Page 160. The Gardner Property is legally described as follows:

> A certain parcel of land situated on the easterly side of Linus Allain Avenue and the northeasterly side of LaChance Street, in the southeasterly part of Gardner, Worcester County, Massachusetts, bounded and described as follows, to wit:
>
> Beginning at the northwesterly corner thereof, at a point in the easterly line of Linus Allain Avenue, at a corner of other land now or formerly of the Gardner Redevelopment Authority, and being the remaining portion of what is known as Lot "12," said point also being located 98.49 feet southerly along said road line form a corner of Lot "13;"

THENCE S. 86º 03' 35.76" E. by said remaining portion of Lot "12" a distance of 424.54 feet to the northwesterly side of an Easement Area;

THENCE S. 23º 44' 25" W., 143.25 feet;

THENCE S. 29º 07' 37"., 395.43 feet to a point in the northeasterly line of LaChance Street, the preceding two courses being by said Easement Area and the preceding three courses being by land now and formerly of the Gardner Redevelopment Authority;

THENCE northwesterly by a curve to the right, having a radius of 400.00 feet, a distance of 93.15 feet to a point of tangency;

THENCE 38º 51' 55" W., 139.03 feet to a point of curvature of a curve that rounds the easterly intersection of LaChance Street and Linus Allain Avenue the preceding two courses being by the said line of LaChance Street;

THENCE northwesterly and northerly by a curve to the right having a radius of 160.00 feet, by said intersection a distance of 119.54 feet to a point of tangency in the easterly line of Linus Allain Avenue;

THENCE N. 3º 56' 24.24" E. by said road line 221.51 feet to a corner of the remaining portion of the aforementioned Lot "12" and the point of the beginning. Containing 137,538 Square Feet or 3.157 Acres.

Being shown as "Revised Lot" "12" on a plan entitled "Compiled Plan of Land prepared for P&S Realty Trust, Gardner, Massachusetts, Scale 1 inch= 100 feet-August 20, 1984, Michael S. Szoc-R.L. Surveyor, 32 Pleasant Street, Gardner, MA 01440" recorded in Plan Book 526, Plan 23.

Being the same premises conveyed to the within Grantors by deed of The Gardner Redevelopment Authority, dated September 27, 1984 and recorded in the Worcester District Registry of Deeds in Book j8416, Page 338.

Jennifer Toppin's Response: Admits.

51. Jennifer Toppin agreed to assume the loan that UPS Capital Business

Credit extended to Peter J. Sabettini and Marie J. Sabettini at the time they

purchased the Gardner Property. The principle balance of the loan was

$157.500.00 on the date of the assumption. The Assumption and

14

Confirmation Agreement was recorded with the Worcester District

Registry of Deeds, at Book 31332, Page 161.

Jennifer Toppin's Response: Admits.

52. Upon information and belief, the remainder of the $210,000 purchase

price for the Gardner Property was paid for using the Centerville Property

Sales Proceeds or using Funds otherwise provided by David L. Toppin.

Jennifer Toppin's Response: Denies.

53. Upon information and belief, the Gardner Property was placed in Jennifer

Toppin's name to keep it out of the reach of David L. Toppin's creditors.

Jennifer Toppin's Response: Denies.

54. The Gardner Property contains an industrial building.

Jennifer Toppin's Response: Admits.

55. David L. Toppin was the sole proprietor of the Pelletizer Group, Inc.

("Pelletizer"), an S corporation in the business of plastic and chemical

process machinery. David L. Toppin operated Pelletizer from 1996

through 2012, when the State of Massachusetts involuntarily dissolved

Pelletizer.

Jennifer Toppin's Response: denies for lack of knowledge.

56. The Gardner Property was the business location for Pelletizer.

Jennifer Toppin's Response: Denies for lack of knowledge.

**The United States' Tax Liens**

57. Pursuant to 26 U.S.C. §§ 6321 and 6322 and as a result of the assessments

described in paragraphs 11, 15, and 20, above, the demands for payment

thereof described in paragraphs 12, 16, and 21, above, federal tax liens

arose on the dates of assessment and attached to all property and rights to

property of David L. Toppin.

Jennifer Toppin's Response: No answer is required as this paragraph states a

legal conclusion. To the extent an answer is required, Jennifer Toppin denies

all allegations set forth in paragraph 19 for lack of knowledge.

58.  Pursuant to 26 U.S.C. §§ 6321 and 6322 and as a result of the assessments

described in paragraphs 11, 15, and 20, above, the demands for payment

thereof described in paragraphs 12, 16, and 21, above, federal tax liens

arose on the dates of assessment and attached to all property and rights to

property of David L. Toppin.

Jennifer Toppin's Response: No answer is required as this paragraph states a

legal conclusion. To the extent an answer is required, Jennifer Toppin denies

all allegations set forth in paragraph 19 for lack of knowledge.

59. A delegate of the Secretary of the Treasury filed several Notices of

Federal Tax Liens (NFTLs) in accordance with 26 U.S.C. § 6323(f) for

David L. Toppin's liabilities described in paragraphs 11, 15, and 20,

above.

Jennifer Toppin's Response: Denies for lack of knowledge.

