**DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAK DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:17-CV-40011-TSH** |
| *versus* ) | |
| ) | |
| **David Lynwood Toppin,** *in* ) | |
| **propria persona, et seq.** ) | |
| Defendant. ) | |

**Motion to Dismiss**

**Comes now,** David Lynwood Toppin ("Toppin"), *in propria persona*, without Assistance of Counsel with this limited and special Appearance with this **Motion to Dismiss.**

As is the duty of the Plaintiff to establish the Subject Matter Jurisdiction on the Record (see *infra*), which has not been done, therefore Toppin is unable to provide an Answer with two maxims in law: *lex non cogit ad impossibilia; and, Impotentia excusat legem*. Under Parties in this instant Complaint, the "**UNITED STATES OF AMERICA**" **is not listed, being the alleged Plaintiff.**

**Table of Contents.**

I. Who is the "UNTIED STATES OF AMERICA?"...................................................................2

II. Subject Matter Jurisdiction Shall be On the Record.................................................3

III. Subject Matter Jurisdiction Arising Under Article III § 2 and Codified 28 U.S.C. § 1331......5

IV. Neither the Courts or Congress may Authorize a Case not....................................5

Arising under Article III § 2............................................................................................5

V. Subject Matter Not in Record Is to be Raised by the Court, Can't be Waived or Ignored by the Court and Can't be Waived by the Parties................................................................5

VI. A Case Must be Dismissed When it Becomes Apparent That Subject Matter Jurisdiction is Lacking...................................................................................................................6

VII. The Party Invoking Subject Matter Jurisdiction Has The Burden That it is Proper...............6

VIII. Cases and Controversies Arising Under Article III.................................................6

Does Toppin have the same protections as Hillary and Bill Clinton due arising under Article III for Cases and Controversies?  This USDC Case has NOT complied with this excerpt from Article III Jurisdiction From Docket 43—ORDER in *Clinton v. Klayman* – 9-15-cv-80388 S.D.Fla, to wit:.......................................................................................................................6

IX. *Stare Decisis* and Precedent.............................................................................7

X. Only Supreme Court Can Overrule one of its Precedents..........................................9

XI. Means is the Exclusive Use of a Word Defined as a Term with "Means"........................10

XII. Conclusion....................................................................................................11

XIII. Declaration of David Lynwood Toppin.................................................................12

XIV. CERTIFICATE OF SERVICE..............................................................................13

## I.  Who is the "UNITED STATES OF AMERICA?"

In two  Internal Revenue Tax Cases (1)  "Plaintiff, the **United States of America,** is a **sovereign body politic.**"  See *United States of America v. Charles Stevens, et seq.*, 3-13-cv-375 Docket 1 [pg. 3 #6]—Complaint (USDC M.D.Fla. 2013); *United States of America v. James Edward MacAlpine*,  1-13-cv-53 Docket 1 [pg. 1, #5]—Complaint (USDC W.D. N.C. 2013).

**First Case:**  This is evidenced in the by a true and correct copy of Docket Sheet of *United States of America v. Charles Stevens*, 3-13-cv-375 (USDC M.D.Fla. 2013), being **Attachment 1—Docket Sheet of Case No. 3-13-cv-375 (USDC M.D.Fla. 2013) ("A1—Docket Sheet (1)")**; and, a true and correct copy of the Complaint in *United States of America v. Charles Stevens*, 3-13-cv-375 (USDC M.D.Fla. 2013) Docket 1, being **Attachment 2—Complaint Docket 1 Case No. 3-13-cv-375 (USDC M.D.Fla. 2013) ("A2—Complaint (1)) [pg 3 #6] "6. Plaintiff, the United States of America is a sovereign body Politic"** signed by Alexander J. Merton of the U.S. Department of Justice, Trial Attorney, Tax Division. This Court shall take judicial Notice of both Attachment 1 and Attachment 2.

