IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID L. TOPPIN, )<br>JENNIFER TOPPIN, )<br>DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY as Trustee for RESIDENTIAL )<br>ASSET SECURITIZATION TRUST Series )<br>2013-A14, MORTGAGE PASS-THROUGH )<br>CERTIFICATES Series 2003-N, )<br>UPS CAPITAL BUSINESS CREDIT f/k/a )<br>FIRST INTERNATIONAL BANK, )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>TOWN OF HOLDEN, )<br>TOWN OF AMHERST, and )<br>TOWN OF GARDNER, )<br>)<br>Defendants. ) | Case No. 4:17−cv−40011−TSH<br><br>Judge Timothy S. Hillman |

**Town of Holden's Answer to the Complaint and Stipulation with the United States**

The defendant Town of Holden and the plaintiff United States of America, by and through their respective counsel, stipulate that:

1. The plaintiff United States named the Town of Holden as a defendant in this action pursuant to 26 U.S.C. § 7403(b), because it may have an interest in the real property located at 465 Salisbury Street, Holden, Massachusetts (the "Holden Property"), or because the Town of Holden might obtain an interest in the Holden Property during the pendency of this action.

2. The defendant Town of Holden states that, upon information and belief, as of the date of the commencement of this action, the defendants David L. Toppin and/or Jennifer Toppin are current on all real property taxes owed to the Town of Holden.

1

3.  As a result, the Town of Holden does not have a current interest in the Holden Property, and should be excused from having to participate in litigation of the United States' tax claims from now until a motion for sale is filed, or until it has reason to believe it must participate in this matter to enforce or protect any interest which arises.

4.  Further, the defendant Town of Holden is without information sufficient to form a belief about the truth of the remainder of the allegations in the amended complaint.

5.  The parties thus stipulate and agree that for purposes of Fed. R. Civ. P. 8(b), this response shall constitute the defendant Town of Holden's answer to the amended complaint (Docket No. 5), or otherwise relieve the Town of Holden from having to file an answer.

6.  In the event that the Holden Property is sold in connection with this action:

    a.  The Town of Holden has the right to payment of any unpaid real property taxes with respect to the Holden Property due and owing at the time of the sale;

    b.  Any past due real property taxes at the time of the sale will have priority over the federal tax liens on the Holden Property which are at issue in this case; and,

    c.  The parties will take all necessary steps so that any sale will be free and clear of any rights, titles, claims, liens, or interests the Town of Holden has in the Holden Property, including any rights of redemption, and the United States' lien interest will attach to the proceeds from the sale of the Holden Property with the same priority and validity, and to the same extent as existed against the Holden Property prior to the sale.

7.  The plaintiff United States and the defendant Town of Holden stipulate that this Court has exclusive jurisdiction over the Holden Property during the pendency of this action and, accordingly, as stated in the parties *Agreed Motion to Extend the Answer Deadline* [Docket No. 36], the Town of Holden should not be dismissed as a party to this litigation and, rather, should remain a party so that it may protect its potential interests in this Court with respect to the Holden Property.

8. The parties stipulate that the defendant Town of Holden should be excused from all future matters in this case.

9. The parties further stipulate that if the Town of Holden acquires any future right, title, claim, lien or interest in the Holden Property by way of real property tax liabilities, or for any reason whatsoever, the defendant Town of Holden's exclusive forum seeking a remedy will lie in this Court during the pendency of this action. In the event the defendant Town of Holden acquires a future claim to the Holden Property, it must promptly notify counsel for the plaintiff United States and the Court so that this interest and those of the United States may be adequately protected and adjudicated.

**[Remainder of this page left intentionally blank]**

WHEREFORE, the parties request that the Court "So Order" this stipulation and thereby signal its agreement to treat this stipulation as the defendant Town of Holden's answer to the amended complaint or otherwise relieve it of the need to file an answer, and that the Court excuse the defendant Town of Holden from further participation in this action unless it notifies the Court and the plaintiff United States that it has acquired an interest in the Holden Property by virtue of unpaid real property taxes.  To the extent that the Court requires a separate order, or if the Court requires a separate motion for an order implementing this stipulation, the United States will supply one via the Court's proposed order submission guidelines, and/or file a motion via a separate docket entry on behalf of itself and the Town of Holden.

Dated: June 21, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division


*/s/ Jeffrey N. Nunez*
JEFFREY N. NUNEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Phone: (202) 616-5218
Fax:    (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov

*/s/ Patricia L. Davidson (with consent)*
PATRICIA L. DAVIDSON
Mirick O'Connell LLP
Attorney for the Town of Holden
100 Front Street
Worcester, MA 01608
Phone: (508) 860-1540
Fax:    (508) 983-6240
pdavidson@mirickoconnell.com

**Certificate of Service**

      I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on this 21st day of June, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

      A copy of the foregoing document was also served upon the following party who is not a registered CM/ECF participant, via First Class United States mail:

David L. Toppin
465 Salisbury St.
Holden, MA 01520

                                   */s/ Jeffrey N. Nunez*
                                   JEFFREY N. NUNEZ
                                   Trial Attorney, Tax Division
                                   U.S. Department of Justice