IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17−cv−40011−TSH |
| | ) | |
| v. | ) | Judge Timothy S. Hillman |
| | ) | |
| DAVID L. TOPPIN, | ) | |
| JENNIFER TOPPIN, | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY as Trustee for RESIDENTIAL | ) | |
| ASSET SECURITIZATION TRUST Series | ) | |
| 2013-A14, MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATES Series 2003-N, | ) | |
| UPS CAPITAL BUSINESS CREDIT f/k/a | ) | |
| FIRST INTERNATIONAL BANK, | ) | |
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| TOWN OF HOLDEN, | ) | |
| TOWN OF AMHERST, and | ) | |
| CITY OF GARDNER, | ) | |
| | ) | |
| Defendants. | ) | |

### City of Gardner's Stipulation with the United States

The defendant City of Gardner, improperly named and sued as the Town of Gardner,[1] and the plaintiff United States of America, by and through their respective counsel, stipulate that:

1.      The plaintiff United States named the City of Gardner as a defendant in this action pursuant to 26 U.S.C. § 7403(b), because it may have an interest in the real property located at 4 LaChance Street, Gardner, Massachusetts (the "Gardner Property"), or because the City of Gardner might obtain an interest in the Gardner Property during the pendency of this action.

2.      The defendant City of Gardner states that, upon information and belief, as of the

---

[1] The United States improperly referred to the City of Gardner in the case caption as a Town. Gardner is properly referred to as the City of Gardner, and the parties respectfully request that the Clerk of the Court amend the docket text and all future documents accordingly.

date of the commencement of this action, the defendants David L. Toppin and/or Jennifer Toppin

are current on all real property taxes owed to the City of Gardner.

      3.     The parties thus stipulate and agree that in the event that the Gardner Property is

sold in connection with this action:

          a.     The City of Gardner has the right to payment of any unpaid real property taxes with respect to the Gardner Property due and owing at the time of the sale;

          b.     Any past due real property taxes at the time of the sale will have priority over the federal tax liens on the Gardner Property which are at issue in this case; and,

          c.     The parties will take all necessary steps so that any sale will be free and clear of any rights, titles, claims, liens, or interests the City of Gardner has in the Gardner Property, including any rights of redemption, and the United States' lien interest will attach to the proceeds from the sale of the Gardner Property with the same priority and validity, and to the same extent as existed against the Gardner Property prior to the sale.

      4.     The plaintiff United States and the defendant City of Gardner stipulate that this

Court has exclusive jurisdiction over the Gardner Property during the pendency of this action

and, accordingly, the City of Gardner should not be dismissed as a party to this litigation and,

rather, should remain a party so that it may protect its potential interests in this Court with

respect to the Gardner Property.

      5.     The parties stipulate that the defendant City of Gardner should be excused from all

future matters in this case.

      6.     The parties further stipulate that if the City of Gardner acquires any future right,

title, claim, lien or interest in the Gardner Property by way of real property tax liabilities, or for

any reason whatsoever, the defendant City of Gardner's exclusive forum seeking a remedy will

lie in this Court during the pendency of this action.  In the event the defendant City of Gardner

acquires a future claim to the Gardner Property, it must promptly notify counsel for the plaintiff

United States and the Court so that this interest and those of the United States may be adequately protected and adjudicated.

WHEREFORE, the parties request that the Court "So Order" this stipulation and thereby signal its agreement that the defendant City of Gardner is excused from further participation in this action unless it notifies the Court and the plaintiff United States that it has acquired an interest in the Gardner Property by virtue of unpaid real property taxes.  To the extent that the Court requires a separate order, or if the Court requires a separate motion for an order implementing this stipulation, the United States will supply one via the Court's proposed order submission guidelines, and/or file a motion via a separate docket entry on behalf of itself and the City of Gardner.

Dated: July 27, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division


*/s/ Jeffrey N. Nunez*
JEFFREY N. NUNEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Phone: (202) 616-5218
Fax:    (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov

*/s/ John M. Flick (with consent)*
John M. Flick, Esq. (BBO# 652169)
City of Gardner Law Department
144 Central Street, Suite 201
Gardner, MA 01440
(978) 632-7948
jflick@flicklawgroup.com

3

**<u>Certificate of Service</u>**

I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on this 27th day of July, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

A copy of the foregoing document was also served upon the following party who is not a registered CM/ECF participant, via First Class United States mail:

David L. Toppin
465 Salisbury St.
Holden, MA 01520

*/s/ Jeffrey N. Nunez*
JEFFREY N. NUNEZ
Trial Attorney, Tax Division
U.S. Department of Justice