IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:17−cv−40011−TSH |
| ) | |
| v. ) | Judge Timothy S. Hillman |
| ) | |
| DAVID L. TOPPIN, ) | |
| JENNIFER TOPPIN, ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY as Trustee for RESIDENTIAL ) | |
| ASSET SECURITIZATION TRUST Series ) | |
| 2013-A14, MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES Series 2003-N, ) | |
| UPS CAPITAL BUSINESS CREDIT f/k/a ) | |
| FIRST INTERNATIONAL BANK, ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| TOWN OF HOLDEN, ) | |
| TOWN OF AMHERST, and ) | |
| CITY OF GARDNER, ) | |
| ) | |
| Defendants. ) | |

**Town of Amherst's Stipulation with the United States**

The defendant Town of Amherst and the plaintiff United States of America, by and through their respective counsel, stipulate that:

1. The plaintiff United States named the Town of Amherst as a defendant in this action pursuant to 26 U.S.C. §§ 7402(a) and 7403(b), because it may have an interest in the real property located at 977 North Pleasant Street, Amherst, Massachusetts (the "Amherst Property"), or because the Town of Amherst might obtain an interest in the Amherst Property during the pendency of this action.

2. The defendant Town of Amherst states that, upon information and belief, as of the date of the commencement of this action, the defendants David L. Toppin and/or Jennifer Toppin are significantly delinquent regarding real property taxes owed to the Town of Amherst, with an

1

approximate balance due of $192,000.00 as of July 25, 2017.

    3.    The parties thus stipulate and agree that in the event that the Amherst Property is sold in connection with this action:

    a.    The Town of Amherst has the right to payment of any unpaid real property taxes with respect to the Amherst Property due and owing at the time of the sale;

    b.    Any past due real property taxes at the time of the sale will have priority over the federal tax liens on the Amherst Property which are at issue in this case; and,

    c.    The parties will take all necessary steps so that any sale will be free and clear of any rights, titles, claims, liens, or interests the Town of Amherst has in the Amherst Property, including any rights of redemption, and the United States' lien interest will attach to the proceeds from the sale of the Amherst Property with the same priority and validity, and to the same extent as existed against the Amherst Property prior to the sale.

    4.    The plaintiff United States and the defendant Town of Amherst stipulate that this Court has exclusive jurisdiction over the Amherst Property during the pendency of this action and, accordingly, the Town of Amherst should not be dismissed as a party to this litigation and, rather, should remain a party so that it may protect its potential interests in this Court with respect to the Amherst Property.

    5.    The parties stipulate that the defendant Town of Amherst should be excused from all future matters in this case.

    6.    The parties further stipulate that if the Town of Amherst acquires any future right, title, claim, lien or interest in the Amherst Property by way of real property tax liabilities, or for any reason whatsoever, the defendant Town of Amherst's exclusive forum seeking a remedy will lie in this Court during the pendency of this action. In the event the defendant Town of Amherst acquires a future claim to the Amherst Property, it must promptly notify counsel for the plaintiff United States and the Court so that this interest and those of the United States may be adequately

protected and adjudicated.

WHEREFORE, the parties request that the Court "So Order" this stipulation and thereby signal its agreement that the defendant Town of Amherst is excused from further participation in this action unless it notifies the Court and the plaintiff United States that it has acquired an interest in the Amherst Property by virtue of unpaid real property taxes. To the extent that the Court requires a separate order, or if the Court requires a separate motion for an order implementing this stipulation, the United States will supply one via the Court's proposed order submission guidelines, and/or file a motion via a separate docket entry on behalf of itself and the Town of Amherst.

Dated: July 27, 2017

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Jeffrey N. Nunez*
JEFFREY N. NUNEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Phone: (202) 616-5218
Fax:   (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov

*/s/ Deborah I. Ecker (with consent)*
DEBORAH I. ECKER
KP Law, P.C.
Attorney for the Town of Amherst
101 Arch Street, 11th Floor
Boston, MA 02110
Phone: (617) 654-1714
Fax:   (617) 654-1735
decker@k-plaw.com

**<u>Certificate of Service</u>**

  I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on this 27th day of July, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

  A copy of the foregoing document was also served upon the following party who is not a registered CM/ECF participant, via First Class United States mail:

David L. Toppin
465 Salisbury St.
Holden, MA 01520

                */s/ Jeffrey N. Nunez*
                JEFFREY N. NUNEZ
                Trial Attorney, Tax Division
                U.S. Department of Justice