David Lynwood Toppin
465 Salisbury Street
Holden, Massachusetts
978-669-0060



FILED
IN CLERKS OFFICE

2018 DEC 26 PM 3: 43

U.S. DISTRICT COURT
DISTRICT MASS.

## "DISTRICT COURT OF THE UNITED STATES"
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| **"UNITED STATES OF AMERICA"** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *versus* | ) | **Case No. 4:17-CV-40011-TSH** |
| | ) | |
| **David Lynwood Toppin,** *in* | ) | |
| *propria persona, et seq.* | ) | |
| Defendant. | ) | |

### Memorandum of Third Motion to Dismiss

**Comes now,** David Lynwood Toppin ("Toppin"), *in propria persona*, without Assistance

of Counsel with this limited and special Appcarance with this **Third Motion and Memorandum**

**as I reserved the Right to Amend Docket 4's—Motion to Dismiss and reserve the right to**

**file more Motions to Dismiss and/or Summary Judgements.**

# Table of Contents

I. Procedural Tactic of No Answer...................................................................................1

    A. Off-Point...................................................................................................2

II. Article III Sections 1 and 2 of versus the "United States District Court"...................2

    A. Reviser's Notes...........................................................................................6

    B. District Court of the United States Means...........................................................7

    C. This is Not a Facial Challenge or Facial Attack to 28 U.S.C. § 132.......................7

    D. 28 U.S.C. Organization of Court—Chapter 5—1948 Chapter 646—Pubic Law 773; and 28 U.S.C. § 451 Definitions 1948 Chapter 646—Pubic Law 773....................................8

III. Toppin is a "citizen of Massachusetts" and Not a "citizen of the United States."................14

    A. Means – Exclusive Use of Defined Terms.........................................................15

IV. Following this Affirmative Defense and this Third Motion to Dismiss Toppin Will Be Filing Motions to Dismiss; and/or Motions for Summary Judgment; or Other Actions as Required......17

V. Conclusion..............................................................................................................21

VI. Verified Affidavit of David Lynwood Toppin.........................................................23

VII. CERTIFICATE OF SERVICE...............................................................................26

# Table of Authorities

## Cases

Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency, 422 U.S. 289, 309 (1975)...................................................................................................6

Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp., 363 F.2d 236, 240 (9th Cir. 1966).....6

Adamowski v. Bard, 193 F.2d 578, 581 (3rd Cir. 1952)................................................6

Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C.Cir.2003), quoting Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)....................................................................................................13

American Ins. Co. v. Canter, 1 Pet. 511, 7 L.Ed. 242 (1828)........................................10

Third Motion to Dismiss

American Insurance Company et al. v. Canter, 1 Pet. 511, 546, 7 L.Ed. 242................................11

Athens Lodge No. 70 v. Wilson, 1953, 117 Cal.App.2d 322, 255 P.2d 482..................................16

Bankline Oil Co. v. Commissioner, 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897and Helvering v. Mountain Producers Corp., 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907, both decided March 7, 1938, overruling Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815 ....................................................................................................................................20

Burgess v. United States, 553 U.S. 124, 130 (2008) citing Colautti..............................................16

Burgess v. United States, 553 U.S. 124, 131 n. 3 (2008)...............................................................15

Burnet v. A. T. Jergins Trust, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925.....................................20

Carroll v. Carroll's Lessee, 57 U.S. 275, 287 (1853).......................................................................2

Central Virginia Community v. Katz, 126 S.Ct. 990, 996 (2006).....................................................2

Cohens v. Virginia, 19 U.S. 264, 399-400  (1821)...........................................................................2

Colautti v. Franklin, 439 U.S. 379, n. 10, (1979)...........................................................................17

Colautti v. Franklin, 439 U.S. 392 n10 (1979)................................................................................16

Colautti v. Franklin, 439 U.S., at 392–393, n. 10, 99 S.Ct. 675.....................................................16

Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54, (1992)........................................................16

Doe v. City of Albuquerque, 667 F.3d 1111 (10th Cir. 2012)...........................................................8

Downes v. Bidwell, 1982 U.S. 244, 258 (1901)................................................................................2

Educational Films Corp. v. Ward, 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226, and in Pacific Co., Ltd., v. Johnson, 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893 ....................................................................................................................................20

Ezell v. City of Chicago, 651 F.3d 684, 697-699 (7th Cir. 2011)....................................................8

Flint v. Stone Tracy Co., 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq...................................................................................................................20

Fox v. Standard Oil Co. of N. J., 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.)..................................................................................................................16

Fox v. Standard Oil Co. of New Jersey, 294 U.S. 87, 95 (1935).....................................17

French v. Barber Asphalt Pav. Co., 181 U.S. 324, 367 (1901)..........................................2

Gen. Motors Corp. v. EPA, 363 F.3d 442, 448 (D.C.Cir.2004).......................................13

Glenn v. United States, 129 F.Supp. 914, 917 (S.D. Cal. 1955)........................................6

Government Nat. Mortg. Ass/n v. Terry, 608 F.2d 614, 618 n. 5 (5th Cir. 1979)..............6

Greiner v. Lewellyn, 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676......................................20

Groman v. Commissioner, 302 U.S. 82, 86 (1937)...........................................................15

Group No. 1 Oil Corporation v. Bass, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032.........20

Haeger Potteries v. Gilner Potteries, 123 F.Supp. 261, 267-268 (S.D.Cal. 1954)...........16

Helvering v. Gerhardt, 304 U.S. 405, 418 (1938)............................................................19

Helvering. V. Therrell, 303 U.S. 218................................................................................19

Hohri v. United States, 782 F.2d 227, 241 (D.C.Cir.1986), vacated on other grounds, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987).........................................................13

Humphrey's Ex'r v. U.S., 295 U.S. 602, 627 (1935)..........................................................2

In re Barnet, 737 F.3d 238, 248 (2nd Cir. 2013).............................................................15

In re Mills, 135 U.S. 263, 268 (1941)................................................................................7

In re Ross, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581 (1891).........................................10

Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277......20

International Longshoremen's, Etc., Union v. Wirtz, 9 Cir., 170 F.2d 183 (1948)............7

Jean v. Nelson, 472 U.S. 846, 872 (1985)................................................................2

Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C.Cir.2005)..................14

Joplin Mercantile Co. v. U.S., 236 U.S. 531, 538 (1915)...........................................2

Justice v. Town of Cicero, 827 F.Supp.2d 835, 843 (N.D.Ill. 2011)............................8

Keller v. Potomac Electric Company, 261 U. S. 428, 440, 442, 443, 43 S. Ct. 445, 67 L. Ed. 731
.........................................................................................................................12

Kendall v. United States, 12 Pet. 524, 619, 9 L.Ed. 1181 (1838)...............................10

King v. United States, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]...............6

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391
(1994)..............................................................................................................13

Lake v. New York Life Ins. Co., 218 F.2d 394, 398 (4th Cir. 1955)............................6

Leisy v. Hardin, 135 U.S. 100, 135 (1890)..............................................................2

Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed....................12

Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).............13

Matter of Contest of General election on Nov. 8, 1977, 264 N.W.2d 401, 405-405 (Sup. Ct.
Minn. 1978).......................................................................................................6

McAllister v. United States, 141 U.S. 174, 182 (1891)...............................................7

McNamara v. Nomeco Bldg. Specialties, Inc., 26 F.Supp.2d 1168, 1174 (D.Minn. 1998)...........16

Meese v. Keene, 481 U.S. 465, (1987).....................................................................17

Meese v. Keene, 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987)......................16

Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921)................................20

Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384.........................19

Mookini et al. v. United States, 303 U.S. 201 (1938).................................................7

Third Motion to Dismiss

Mookini v. United States, 303 U.S. 201 (1938)..................................................................7

Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana, 472 U.S. 237, 249, (1985), quoting

    Colautti v. Franklin, 439 U.S. 379, 392 (1979)...............................................................16

Myers v. U.S., 272 U.S. 52, 142 (1926)..........................................................................2

National Life Insurance Co. v. United States, 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72 L.Ed. 968

    .................................................................................................................................20

Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 64-65 (1982)................10

Oska Shosen Kaisha Line v. U.S., 300 U.S. 98, 103 (1937)..............................................2

Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).......................................13

Palmore v. United States, 411 U.S., at 397, 93 S.Ct., at 1676.........................................................10

People of Puerto Rico v. Shell Co., 302 U.S. 253, 269 (1937)........................................................2

Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 574 (1895).....................................................2

Pope v. Atlantic Coast Line R.Co., 345 U.S. 379, 384 (1953)........................................................6

Postum Cereal Co, Inc. v. California Fig Nut Co.,, 272 U.S. 693, 700 (1927) cited supra, in FN12

    in Crowell v. Crowell, 285 U.S. 22, 50-51 (1932)............................................................12

Prentis v. Atlantic Coast Line Company, 211 U. S. 210, 225, 226, 29 S. Ct. 67, 53 L. Ed. 150...12

Price v. Commissioner of Revenue, 1989 WL 158198, *3 (Minn.Tax Ct. 1989).........................17

Ragsdale v. Price, 185 F.Supp. 263, 265 (M.D. Tenn. 1960)........................................................6

Reese v. Fultz, 96 F.Supp. 449(D.C. Territory of Alaska 1951).....................................................7

Reid v. Covert, 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957)................................................11

Reynolds v. United States, 98 U.S. 145, 154 (1878)........................................................7

Scolaro v. D.C. Bd. of Elections & Ethics, 104 F.Supp.2d 18, 22 (D.D.C.2000), citing Herbert v.

    Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C.Cir.1992)..........................................................14

Shekoyan v. Sibley Int'l Corp., 217 F.Supp.2d 59, 63 (D.D.C.2002)............................................13

Snyder v. Bettman, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035.....................................................20

Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368 n. 12 (1949).........................................................6

State ex rel. v. Shoemaker, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949).........................................6

State v. Begay, 225 P.3d 108, 111 (App.Ct.Ore. 2010)....................................................................15

Statterlee v. Commissioner of Internal Revenue, et al., 195 F.Supp.3d 327 (Dist.Cir. 2016).......13

Stauffer et al. v. Exley, 184 F.2d 962, 964 (9th Cir. 1950)..............................................................6

Stenberg v. Carhart, 530 U.S. 914, 942 (2000)...............................................................................16

Stephens v. Cherokee Nation, 174 U.S. 445, 476, 477 (1899)........................................................7

Summers v. United States, 231 U.S. 92, 101, 102 (1913)................................................................7

The City of Panama, 101 U.S. 453, 460 (1879)...............................................................................7

Tivoli Realty v. Paramount Pictures, 80 F.Supp. 278, 280 (D. Del. 1950).....................................6

U.S. v. Wong Kim Ark, 169 U.S. 649, 679 (1898)...........................................................................2

United States ex rel. Almeida, 195 F.2d 815 (3rd Cir. 1952)..........................................................6

United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 187 F.2d 615 n. 1 (3rd Cir.
    1951)..........................................................................................................................................6

United States Navy-Marine Corps Court of Military Review v. Cheney, 29 M.J. 98, 103 (C.M.A.
    1989)........................................................................................................................................15

UNITED STATES OF AMERICA v. Mooney, et al., 0-16-cv-0247 (D.Minn. 2018)....................18

UNITED STATES OF AMERICA v. Mooney, et al., 0-16-cv-02547 (D.Minn. 2018)..................18

United States of America v. Thornton, 0-13-mc-87 (D.Minn. 2013) in Docket 1..........................19

United States v. Burroughs, 289 U.S. 159, 163 (1933).....................................................................7

United States v. DiCristina, 726 F.3d 92, 99 (2d Cir.2013) (quoting Groman v. Commissioner, 302 U.S. 82, 86 (1937)..........................................................................................15

United States v. Klock, 100 F.Supp. 230, 233 (N.D. N.Y. 1951)......................................6

United States v. National City Lines, 337 U.S. 78, 81 (1949)...........................................6

United States v. Thompson, 319 F.2d 665, 669 (1963) (2nd Cir. 1963)............................6

United States v. Wacker, No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999)..........18

Verbie v. Morgan Stanley Smith Barney, LLC, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015).........15

Verbie v. Morgan Stanley Smith Barney, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).........15

Wallace v. Adams, 204 U.S. 415, 423, 27 S.Ct. 363, 365, 51 L.Ed. 547 (1907)...........10

Wells, et al. v. United States et al., 214 F.2d 380, 382 (5th Cir. 1954)............................7

Western Pac. R. Corp. v. Western Pac. R. Co., 345 U.S. 247, 254-255 (1953)...............6

Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502, (1945)...........................16

Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945) ....................................................................................................................16

Wham-O-Mfg. Co. v. Paradise Mfg. Co., 327 F.2d 748, 752 (9th Cir. 1964)................6

Wheeler Lumber Bridge & Supply Co. v. United States, 281 U.S. 572, 50 S.Ct. 419, 74 L.Ed. 1047..................................................................................................................20

Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260..............19

Williams v. United States, 289 U.S. 553, 565-566 (1933).............................................11

Zenith Radio Corp. v. U.S., 437 U.S. 443, 462 (1978)....................................................2

## Statutes

1 Stat. 73-93 in 1789 in the "Judiciary Act of 1789".......................................................3

1 Stat. 81 "(c)..................................................................................................................4

107 Stat 78..................................................................................................17

107 Stat. 77 "(1)...........................................................................................17

14 Stat. 27......................................................................................................8

18 U.S.C. § 911...........................................................................................14

28 U.S.C. § 132.........................................................................................3, 7

28 U.S.C. § 132(c)...............................................................................8, 9, 18

28 U.S.C. § 1865(b)(1)..................................................................................7

28 U.S.C. § 451..............................................................................................9

28 U.S.C. §§§§§ 1331, 1340. 1345, 7402 and 7403.....................................8

28 U.S.C., Section 451, Appendix, infra........................................................7

28, U.S.C., 1940 ed., § 1................................................................................4

30101(3)......................................................................................................18

31 U.S.C. § 321(d)(2)..................................................................................21

4 U.S.C. § 106(a). As to "income taxes".....................................................20

4 U.S.C. § 111.............................................................................................21

4 U.S.C. 104-110.........................................................................................21

42 U.S.C. § 1981, § 1982 and § 1988............................................................8

5 U.S.C. § 5517—Withholding State Income Taxes (a)...............................21

52 U.S.C. § 20501(a)—The Congress finds that—(1) the right of citizens of the United States is a fundamental right."............................................................17

52 U.S.C. § 20502 "(2).................................................................................18

52 U.S.C. § 20502 (4)—State.......................................................................17

52 U.S.C. § 30101 "(3)................................................................................18

62 Stat 869-1009 Chapter 646 at page 895 of 1948 codified in 28 U.S.C. § 132—Creation and composition of district Courts...................................................................................................3

8 U.S.C. § 1101(a)(22)(B)...............................................................................................14

Buck Act in 54 Stat. 1059-1061 of 1940, pg. 1060................................................................20