60. The following NFTLs, naming David L. Toppin as the taxpayer, have

been recorded with the Worcester County Registry of Deeds: (1) an NFTL

with respect to David L. Toppin's 1997 and 1998 federal income liabilities

was filed on March 12, 2007 at Book 40804, Page 322; (2) an NFTL with

respect to David L. Toppin's 2003 through 2005 federal income liabilities was filed on March 19, 2007 at Book 40836, Page 243; (3) an NFTL with respect to David L. Toppin's 2000 through 2002 and 2006 federal income tax liabilities and David L. Toppin's 2002 Form 5329 liability was filed on July 15, 2015, at Book 54022, Page 60; (4) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was filed on December 3, 2015, at Book 54646, Page 255; (5) an NFTL with respect to David L. Toppin's 2012 federal income liability was filed on December 28, 2015, at Book 54753, Page 55; (6) an NFTL with respect to David L. Toppin's 1995, 1996, and 2007 through 2011 federal income liabilities was filed on March 28, 2016, at Book 55109, Page 254; and (7) an NFTL with respect to David L. Toppin's 1996 federal income liability was filed on April 19, 2016, at Book 55204, Page 227.

<u>Jennifer Toppin's Response</u>: Denies for lack of knowledge.

61. The following NFTL's, naming Jennifer Toppin, Nominee of David L. Toppin, as the taxpayer, have been recorded with the Worcester Country Registry of Deeds: (1) an NFTL with respect to David L. Toppin's 1997, 1998, and 2000 through 2006 federal income liabilities and David L. Toppin's 2002 Form 5329 liability was filed on November 20, 2015, at Book 54598, Page 37 and Book 54598, Page 38; (2) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was filed on December 29, 2015, at Book 54760, Page 295 and Book 54760, Page 296; and (2) an NFTL with respect to David L. Toppin's 1996, 1996, and 2007

through 2012 federal income tax liabilities was filed on April 26, 2016, at Book 55237, Page 224 and Book 55237, Page 225.

Jennifer Toppin's Response: Denies for lack of knowledge.

62. The following NFTLs have been recorded with the Hampshire County Registry of deeds: (1) an NFTL with respect to David L. Toppin's 1997 and 1998 federal income liabilities was filed on November 24, 2015, at Book 12136, page 308; (2) an NFTL with respect to David L. Toppin's 2000 through 2006 federal income liabilities and David L. Toppin's 2002 Form 5329 liability was filed on July 20, 2015, at Book 54033, Page 60; (3) an NFTL with respect to David L. Toppin's 1997 through 1999 restitution liabilities was filed on November 23, 2015, at Book 12136, Page 309; (4) AN NFTL with respect to David L. Toppin's 2012 federal income tax liability was filed on December 29, 2015, at Book 12164, Page 8; (5) an NFTL with respect to David L. Toppin's 1995, 1996, and 2007 through 2011 federal income tax liabilities was filed on March 28, 2016, at Book 12229, Page 79; and (6) an NFTL with respect to David L. Toppin's 1996 federal income liability was filed on April 19, 2016, at Book 12247, Page 340.

Jennifer Toppin's Response: Denies for lack of knowledge.

63. The Following NFTLs, naming Jennifer Toppin, Nominee of David L. Toppin, as the taxpayer, have been recorded with the Hampshire County Registry of Deeds: (1) an NFTL with respect to David L. Toppin's 1997, 1998, and 2000 through 2006 federal income liabilities and David L.

Toppin's 2002 Form 5329 liability was filed on November 20, 2015, at Book 12133, Page 204; (2) an NFTL with respect to David L. Toppin's 1997-1999 restitution liabilities was filed on December 29, 2015, at Book 12164, Page 7; and (3) an NFTL with respect to David L. Toppin's 1995, 1996, and 2007 through 2012 federal income tax liabilities was filed on April 25, 2016, at Book 12253, Page 206.

Jennifer Toppin's Response: Denies for lack of knowledge.

64. A delegate of the Secretary of the Treasury filed several Notices of Federal Tax Liens (NFTLs) in accordance with 26 U.S.C. § 6323(f) for Jennifer Toppin's federal income tax liabilities described in paragraph 24, above. An NFTL with respect to Jennifer Toppin's 2013 federal income tax liability was filed with the Worcester County Registry of Deeds on July 15, 2014, at Book 52549, Page 396. An NFTL with respect to Jennifer Toppin's 1997 through 1999, 2003 through 2005, and 2011 federal income tax liabilities was filed with the Hampshire County Registry of Deeds on March 31, 2014, at Book 11610, Page 343. An NFTL with respect to Jennifer Toppin's 2013 federal income tax liability was filed with the Hampshire County Registry of Deeds on July 14, 2014, at Book 11693, Page 327.

Jennifer Toppin's Response: Denies for lack of knowledge.

The remainder of the Amended Complaint contains the request for relief, for which a response is not required. If a response is required, Jennifer Toppin denies.

Wherefore, Jennifer Toppin respectfully requests that this Court dismiss this case with prejudice and award her further relief, including the costs of this action as the Court shall deem just and proper.

Date: May 15, 2017

Respectfully submitted,

Defendant Jennifer Toppin,

By her Attorneys,

/s/ D. Sean McMahon
D. Sean McMahon, Esq.
BBO# 567542
McMahon & Associates, PC
1 Financial Center, 15th Floor
Boston, MA  02111
Phone: (617) 600-5400
Fax: (617) 284-6260
sean@mcmahontaxlaw.com

/s/ Eric J. Rietveld

Eric J. Rietveld, Esq.
BBO# 685105
McMahon & Associates, PC
1 Financial Center, 15th Floor
Boston, MA  02111
Phone: (617) 600-5400
Fax: (617) 284-6260
eric@mcmahontaxlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May  15 , 2017 a copy of the foregoing document has been made on all counsel of record by ECF. Paper service will be made on any party not being served by ECF, as notified by the court.

/s/ D. Sean McMahon
D. Sean McMahon