**Second Case:**  This is evidenced in the by a true and correct copy of Docket Sheet of *United States of America v. James Edward MacAlpine*,  1-13-cv-53 (USDC W.D. N.C. 2013), being **Attachment 3—Docket Sheet of Case No. 1-13-cv-53 (USDC W.D. N.C. 2013) ("A3— Docket Sheet (2)");** and, a  true and correct copy of the Complaint in *United States of America v. James Edward MacAlpine*,  1-13-cv-53 (USDC W.D. N.C. 2013) Docket 1, being **Attachment 4—Complaint Docket 1 Case No. 1-13-cv-53 (USDC W.D.N.C. 2013) (A4—Complaint (2)) [pg 1 #5] "5.  Plaintiff, the United States of America is a sovereign body Politic"** signed by Lawrence P. Blaskopf of the U.S. Department of Justice, Trial Attorney, Tax Division. This Court shall take judicial Notice of both Attachment 3 and Attachment 4.

**Third Case – this Instant Case:**  This is evidenced by a true and correct copy of the Docket Sheet as of June 12th, 2017 of *United States of America v. David L. Toppin, et seq.,* 4-17-cv-40011 (District Court of the United States, Mass. (Worcester) 2017), being **Attachment 5— Docket Sheet of Case No. 4-17-cv-40011 (District Court of the United States, Mass., (Worcester) 2017) (A5—Docket Sheet (3));** and, a true and correct copy of the appearance of **Jeffrey N. Nunez** for the Plaintiff "United States of America" as evidenced by a true and copy **Attachment 6—Docket 4—Appearance of Jeffrey N. Nunez for the United States of America (District Court of the United States, Mass., (Worcester).**

## II.  Subject Matter Jurisdiction Shall be On the Record.

Toppin is relying upon the many decisions of the Supreme Court of the United States but one of many on-point Decisions of the Supreme Court of the United States on the mandatory requirement of "subject matter jurisdiction" shall be on the record, **which does NOT exist to date,** is *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee,* 102 S.Ct. 2099, 2014 (1982), to wit:

**Federal courts are courts of limited jurisdiction.** The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. **Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction.** Again, this reflects the constitutional source of federal judicial power: Apart from this Court, that power only exists "**in such inferior Courts as the Congress may from time to time ordain and establish**." Art. III, § 1.

**Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.** Certain legal consequences directly follow from this. **For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant,** *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541– 542, 95 L.Ed. 702 (1951), **and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings**. Similarly, a court, including an appellate court, **will raise lack of subject-matter jurisdiction on its own motion. "[T]he rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires this court, of its own motion, to deny its jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record.**" *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

"Subject Matter jurisdiction" arises under Article III as well as a statutory requirement, which functions as a restriction on federal Power.  See also *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989); *Omni Capital Intern., Ltd, v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987).

### III.  Subject Matter Jurisdiction Arising Under Article III § 2 and Codified 28 U.S.C. § 1331.

Subject Matter Jurisdiction in the limited jurisdiction of the federal courts in the several States, *i.e.*, Article III § 2—"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the **Laws of the United States**" which does not include the Tax Court with its decisions and its "public rights" doctrine venue and subject matter jurisdiction[1] that makes determinations that are conclusively determined by the Executive and Legislative Branches only[2] without the judiciary.

### IV.  Neither the Courts or Congress may Authorize a Case not Arising under Article III § 2.

The Decisions of the Supreme Court of the United States and Tenth Circuit clearly hold that if a Case is not with one of the specified categories arising under Article III, neither Congress nor the parties may authorize a federal court to decide it and Congress cannot do that which the Constitution specifically forbids.[3]

### V.  Subject Matter Not in Record Is to be Raised by the Court, Can't be Waived or Ignored by the Court and Can't be Waived by the Parties.

Subject Matter Jurisdiction Not in Record must be raised by the Court de novo; and, the Subject Matter defect can't be waived or ignored by the Court; and, Subject Matter Jurisdiction

---

1 *Samuels, Kramer & Co. v. C.I.R.*, 930 F.2d 975, 992 (2nd Cir. 1991) *citing Murray Lessee v. Hoboken Land and Improvement Co.*, 59 U.S. 272, 284 (1856), *Crowell v. Benson*, 285 U.S. 22 (50-52) and *Ex parte Bakelite Corp.*, 279 U.S. 438, 450-451 (1929); *Kuretski v. C.I.R.*, 755 F.3d 929, 939, 940 (D.C. Cir. 2014) [See *Kuretski, infra, for Supreme Court Cases*]

2 *Thomas v. Union Carbide Agricultural Products Co*, 473 U.S. 568, 589 (1985).