Judiciary Act of 1789 in 1 Stat. 73-93...............................................................................4

M.G.L.A 51 § 42; M.G.L.A. 90 § 81.................................................................................17

M.G.L.A./ 51 § 36; M.G.L.A. 50 § 1 "'Federal Act'' , the National Voter Registration Act of 1993, 42 USC 1973 gg to 1973 gg-10, inclusive, as may be amended from time to time."......17

Public Salary Act of 1939 at 53 Stat. 574-577.....................................................................19

Public Salary Act of 1939 the issue of "Federal Income Tax"..................................................19

remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.............................................................................................................4

section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title.........4

section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).....................................4

section 641 of title 48, U.S.C., 1940 ed., which applied only to the Territory of Hawaii...........4, 5

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section 641 of title 48, U.S.C., 1940 ed.............................................................................................................4

**Other Authorities**

1 J. Moore, J. Lucas, H. Fink, D. Weckstein, & J. Wicker, Moore's Federal Practice 46–49, 53–54 (1982)..............................................................................................................11

American Law Reports—Validity, Construction, and Application of National Voter Registration Act, 42 U.S.C.A. 42 1973gg et seq.—185 A.L.R. Fed (Originally published in 2003)............18

Annexations of Military Reservation by Political Subdivisions, 11 Mil. L. Rev. 99, 103 (1961).21

Attach A—28 U.S.C. § 132...............................................................................................3, 8

Attach A—28 U.S.C. § 132 pg..................................................................................................5

Attach A—28 U.S.C. § 132, pages 37 and...............................................................................3

Attach C—28 U.S.C. Chapter 5.............................................................................................10

**Attach F—Unambiguous Statues**.......................................................................................1, 5

**Attach F—Unambiguous Statutes**..........................................................................................1

Attachment A— Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2ndSession, Epochal Legislation, West Publishing 1948—pg.i—"augmented by expert revisers and consultants"—New Title 28, United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note.......................................................................................................................3

Attachment B—Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th Congress—2ndSession, Epochal Legislation, West Publishing 1948—pg.i—"augmented by expert revisers and consultants"—New Title 28, United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note. (Attach B—28 U.S.C. § 451")...........................................................................9

Attachment C—Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th Congress—2ndSession, Epochal Legislation, West Publishing 1948—pg.i—"augmented by expert revisers and consultants"—New Title 28,

United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note. (Attach C—28 U.S.C. Chapter 5") on pgs. 10-11.............................................9

Attachment D—Certificate of Political Status, Citizen Status and Allegiance, Filed in The Recording District 311 Palmer, Alaska No. "2015-025747-0" ("Attach D—Status")..............14

Attachment E—Recording District: Palmer Recording District 311, Palmer, Alaska No. "2018-0136613-0" ("Attach E—USA").............................................................................................19

**Attachment F—Memorandum on Unambiguous Statues**.........................................................1

Dockets 143 and Dockets 168 citing United States v. Garcia, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013).............................................................................................18

Page 1521—28 U.S.C § 132. Creation and composition of district courts....................................4

Page 1732—Section 132—Revised [Reviser's Notes]—Section 132-Section Revised.................4

Senate Report No. 112, February 24, 1939 pg. 15.........................................................................19

**ttach A—28 U.S.C. § 132 pg. 38**..............................................................................................5

## Rules

Rule 12(b)(6),.................................................................................................................................13

United States Federal Circuit Court of Appeals that uses "United States" in Rule 4 and Rule 10 and not the "United States of America.".....................................................................................18

## Constitutional Provisions

Art. I, § 8, cl. 17............................................................................................................................10

Article III Sections 1 and 1 exercising the "judicial Power of the United States,'........................13

Article III Sections 1 and 2...................................................................................................3, 18

Article III Sections 1 and 2 of the Constitution of the United States.............................................2

Article III Sections and 2..............................................................................................................11

Article IV "legislative courts"..............................................................................11

Constitution of the United States Article VI Clause 2.......................................................3

section 1, and defined by section 2, of article 3 of the Constitution..............................................11

Tenth Amendment....................................................................................19

Third Motion to Dismiss

## I. Procedural Tactic of No Answer

The Second Motion to Dismiss was denied using a procedural tactic, which is fine. An Answer and Affirmative Defense was filed per Docket Entry 69's unwritten Order, so Toppin filed per the Docket Entry Order of 69 filed in Docket 70 an "Answer and Affirmative Defense" that was incorrectly with styled "Second Motion to Dismiss" with the Errata filed and evidenced in Docket 71 and Docket 72 to properly correct the two Erratum, wherein the Docket 70 is now correctly styled and identified as an "Answer and Affirmative Defense" due to Errata of Dockets 71 and 72.

Judge Timothy S. Hillman, hereafter will be identified as the "Chief Inquisitor"; and further, this identification in not used in a derogatory way but as all pleading are to state Facts and the Truth supported by evidence; therein, hereafter in this instant Case (sic) the "Chief Inquisitor" will be used supported by the unassailable facts filed in Doc 68 with its public record Attachments now refiled after the procedural tactic of Docket 69 with this filing in Docket 73 with its public record Attachments as the Chief Inquisitor is **"exercising the judicial power of a district court"** as authorized unambiguous statutes codified in codified 28 U.S.C. § 132(c) evidenced by the unambiguous statutes. Toppin has included a extensively researched Memorandum on Unambiguous Statutes in as evidenced in **Attachment F—Memorandum on Unambiguous Statutes ("Attach F—Unambiguous Statutes")**, which the "United States District Court" (**"*This Court*"**) shall take judicial Notice thereof; and further, this **Attach F— Unambiguous Statues** established the unassailable Fact that *this Court* **is limited to only "exercising the judicial power of a district court"** from which flows *a fortiori* forever precluding *this Court* from ever **"exercising the judicial Power of the United States"** arising **under Article III Sections 1 and 2 of the "Constitution of the United States."**

Third Motion to Dismiss

Toppin is renewing with this Motion exposing the Opposition at Docket 45 that was signed by an "undersigned counsel," not the "counsel for the United States of America" and it was not only **off-point** but there was no opposition to the essential elements of Toppin's Motion to Dismiss but what was filed is filled with the typical boilerplate obfuscations and totally frivolous conclusory statements from the "undersigned counsel."

## A. Off-Point

The Supreme Court of the United States has by its repeated adjudications, stated that if *dicta* or general expressions are not directly on-point they ought not to control subsequent suits starting with *Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821), to wit:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, **but ought not to control the judgment in a subsequent suit when the very point is presented for decision.** (emphasis added)

See also *Central Virginia Community v. Katz*, 126 S.Ct. 990, 996 (2006); *Jean v. Nelson*, 472 U.S. 846, 872 (1985); *Zenith Radio Corp. v. U.S.*, 437 U.S. 443, 462 (1978); *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 269 (1937); *Oska Shosen Kaisha Line v. U.S.*, 300 U.S. 98, 103 (1937); *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935); *Myers v. U.S.*, 272 U.S. 52, 142 (1926); *Joplin Mercantile Co. v. U.S.*, 236 U.S. 531, 538 (1915); *Downes v. Bidwell*, 1982 U.S. 244, 258 (1901); *French v. Barber Asphalt Pav. Co.*, 181 U.S. 324, 367 (1901); *U.S. v. Wong Kim Ark*, 169 U.S. 649, 679 (1898); *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 574 (1895); *Leisy v. Hardin*, 135 U.S. 100, 135 (1890); *Carroll v. Carroll's Lessee*, 57 U.S. 275, 287 (1853).