3 *Finley v. United States*, 109 S.Ct. 2003, 2012 FN2 (2012) *Stevens, Brennan, Marshall dissenting opinion*; *Verlinder B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 491 (1983); *National Mutual Ins. Co. v. Tidewater Transfer Co.*, 337 U.S. 582, 646-655 (1949) *Fankfurter, J. dissenting*; *Sunshine Haven Nursing Operations, LLC v. U.S. Dept. of HHS, Centers Medicare & Medicaid Serv.*, 742 F.3d 1239, 1249 (10th Cir. 2014); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000); *Basso v. Utah Pwr. & Lt. Co.* 495 F.2d 906, 909 (10th Cir. 1974).

Can't be Waived by the Parties.[4]

## VI.  A Case Must be Dismissed When it Becomes Apparent That Subject Matter Jurisdiction is Lacking.

A Case must be dismissed at any stage of the proceedings in which it becomes apparent

that the subject matter jurisdiction arising under Article III § 2 and 28 U.S.C. § 1331 is lacking.[5]

## VII.  The Party Invoking Subject Matter Jurisdiction Has The Burden That it is Proper.

The Party invoking Subject Matter Jurisdiction Has the Burden that it is proper;[6] and,

there is a presumption against its existence[7] and the USA did not invoke Article III § 2 and 28

U.S.C. § 1331 subject matter jurisdiction with the **"United States"** as the Plaintiff.

## VIII.  Cases and Controversies Arising Under Article III.

Does Toppin have the same protections as Hillary and Bill Clinton due arising under

Article III for Cases and Controversies?  This USDC Case has NOT complied with this excerpt

from Article III Jurisdiction From Docket 43—ORDER in *Clinton v. Klayman* – 9-15-cv-80388

S.D.Fla, to wit:

> Federal courts are of limited jurisdiction and are empowered to hear only those
> cases within the judicial power of the United States as defined by Article III of the
> Constitution. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Article III of the
> Constitution confines the "judicial Power" of the United States to **"Cases"** and

---

4 *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Insurance Corp. of Ireland, Ltd, et al., v. Compagnie des Bauxites de Guinee*, 102 S.Ct. 2099, 2104 (1982);  *People's Bank v. Calhoun*, 102 U.S. 256, 260-261 (1880); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989); *Omni Capital Intern., Ltd, v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

5 *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014); *Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977, 983 (10th Cir. 2010); *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719, 727 (10th Cir. 1984)

6 *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014); *Garman v. Campbell County School Dist. No. 1*, 630 F.3d 977, 983 (10th Cir. 2010); *Wegerer v. First Commodity Corp. of Boston*, 744 F.2d 719, 727 (10th Cir. 1984).

7 *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"**Controversies.**" Constitution of the United States Article III, § 2. Federal courts "have always taken this to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." S*teel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 102 (1998). "The 'irreducible constitutional minimum of standing' contains three requirements": **(1)** "an 'injury in fact' - a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not 'conjectural' or 'hypothetical;'" **(2)** causation - a fairly traceable connection between the plaintiffs injury and the complained-of conduct of the defendant;" and **(3)** "redressability - a likelihood that the requested relief will redress the alleged injury." Id. at 102-03 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); see also *Vermont Agency of Natural Res. v. US. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Beyond the constitutional requirements, the federal judiciary has also adhered to a set of prudential principles that bear on the **question of standing**. Thus, the Supreme Court has held that "**the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.**" *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, "federal courts have abjured appeals to their authority which would convert the judicial process into 'no more than a vehicle for the vindication of the value interests of concerned bystanders.'" \**Valley Forge Christian Coll. v. Americans United/or Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982) (quoting *United States v. Students Challenging Regulatory Agency Procedures* (SCRAP), 412 U.S. 669, 687 (1973)).