## II. Article III Sections 1 and 2 of versus the "United States District Court"

The "United States District Court" ("USDC") does not arise under Article III Sections 1 and 2 of the Constitution of the United States—"**The judicial Power of the United States . . . in such inferior Court as the Congress may from time to time ordain and establish;**" and does not arise under Article III Section 2 of the Constitution of the United States—"The **judicial Power** shall extend to all **Cases, in Law and Equity, arising under this Constitution**, the **Laws of the United States,** and Treaties made, or which shall be made, under their Authority."

And further, from the Constitution of the United States Article VI Clause 2, to wit:

> **This Constitution,** and the **Laws of the United States which shall be made in Pursuance thereof;** and all Treaties made, or which shall be made, **under the Authority of the United States, shall be the supreme Law of the Land**; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

This USDC is not a "District Court of the United States" that was ordained and established in 1 Stat. 73-93 in 1789 in the "Judiciary Act of 1789" arising under Article III Sections 1 and 2, but this USDC was "created"[1] in the codified 28 U.S.C. § 132 and these USDC's authority is derived 62 Stat 869-1009 Chapter 646 at page 895 of 1948 codified in 28 U.S.C. § 132—Creation and composition of district Courts being **Attachment A—** *Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2[nd]Session, Epochal Legislation, West Publishing 1948—* pg.i—"**augmented by expert revisers and consultants**"*—New Title 28, United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note* (Attach **A—28 U.S.C. § 132"),** which USDC shall take judicial Notice there with the following excerpts of **Attach A—28 U.S.C. § 132, pages 37 and 38,** to wit:

---

[1] 28 U.S.C. § 132 "[W]hich shall be a court of record known as the **United States District Court** for the district."

3
Third Motion to Dismiss

Title 28, United States Code Congressional Service, New Title 28— and Judicial Procedure Pages 1487-2174, 80th Congress—2$^{nd}$Session, Epochal Legislation, West Publishing 1948—pg.i—"augmented by **expert revisers** and consultants"— New Title 28, United States Code, Judiciary and Judicial Procedure With **Official** Legislative History and **Reviser's Notes.**

**Page 1521—28 U.S.C § 132. Creation and composition of district courts**

(a) There shall be in each judicial district a district court which shall be a court of record known as the **United States District Court for the district.**

(b) Each district court shall consist of the district judge or judges for the district in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.

(c) Except as otherwise provided by **law, or rule or order of court, the judicial power of a district court** with **respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges**.

**Page 1732—Section 132—Revised** [Reviser's Notes]—**Section 132-Section Revised**

Based on title 28, U.S.C., 1940 ed., § 1, and **section 641** of **title 48, U.S.C., 1940 ed., Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat. 838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216, 38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925, ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and section **641 of title 48, U.S.C., 1940 ed.**, with changes in phraseology necessary to effect the consolidation.

**Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii.** The **revised** section, by extending it to **all districts, merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The **remainder of section 641** of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

Until 1948 there were only the "District Courts of the United States" established in the

Judiciary Act of 1789 in 1 Stat. 73-93; and further, in the footnotes of 1 Stat. 81 "(c) Where the

**District Court of the United States** has no jurisdiction of a cause brought before it, a

prohibition will be issued from the Supreme Court to prevent proceedings. The *United States v. Judge Peters*, 3 Dall. [U.S.] 121 (1795)."

It is a dispositive fact[2] that the "**judicial power of a district court**" irrevocably precludes this USDC from exercising the "**judicial Power of the United States**" arising under Article III Sections 1 and 2 of the Constitution of the United States in this instant Controversy; and further, it mandates termination of all jural relations with Toppin in this instant Controversy for lack of jurisdiction.

And further, this an unassailable Fact that that "**judicial power of a district court**" is irrevocable precluded from exercising the "**judicial Power of the United States**" arising under Article III Sections 1 and 2 of the Constitution of the United States in this instant Controversy evidenced by **Attach F—Unambiguous Statues.**

And further in the Reviser's Notes the "judicial power of a district" source authority is from the "**Territory of Hawaii**," which is unambiguously disclosed in the Reviser's Notes **Attach A—28 U.S.C. § 132 pg. 38—"<u>Subsection (c) is derived from section 641 of title 48, U.S.C., 1940 ed. [Territories and Insular Possessions], which applied only to the Territory of Hawaii</u>"** therein *flows a fortiori* irrevocably precluding all of the perceived USDC's authority or "power" arising under Article III Sections 1 and 2 of the Constitution of the United States and this instant Controversy.

And further, in  in **Attach A—28 U.S.C. § 132 pg. 38** we find the source authority being "**merely recognizes established practice**" as evidenced in "The <u>revised</u> section, by extending it to <u>**all districts, merely recognizes established practice.**</u>"

---

[2] *Blacks 4th Ed. 1968* pg. 558 "Dispositive Facts. Jural facts, or those acts or events that create, modify or extinguish jural relations. Kocourek, Jural Relations (2d Ed.) p. 17.

5

Third Motion to Dismiss

And further, the **"District Courts of the United States"** arise under the **Article III of the Constitution of the United States Sections 1 and 2** and **Courts in the Territories are legislative courts** [Territory of Hawaii, *supra*.—Attach A—28 U.S.C. § 132 pg. 38] and are not "District Courts of the United States" which has been adjudicated many times therein irrevocably precluding this USDC of "jurisdiction" arising under Article III as this USDC's authority is derived from the "Territory of Hawaii," *supra* 28 U.S.C. § 132 Reviser's Note in **Attach A—28 U.S..C. § 132 pg. 38.**

## A. Reviser's Notes

It is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines*, 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic Coast Line R.Co.*, 345 U.S. 379, 384 (1953); *Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950); *United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952); *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952); *United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass/n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960); *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950); *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]; *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn.

1978); *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951); *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949); *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

## B. District Court of the United States Means.

In *Wells, et al. v. United States et al.*, 214 F.2d 380, 382 (5ᵗʰ Cir. 1954), to wit:

Not content with this negative defense, the United States, taking the affirmative, conclusively demonstrates, we think, that by Section 1346, 'United States as Defendant', under the provisions of which appellants seek to maintain their suit, the United States has consented to waive its sovereign immunity from suit and permit actions to be brought against it for the recovery of internal revenue taxes only in the Court of Claims and in the district courts; and that, as used in Title 28, the **term 'district courts' means only those courts which are created under Article III of the Constitution** and which are constituted by Chapter 5 of Title 28. **FN6.**

FN6. *Mookini v. United States*, 303 U.S. 201 (1938); *International Longshoremen's, Etc., Union v. Wirtz*, 9 Cir., 170 F.2d 183 (1948); *Reese v. Fultz*, 96 F.Supp. 449(D.C. Territory of Alaska 1951); 28 U.S.C., Section 451, Appendix, infra.

In *Mookini et al. v. United States*, 303 U.S. 201 (1938), to wit:

The term **'District courts of the United States,'** as used in the rules, without an addition expressing a wider connotation, has its historic significance. **It describes the constitutional courts created under article 3 of the Constitution**. **Courts of the Territories are legislative courts,** properly speaking, and **are not District courts of the United States**. **We have often held that vesting a territorial court with jurisdiction similar to that vested in the District courts of the United States does not make it a 'District court of the United States.'** *Reynolds v. United States*, 98 U.S. 145, 154 (1878); *The City of Panama*, 101 U.S. 453, 460 (1879); *In re Mills*, 135 U.S. 263, 268 (1941); *McAllister v. United States*, 141 U.S. 174, 182 (1891); *Stephens v. Cherokee Nation*, 174 U.S. 445, 476, 477 (1899); *Summers v. United States*, 231 U.S. 92, 101, 102 (1913); *United States v. Burroughs*, 289 U.S. 159, 163 (1933). Not only did the promulgating order use the term District courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules to the territorial courts and other courts mentioned in the authorizing act clearly shows the limitation that was intended.