## IX. *Stare Decisis* **and Precedent.**

The Petitioners have relied upon the *state decisis* and precedents of the Supreme Court of the United States and only that court can change its precedents or *stare decisis.*

"*Stare decisis* is the preferred course because it promotes the evenhanded, predictable and consistent development of legal principles, fosters reliance on judicial decisions, contributes to the actual perceived integrity of the judicial process" (*Payne v. Tennessee*, 501 U.S. 808, 827-828 (1991))[8]; and, [held] "[B]y *stare decisis* doctrine, ensures that the law will not merely change erratically, but will develop in a principled and intelligible fashion" * * * "That doctrine permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of

8 *Hohn v. United* States, 524 U.S. 236 (1998); *Johnson v. United* States, 135 S.Ct. 2551, 2563 (2015); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

government, both in appearance and in fact." (*Vasquez v. Hillery*, 474 U.S. 254, 254, 265-266 (1986))[9]; and, [held] @ 164 "*Stare decisis* compels the Court to adhere to that interpretation absent some "special justification" not to do so" * * * @172 "The Court has said often and with great emphasis that "the doctrine of *stare decisis* is of fundamental importance to the rule of law."" * * * "[I]t is indisputable that *stare decisis* is a basic self-governing principle within the Judicial Branch, which is entrusted with the sensitive and difficult task of fashioning and preserving a jurisprudential system that is not based upon "an arbitrary discretion."" (*Patterson v. McLean Credit Union*, 491 U.S. 164, 164, 172 (1989)); and, "Considerations in favor of *stare decisis* are at their[10] in cases involving property and contract rights, where reliance interests are involved." [additional Supreme Court case cites omitted] (*Payne v. Tennessee*, 501 U.S. 808, 828 (1991))[11]; "[I]n most matters it is more important that the applicable rule of law be settled than that it be settled right" (*Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 406 (1932) (*Brandeis, J., dissenting*)); "The doctrine of *stare decisis* ... has only a limited application in the field of constitutional law." (*St. Joseph Stock Yards Co. v. United States*, 298 U.S. 38, 94 (1936)) (Stone and Cardozo, JJ., concurring in result); and, "Adherence to "our precedent-based system of justice places a premium on finality, stability, and certainty in the law...." *Id.* (citing *Hubbard v. United States*, 514 U.S. 695, 711, (1995)) in *Arewcibo Community Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17 (1st Cir. 2001); "And we have often recognized that in just those contexts—"cases involving property and contract rights"—considerations favoring *stare decisis* are "at their acme." (*Kimble v. Marvel Entertainment*, 135 S.Ct. 2401 [held @ 2404], 2410 (2015).

---

9 *Vasquez v. Hillery*, 474 U.S. 254, 265 (1986).

10 *Pearson v. Callahan*, 555 U.S. 223, 233 (2009); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997).

11 *Pearson v. Callahan*, 555 U.S. 223, 233 (2009).

### X. Only Supreme Court Can Overule one Of it Precedents.

In *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983) (per curiam) "Needless to say, **only this Court may overrule one of its precedents.**[12]"

In *United States v. Barnett*, 578 F.3d 600, 602 (8th Cir. 2009) ""[O]nly [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines v. Rand*, 460 U.S. 533, 535 (1983)."

In *Wallace v. Jaffree*, 432 U.S. 38, FN 26, to wit:

> "**Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court.** *Hutto v. Davis,* [454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556] (1982).... Justice Rehnquist emphasized the importance of precedent when he observed that '**unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.**' *Davis,* [454 U.S. at 375, 102 S.Ct., at 706]. *See Also, Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.,* [460 U.S. 533, 535, 103 S.Ct. 1343, 1344, 75 L.Ed.2d 260] (1983) (the Supreme Court, in a per curiam decision, recently stated: 'Needless to say, **only this Court may overrule one of its precedents**')." 705 F.2d, at 1532.

"But unless we wish **anarchy** to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.[13]"

### XI. Means is the Exclusive Use of a Word Defined as a Term with "Means"

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3, (2008) (describing a **definition** that

---

12 *United States v. Bird*, 359 F.3d 1185, 1189 (9th Cir. 2004); *United States v. Holt*, 264 F.3d 1215, 1239 (10th Cir. 2001).