## C. This is Not a Facial Challenge or Facial Attack to 28 U.S.C. § 132.

This is not a facial challenge or facial attack to 28 U.S.C. § 132, wherein if you do not

swear that you are "**not** a citizen of the United State" as used in 28 U.S.C. § 1865(b)(1)—Qualification for jury service, therefore, you are qualified to act as jury member being a "citizen of the United States." The USDC's always requires your status as a "citizen of the United States" in open court before any appearance of a bona fide Trial by Jury being that you MUST consent to this fictitious status established in 1866 in 14 Stat. 27, being the first "civil rights act" that has no "political rights" [3]codified in 42 U.S.C. § 1981, § 1982 and § 1988 to have the same rights as "white citizens." Toppin is white by the way.

This "District Court of the United States" is authorized and empowered as a Constitutional Court of the United States arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" that "shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made, or which shall be made, under their Authority."

"**Facial attack**" has various applications and Toppin is not making a "constitutional facial challenge" to the Statues of the United States, being 28 U.S.C. §§§§ 1331, 1340. 1345, 7402 and 7403 as identified as defined in *Ezell v. City of Chicago*, 651 F.3d 684, 697-699 (7th Cir. 2011). See *Justice v. Town of Cicero*, 827 F.Supp.2d 835, 843 (N.D.Ill. 2011) "[A] successful facial attack means the statute is wholly invalid and cannot be applied to anyone." See also *Doe v. City of Albuquerque*, 667 F.3d 1111 (10th Cir. 2012).

**D. 28 U.S.C. Organization of Court—Chapter 5—1948 Chapter 646—Pubic Law 773; and 28 U.S.C. § 451 Definitions 1948 Chapter 646—Pubic Law 773**

This USDC established and derived from the "Territory of Hawaii" (See Reviser's Notes for 28 U.S.C. § 132(c)) in 28 U.S.C. § 132(c) evidenced in **Attach A—28 U.S.C. § 132** unambiguous Statue of the United States that—"[T]he **judicial power of a district court** [this

---

[3] See *Ex Parte Virginia*, 100 U.S. 339, 360-369 (1879).

USDC] with respect to any action, suit or proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges" *flows a fortiori* of an irrevocable estoppel that this USDC is precluded to even have an illusion to accept or to exercise the "Judicial Power of the United States" arising under Article III Sections 1 and 2 under any condition and that is an unassailable fact.

As evidenced by the excerpt of **Attachment B—***Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th Congress—2nd Session, Epochal Legislation, West Publishing 1948*—pg.i—"augmented by expert revisers and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note.* (Attach B—28 U.S.C. § 451") on pg. 11), which this Court shall take judicial Notice thereof, to wit:

> The term "**court of the United States**" includes the Supreme Court of the United States, courts of appeals, district courts constituted **by chapter 5** of this title, including the district courts of the United States **for** the districts of Hawaii and Puerto Rico . . . The terms "**district court**" and "**district court of the United States**" **mean** the courts **constituted** by **chapter 5 of this title**.

The definition in 28 U.S.C. § 451 conflates "**district court**" with "**district court of the United States**" wherein *flows a fortiori* that all of the Courts listed in Chapter 5 are authorized and empowered exactly same and of course both a "district court" and "district court of the United States are ONLY exercising the "judicial power of a district court" was found in the unambiguous codified Statute of the United States in 28 U.S.C. § 132(c); and, not the "judicial Power of the United States" arising under Article III Sections 1 and 2.

And further, in the excerpt of **Attachment C—***Title 28, United States Code Congressional Service, New Title 28—and Judicial Procedure Pages 1487-2174, 80th*

*Congress—2ⁿᵈSession, Epochal Legislation, West Publishing 1948*—pg.i—"augmented by expert revisers and consultants"—*New Title 28, United States Code, Judiciary and Judicial Procedure With Official Legislative History and Reviser's Note.* (Attach C—28 U.S.C. Chapter 5") on pgs. 10-11, we find the Territory of Hawaii at Section 81, the District of Columbia at Section 88 and Puerto Rico at Section 119.

As included in **Attach C—28 U.S.C. Chapter 5**, being "Hawaii," which was still the Territory of Hawaii is in reality an Article IV court. In *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 64-65 (1982), to wit:

> Appellants first rely upon a series of cases in which this Court has upheld the creation by Congress of non-Art. III "**territorial courts.**" This exception from the general prescription of Art. III dates from the earliest days of the Republic, when it was perceived that the Framers intended that as to certain geographical areas, in which no State operated as sovereign, **Congress was to exercise the general powers of government.** For example, in *American Ins. Co. v. Canter,* 1 Pet. 511, 7 L.Ed. 242 (1828), the Court observed that **Art. IV bestowed upon Congress alone a complete power of government over territories not within the States that constituted the United States.** The Court then **acknowledged Congress' authority to create courts for those territories that were not in conformity with Art. III.** Such courts were "created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which **enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States.** The jurisdiction with which they are invested ... is conferred by **Congress, in the execution of those general powers which that body possesses over the territories of the United States**. Although admiralty jurisdiction can be exercised in the states in those Courts, only, which are established in pursuance of the third article of the Constitution; the same limitation does not extend to the territories. **In legislating for them, Congress exercises the combined powers of the general, and of a state government.**" *1 Pet., at 546.*

> The Court followed the same reasoning when it reviewed Congress' creation of non-Art. III courts in the District of Columbia. It noted that there was in the District "no division of powers between the general and state governments. Congress has the entire control over the district for every purpose of government; and it is reasonable to suppose, that in organizing a judicial department here, all judicial power necessary for the purposes of government would be vested in the courts of justice." *Kendall v. United States,* 12 Pet. 524, 619, 9 L.Ed. 1181 (1838). **[FN16]**

**FN16.** We recently reaffirmed the principle, expressed in these early cases, **that Art. I, § 8, cl. 17,** provides that Congress shall have power "[t]o exercise exclusive Legislation **in all Cases whatsoever, over" the District of Columbia.** *Palmore v. United States,* 411 U.S., at 397, 93 S.Ct., at 1676. See also *Wallace v. Adams,* 204 U.S. 415, 423, 27 S.Ct. 363, 365, 51 L.Ed. 547 (1907) (recognizing Congress' authority to establish legislative courts to determine questions of tribal membership relevant to property claims within Indian territory); *In re Ross,* 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581 (1891) (same, respecting consular courts established by concession from foreign countries). See generally 1 J. Moore, J. Lucas, H. Fink, D. Weckstein, & J. Wicker, Moore's Federal Practice 46–49, 53–54 (1982). But see *Reid v. Covert,* 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957).