13 *E.E.O.C. v. Konos, Inc.* , 694 F.3d 353, 362 (3rd Cir. 2012); *United States v. Kennedy*, 682 F.3d 244, 253 (3rd Cir. 2012); *Olatnju v. Ashcroft*, 387 F.3d 383, 400 (4th Cir. 2004); *Thomas v. St. Louis Bd. Of Police Com'rs*, 447 F.3d 1082, 1086 (8th Cir. 2006); *Cherokee Nation of Oklahoma v. Norton*, 389 F.3d 10741086 (10th Cir. 2004).

uses the term "means" as **exclusive** and a definition that uses that term "**includes**" as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an <u>exclusive</u> <u>definition is intended the word 'means' is employed</u>". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 ""[T]he word '**includes**' is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid*. See also *Groman v. Commissioner,* 302 U.S. 82, 86, (1937) "<u>[W]hen an exclusive definition is</u> <u>intended the word 'means' is employed</u>, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an <u>**exclusive definition is intended the word 'means' is employed.**</u>" See also *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); *Verble v. Morgan Stanley Smith Barney*, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word "**means,**." In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v. DiCristina,* 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. IRS,* 302 U.S. 82, 86 (1937) ("When an **exclusive definition is intended the words means is employed**.")). In *United States v. CiCristina*, 726 F.3d 92, 96, 100 (2nd Cir. 2013) *See Groman v. Comm'r of Internal Revenue*, 302 U.S. 82, 86 (1937)" *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a

statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....")"**

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to be restrictive or **exclusive.** *Athens Lodge No. 70 v. Wilson*, 1953, 117 Cal.App.2d 322, 255 P.2d 482."

## XII.  Conclusion.

The "United States" arises under the "Constitution of the United States" is has been held the be the Union of States, *i.e.* of the several States.

The ""**UNITED STATES OF AMERICA" as a sovereign body politic" has NO STANDING in a bona fide District Court of the United States arisng under Article III Section 2 of the Constituiton of the United States exercising the judicial Power of the United States.**

Toppin reserves the right to Amend this Motion to Dismiss.

**My Hand,**

## XIII. Declaration of David Lynwood Toppin

**David Lynwood Toppin states the following pursuant to 28 U.S.C. § 1746.**

1. My true name is David Lynwood Toppin.

2.  I am of the age of majority and competent to testify to the facts contained in the Motion to Dismiss and to the facts in this Declaration.

3.  The alleged Plaintiff, being the "UNITED STATES OF AMERICA" in this instant Case has not identified itself.

4.  I have attached two true and correct copies of Complaints, *supra*, evidenced by **A2— Complaint (1)** and **A4— Complaint (2) where the "UNITED STATES OF AMERICA" identifies itself as "sovereign body politic."**

5.  David Lynwood Toppin has no agreements, express contracts, implied-in-fact contracts or implied-in-law contracts with the **"UNITED STATES OF AMERICA"** to his knowledge.

6.  David Lynwood Toppin denies that he is an "individual" as defined with "means" as codified in 5 U.S.C. § 552a(a)(2) "the term "individual" means a citizen of the United States or an alien lawfully admitted for permanent residence.

7.  The **"UNITED STATES OF AMERICA"** has not claimed that David Lynwood Toppin is a "citizen of the United States" or an Alien.

8.  I deny that I am subject to 26 CFR § 1.1-1- Income Tax on **Individuals-**"(a)(1) General rule. (1) Section 1 of the Code imposes an income tax on the income of every individual who is a **citizen or resident of the United States** . .. "; and. also see 26 CFR § 1.1-l(b); and. see also 26 CFR § 1.1-l(c).

8.  I deny that is a "taxpayer" as defined in 26 U.S.C. § 7701(a)(14) "Taxpayer.—The term "taxpayer meaqns any person subject to any individual revenue tax."

9.  David Lynwood Toppin is a "citizen of Massachusetts."

10. David Lynwood Toppin is not a "citizen of the United States" as used by Title 26 of the Internal Revenue Code and the regulations thereunder promulgated in the Federal Register.

11. David Lynwood Toppin is aware that in Title 18 U.S.C. § 911 that it is a felony to claim you are a "citizen of the United States" unless you can prove it.

12. David Lynwood Toppin has not means to prove he is a "citizen of the United States".

13. The **"UNITED STATES OF AMERICA"** has not claimed that David Lynwood Toppin is a "citizen of the United States" to establish subject matter jurisdiction.

14. I declare that all of the Facts in this Motion are true and correct.

15. I declare all of the attachments are true and correct copies.

I declare that this Declaration is true and correct under the penalties of perjury on this 12th day of June, 2017.

My Hand,

## XIV.  CERTIFICATE OF SERVICE

I hereby certify that on June 12th, 2017 a copy of the foregoing document has been made on all counsel of record by ECF. Paper service will be made on any party not being served by ECF, as notified by the court.

**My Hand.**