In *Williams v. United States,* 289 U.S. 553, 565-566 (1933), to wit:

That **judicial power** apart from that article may be conferred by Congress upon **legislative courts,** as well as upon **constitutional courts,** is plainly apparent from the opinion of Chief Justice Marshall in *American Insurance Company et al. v. Canter,* 1 Pet. 511, 546, 7 L.Ed. 242, **dealing with the territorial courts. 'The jurisdiction,' he said, 'with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution**, but is conferred by Congress, in the execution of those general powers which that body possesses over the territories of the United States.' That is to say (1) that the courts of the territories (and, of course, **other legislative courts**) are invested with judicial power, **but (2)** *that this power is not conferred by the third article of the Constitution,* but by Congress in the execution of other provisions of that instrument. * * * . 'Thus,' he says, 'the authority granted to territorial courts to hear and determine controversies arising in the territories of the United States is judicial power. **But it is not a part of that judicial power granted by section 1, and defined by section 2, of article 3 of the Constitution**. Nevertheless, under the constitutional grant to Congress of power to 'make all needful rules and regulations respecting the territory * * * belonging to the United States' (article 4, s 3), that body **may create territorial courts not contemplated or authorized by article 3 of the Constitution**, and may confer upon them **plenary judicial power,** because the establishment of such courts and the bestowal of such authority constitute appropriate means by which to exercise the congressional power to make needful rules respecting the territory belonging to the United States. * *

The Courts of the United States have held from the earlier cases in our Republic until now the unassailable fact that all courts in the Territories and Possessions do not exercise the "judicial Power of the United States" arising under Article III Sections and 2 but are Article IV "legislative courts" under the plenary Power of Congress as also are the Courts in the District of

Columbia are courts of general jurisdiction under the plenary Power of Congress being different from limited jurisdiction of the "District Courts of the United States" within the Union of States, being the several States.

The Courts of the United States in the District of Columbia are clearly different that the District Courts of the United States as held in *Postum Cereal Co, Inc. v. California Fig Nut Co.,,* 272 U.S. 693, 700 (1927) cited *supra,* in FN12 in *Crowell v. Crowell,* 285 U.S. 22, 50-51 (1932), to wit:

> The distinction between the jurisdiction of this court which is confined to the hearing and decision of cases in the constitutional sense and that of administrative action and decision, power for which may be conferred upon courts of the District is shown in the case of *Keller v. Potomac Electric Company,* 261 U. S. 428, 440, 442, 443, 43 S. Ct. 445, 67 L. Ed. 731. There it is pointed out that, **while Congress in its constitutional exercise of exclusive legislation over the District may clothe the courts of the District, not only with the jurisdiction and powers of the federal courts in the several states, but also with such authority as a state might confer on her courts** (*Prentis v. Atlantic Coast Line Company,* 211 U. S. 210, 225, 226, 29 S. Ct. 67, 53 L. Ed. 150), and **so may vest courts of the District with administrative or legislative functions which are not properly judicial, it may not do so with this court, or any federal court established under article 3 of the Constitution**. Of the jurisdiction of this court, we said, at page 444 of 261 U. S. (43 S. Ct. 449):
>
> 'Such legislative or administrative jurisdiction, it is well settled, cannot be conferred on this court either directly or by appeal. The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the court in *Muskrat v. United States,* 219 U. S. 346 (31 S. Ct. 250, 55 L. Ed. 246). The principle there recognized and enforced on reason and authority is that the jurisdiction of this court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them, and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this court without real parties or a real case, **or to administrative or legislative issues or controversies.'**
>
> See, also, *Liberty Warehouse Co. v. Grannis,* 273 U. S. 70, 47 S. Ct. 282, 71 L. Ed. -, decided this day.
>
> With this limitation upon our powers, it is not difficult to reach a conclusion in the present case. We should have had no power to review the action of the District Court if it had heard the appeal and **taken administrative**

**jurisdiction, and by the same token have now no power to review its action in refusing such jurisdiction.**

Clearly this conflating of the courts in territories and possessions with the courts within the District of Columbia with bona fide Courts of the United States arising under the Article III Sections 1 and 1 exercising the "judicial Power of the United States,' which "shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and treaties made, or which shall be made, under their Authority" into "Chapter 5" is totally *ultra vires* and total FRAUD and CON.

As held in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, **whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.**"

In *Statterlee v. Commissioner of Internal Revenue, et al.,* 195 F.Supp.3d 327 (Dist.Cir. 2016), to wit:

> Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 63 (D.D.C.2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *see also Gen. Motors Corp. v. EPA,* 363 F.3d 442, 448 (D.C.Cir.2004) ("As a court of limited jurisdiction, <u>we begin, and end, with an examination of our jurisdiction.</u>"). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement ... no action of the parties can confer subject-matter jurisdiction upon a federal court.' " *Akinseye v. District of Columbia,* 339 F.3d 970, 971 (D.C.Cir.2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). *333 Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F.Supp.2d 18, 22 (D.D.C.2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005).

### III. Toppin is a "citizen of Massachusetts" and Not a "citizen of the United States."

Toppin files a certified copy of his **Political Status, Citizen Status and Allegiance** filed into the public record being **Attachment D—Certificate of Political Status, Citizen Status and Allegiance, Filed in The Recording District 311 Palmer, Alaska No. "2015-025747-0"** **("Attach D—Status")**, wherein this true and correct copy of the certified copy that that was filed in Docket 68 Exhibit D, whch is self-authenticating under evidence Rule 901(7) that Toppin is a "citizen of Massachusetts" domiciled in Massachusetts, being one of the several States.

Of course Toppin is not a "citizen of the United States" but he is a "national of the United States" that owes permanent allegiance to United States (8 U.S.C. § 1101(a)(22)(B)), where it is statutorily established there are those that claim to be a "citizen of the United States" those that are NOT "a citizen of the United States" (citizens of one of the several States) as found codified in 8 U.S.C. § 1101(a)(22)(B)"The **term "national of the United States" means (A) a citizen of the United States, OR (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States."**

And further, this "citizen/national of the United States" is found in the Passport of the United States of America.

If Toppin were to claim to be a "citizen of the United States" and had no evidence therein

in support thereof, that is felony as codified in 18 U.S.C. § 911—Citizen of the United States "Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both."

Toppin is NOT claiming to be a "sovereign state citizen" or some similar status that the "undersigned counsel" claims in it off-point opposition. Toppin is NOT trying to expatriate so please Mr. undersigned counsel do not go there.

## A. Means – Exclusive Use of Defined Terms.

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) (describing a **definition** that **uses** the term "**means**" as **exclusive** and a definition that uses that term "**includes**" as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) ""[T]he word '**includes**' is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid*. See also *Groman v. Commissioner,* 302 U.S. 82, 86 (1937) "[W]**hen an exclusive definition is intended the word 'means' is employed**, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**." See also *In re Barnet*, 737 F.3d 238, 248 (2ⁿᵈ Cir. 2013); *Verbie v. Morgan Stanley Smith Barney*, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103

(C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word

"**means,**." In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy*

*LLC*, 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v. DiCristina*, 726 F.3d 92, 99 (2d

Cir.2013) (quoting *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) ("When an **exclusive**

**definition is intended the words means is employed.**")). See also *Conn. Nat'l Bank v.*

*Germain*, 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must

presume that a legislature says in a statute what it means and means in a statute what it says

there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....**")"

In *Haeger Potteries v. Gilner Potteries*, 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use

of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to

be restrictive or **exclusive**. *Athens Lodge No. 70 v. Wilson*, 1953, 117 Cal.App.2d 322, 255 P.2d

482."

In *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000), to wit:

> **When a statute includes an explicit definition, we must follow that definition,**
> **even if it varies from that term's ordinary meaning.** *Meese v. Keene*, 481 U.S.
> 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) ("**It is axiomatic that the**
> **statutory definition of the term excludes unstated meanings of that term**");
> *Colautti v. Franklin*, 439 U.S., at 392–393, n. 10, 99 S.Ct. 675 ("**As a rule, 'a**
> **definition which declares what a term "means" ... excludes any meaning that**
> **is not stated' **"); *Western Union Telegraph Co. v. Lenroot*, 323 U.S. 490, 502, 65
> S.Ct. 335, 89 L.Ed. 414 (1945); *Fox v. Standard Oil Co. of N. J.*, 294 U.S. 87, 95–
> 96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.)

See also *Burgess v. United States*, 553 U.S. 124, 130 (2008) citing *Colautti, ibid*;

*McNamara v. Nomeco Bldg. Specialties, Inc.*, 26 F.Supp.2d 1168, 1174 (D.Minn. 1998) " In

ascertaining the Intent of Congress from a plain reading of a statute, it is fundamental that " 'a

statute should be interpreted so as not to render one part inoperative.' " *Mountain States Tel &*

*Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, (1985), quoting *Colautti v. Franklin,* 439 U.S. 379, 392 (1979).

In *Colautti v. Franklin,* 439 U.S. 392 n10 (1979) **"As a rule, 'a definition which declares what a term "means". . . excludes any meaning that is not stated'."**

In *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, (1945) "Of course statutory definitions of terms used therein prevail over colloquial meanings."

In *Fox v. Standard Oil Co. of New Jersey,* 294 U.S. 87, 95 (1935) "In such circumstances definition by the average man or even by the ordinary dictionary with its studies enumeration of subtle shades of meanings is not a substitute for the definition set before us by the law makers with instructions to apply it to the exclusion of all others." In *Price v. Commissioner of Revenue,* 1989 WL 158198, *3 (Minn.Tax Ct. 1989) "Moreover, where a statutory definition begins by stating what a defined term "means" rather than "includes," the definition excludes any meaning not specifically stated. *Colautti v. Franklin,* 439 U.S. 379, n. 10, (1979); *Meese v. Keene,* 481 U.S. 465, (1987)."

## IV. Following this Affirmative Defense and this Third Motion to Dismiss Toppin Will Be Filing Motions to Dismiss; and/or Motions for Summary Judgment; or Other Actions as Required.

Please take notice that Toppin reserves the Right to add Motions to Dismiss and/or Motions for Summary Judgement after this Third Motion to Dismiss so that the undersigned counsel will have to address each of the issues in each Motion as will the STATE OF MASSACHUSETTS ("SOM") that has no public Officers of Massachusetts, with Massachusetts being one of the several States and whether or not it is a "State of the United States," *infra.* This "SOM" has adopted the National Voter Registration Act ("NVRA")[4] wherein the SOM is

---

[4] M.G.L.A 51 § 42; M.G.L.A. 90 § 81; M.G.L.A./ 51 § 36; M.G.L.A. 50 § 1 ""Federal Act" , the National Voter Registration Act of 1993, 42 USC 1973 gg to 1973 gg-10, inclusive, as may be

17
Third Motion to Dismiss

defined as "(4) the term "State" means a State of the United States and the District of Columbia"[5] at 107 Stat 78; and this NVRA is limited to only "citizens of the United States" at 107 Stat. 77 "(1) the rights of citizens of the United State to vote is a fundamental right"[6] precluding any "citizens of Massachusetts" from exercising their elective franchise and right of suffrage to vote for public Officers of Massachusetts. The SOM elections under the NVRA are limited strictly to only the definitions in the NVRA codified at 52 U.S.C. § 20502 "(2) the term **"Federal office"** has the meaning state in section 30101(3) of this title;" wherein this term meaning of "30101(3)"is found in 52 U.S.C. § 30101 "(3) The term **"Federal office"** means the office of President or Vice President, or of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress." See also the American Law Reports—Validity, Construction, and Application of National Voter Registration Act, 42 U.S.C.A. 42 1973gg *et seq.*—185 A.L.R. Fed (Originally published in 2003).

Also, be reminded that a Reduce to Judgement Case was just dismissed with Prejudice in *UNITED STATES OF AMERICA v. Mooney, et al.,* 0-16-cv-02547 (D.Minn. 2018).

Also, be reminded that Toppin has a real remedy in the United States Federal Court of Claims being a bona fide Article I Court of the United State with appeals to be taken to only the bona fide Court of Appeals arising Article III Sections 1 and 2 Court of the United States being the United States Federal Circuit Court of Appeals[7] that uses "United States" in Rule 4 and Rule 10 and not the "United States of America."

---

amended from time to time."

[5] Codified at 52 U.S.C. § 20502 (4)—State.

[6] Codified at 52 U.S.C. § 20501(a)—The Congress finds that—(1) the right of citizens of the United States is a fundamental right."

[7] See Legislative History—Senate Report No. 96-304, 96th Congress 1st Session, August 3, 1979 on 96 Stat. 25-58, 1982 "Federal Courts Improvement act of 1982."

And further, in *UNITED STATES OF AMERICA v. Mooney, et al.,* 0-16-cv-0247 (D.Minn. 2018) Judge Nelson's USDC exercising the "judicial power of a district court" in 28 U.S.C. § 132(c) has "held" establishing precedence for the USDCs twice[8] that there is NO legal difference between "United States;" and further in *United States of America v. Thornton,* 0-13-mc-87 (D.Minn. 2013) in Docket 1 **"The United States of America,** on behalf of **its agency,** the **Internal Revenue Service** ("IRS") . . ." The United States/aka/United States of America on behalf of its agency is great way to establish the Real Party of Interest of the "United States"/aka/United States of America, with its' agency (IRS) and adjudicating the "United States of America is a sovereign body politic" also in this instant Case filed into the public Record being a summary of the public records of various Cases evidenced by **Attachment E—Recording District: Palmer Recording District 311, Palmer, Alaska No. "2018-0136613-0" ("Attach E—USA").** The relationship between "United States" and the "United States being a sovereign body politic" along with the Tenth Amendment will be quite revealing and the Constitution of the United States and the "Government of the United States."

And further, the Public Salary Act of 1939 at 53 Stat. 574-577 where the United States and the States have agreements to tax each other's employees that has not been disclosed yet in discovery to Toppin wherein as found in the Legislative History of the Public Salary Act of 1939 the issue of **"Federal Income Tax"** is explained and then clarified in **Senate Report No. 112, February 24, 1939 pg. 15** "It should be noted that included in the classes of employees to whom the Commissioner may give relief under this section will be employees of the type involved in

---

[8] Dockets 143 and Dockets 168 citing *United States v. Garcia,* No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker,* No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999).

Third Motion to Dismiss

the case of *Helvering. V. Therrell,* 303 U.S. 218, since the decision in the *Gerhardt*[9] case

clarified and restated the bases for the liability for such persons for **Federal income tax.**"

Then the SOM CON couples this with the Buck Act in 54 Stat. 1059-1061 of

1940, pg. 1060 "The term "**income tax**" means any tax levies on, with respect to, or

measured by, net income, gross income, or gross receipts" coupled with the term of

"**Federal Area** means . . . which is located with the **exterior boundaries of any State**

shall be deemed to be a Federal Area located within such State."

Then the SOM to bypass the holding of term definition of "**income**" for "**Federal**

**Income Tax**" as held in *Merchants' Loan & Trust Co. v. Smietanka,* 255 U.S. 509 (1921)

---

[9] *Helvering v. Gerhardt,* 304 U.S. 405, 418 (1938) "<u>[Y]et the individuals who personally</u> <u>derived profit or compensation from their employment in carrying out the function were</u> <u>deemed to be subject to federal income tax</u>. FN6

FN6—The following classes of taxpayers have been held subject to federal income tax notwithstanding its possible economic burden on the state: Those who derive income or profits from their performance of state functions as independent engineering contractors, *Metcalf & Eddy v. Mitchell,* 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, or from the resale of state bonds, *Willcuts v. Bunn,* 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260; those engaged as lessees of the state in producing oil from state lands, the royalties from which, payable to the state, are devoted to public purposes, *Group No. 1 Oil Corporation v. Bass,* 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032; *Burnet v. A. T. Jergins Trust,* 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925; *Bankline Oil Co. v. Commissioner,* 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897and *Helvering v. Mountain Producers Corp.,* 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907, both decided March 7, 1938, overruling *Burnet v. Coronado Oil & Gas Co.,* 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815. Similarly federal taxation of property transferred at death to a state or one of its municipalities was upheld in *Snyder v. Bettman,* 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035, cf. *Greiner v. Lewellyn,* 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676; and a federal tax on the transportation of merchandise in performance of a contract to sell and deliver it to a county was sustained in *Wheeler Lumber Bridge & Supply Co. v. United States,* 281 U.S. 572, 50 S.Ct. 419, 74 L.Ed. 1047; cf. *Indian Motocycle Co. v. United States,* 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. A federal excise tax on corporations, measured by income, including interest received from state bonds, was upheld in *Flint v. Stone Tracy Co.,* 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq.; see *National Life Insurance Co. v. United States,* 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72 L.Ed. 968; compare the discussion in *Educational Films Corp. v. Ward,* 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226, and in *Pacific Co., Ltd., v. Johnson,* 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893."

"profit gained through sale or conversion of capital assets" within the meaning of The Corporation Excise Tax of 1909 (36 Stat. 11, 112) also precluding the Sixteenth Amendment **has receded** as evidenced in *United States v. City and County of Denver*, 573 F.Supp. 686, 687 (D.Col. 1983) "**4 U.S.C. § 106(a). As to "income taxes" [not "Federal Income Tax"], the United States, through the Buck Act, has receded jurisdiction to the <u>states</u> and <u>other local taxing authorities</u>.**" Codification of the Buck Act is found in **4 U.S.C. 104-110** and **Consent to taxation of Federal Employees in 4 U.S.C. § 111.**

And further evidence of <u>**retrocession to the states**</u> is found in *Annexations of Military Reservation by Political Subdivisions*, 11 Mil. L. Rev. 99, 103 (1961) to wit:

> A **retrocession statute** of major importance was enacted by Congress in 1940. This law, commonly known as the "<u>**Buck Act**</u>", <u>**retroceded to the states**</u> and to their <u>**duly constituted taxing authorities jurisdiction to levy and collect sales, use, and income taxes within federal areas**</u>. The federal government and its instrumentalities were excepted from the operation of the Act.

This **retrocession statue** is found on "**Federal Areas**" for "federal employment" is codified in **5 U.S.C. § 5517—Withholding State Income Taxes** (a) ""[w]ho are <u>**residents of the State**</u> with which the <u>**agreement**</u> is made" for "whose <u>**regular place of Federal employment**</u> is within the <u>**State with which the agreement**</u> is made."

Then in this **CON**, money collected is donated as a "**gift or bequest**" to the United States as evidenced in **31 U.S.C. § 321(d)(2) "For purposes of the <u>Federal income, estate, and gift taxes</u>, property accepted under paragraph (1) shall be considered as a <u>gift or bequest</u> to or for the use of the United States."**

## V. Conclusion

In Toppin's Affirmative Defense he has presented unassailable facts from the public Record, precedents and holding from the Supreme Court of the United States, from unambiguous Statutes of the United States with Legislative History and Reviser's Notes that mandate that **this USDC** only course of Action is to dismiss this instant Case as it does not exercise the "judicial Power of the United States" and does not Arise under Article III Sections 1 and 2 of the Constitution of the United States exercising the "judicial Power of the United States" wherein "The **judicial Power** shall extend to all **Cases, in Law and Equity**, **arising under this Constitution**, the **Laws of the United States**, and Treaties made, or which shall be made, under their Authority."

My Hand

all Rights Reserved

## VI. Verified Affidavit of David Lynwood Toppin

| State of Massachusetts | ) |
|---|---|
| | ) ss. |
| Worcester County | ) |

**I,** David Lynwood Toppin, swear (or affirm) that the facts in this Motion with its Attachments, that the facts in this Verified Affidavit and the facts in **Attachment B—Certificate of Political Status, Citizen Status and Allegiance, Filed in The Recording District 311 Palmer, Alaska No. "2015-025747-0" ("Attach B—Status")** being a true and correct copy of what is filed into the public record, *infra.*, are true and correct under the penalty of perjury.

1. My true name is David Lynwood Toppin.

2. I am of the age of majority and competent to testify to the facts contained in the Motion to Dismiss and to the facts in this Declaration.

3. I am a "citizen of Massachusetts."

4. I am domiciled in Massachusetts, being one of the several States.

5. I am not a "citizen of the United States."

6. I am a "national of the United States" that owes permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) ""a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

7. I am not domiciled, have residence or reside in any "Federal Area" as defined in codified in 4 U.S.C. § 110.

8. *This Court's* alleged authority is found the public record codified in 28 U.S.C. § 132(c) exercising "[T]**he judicial power of a district court**" that is derived from the "Territory of Hawaii" as documented in the Reviser's Notes.

9. I have never given *this Court* knowingly, **tacitly or by any other means "personal jurisdiction."**

10. I have no known legal obligation for any "income" due to the "United States of America," being the Plaintiff.

11. I have no known legal obligation for any "income" due to the "United States," being an unidentified entity in this Complaint.

12. I have no known legal obligation for any "Income Tax" due to the "United States of America," being the Plaintiff.

13. I have no known legal obligation for any "Income Tax" to the "United States," being an unidentified entity in this Complaint.

14. I have no known legal obligation for any "Federal Income Tax" due to the "United States of America," being the Plaintiff.

15. I have no known legal obligation for any "Federal Income Tax" due to the "United States," being an unidentified entity in this Complaint.

16. I am not domiciled in any "Federal Area" and defined and used in the codified 4 U.S.C. § 110(e).

17. I am not domiciled in the "State" as defined in 4 U.S.C. § 110(d).

18. I am proceeding under threat, duress and coercion.

19. No facts have been provided of the relationship between the "United States of America" and the "United States" in this Complaint.

20. Toppin is not an employee of the "United States of America."

21. Toppin is not an employee of the "United States."

Answer and Affirmative Defense     Page 24 of 40

22. Toppin is not an employee of the "Commonwealth of Massachusetts.

23. Toppin is not an employee of the "State of Massachusetts."

24. Toppin is not an employee of Massachusetts, being one of the several States.

25. Toppin is not an employee as used in 26 U.S.C. § 6331.


My Hand,

*all Rights Reserved*

Sworn and Subscribed before me a Notary Public in and for the State of Massachusetts on _December 26, 2018_.

My Civil Commission expires on _Aug 9, 2024_.

_Elizabeth A. Monahan_
Signature of Notary Public

**[SEAL]**

My Hand,

Answer and Affirmative Defense&#x20;&#x20;&#x20;&#x20;&#x20;Page 25 of 40

## VII. CERTIFICATE OF SERVICE

I hereby certify that on December 24th, 2018, a copy of the foregoing Motion with its Attachments and this Affirmative Affidavit has been made on all counsel of record by ECF and an original was filed into the USDC. Paper service will be made on any party not being served by ECF, as notified by the court.

Date December 24th, 2018

_____

all Rights Reserved