**David Lynwood Toppin**
465 Salisbury Street
Holden, Massachusetts
978-669-0060

FILED
IN CLERKS OFFICE

2018 DEC 26 PM 3: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

# "DISTRICT COURT OF THE UNITED STATES"
## FOR THE DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

| | |
|---|---|
| **"UNITED STATES OF AMERICA"** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *versus* ) | Case No. 4:17-CV-40011-TSH |
| ) | |
| **David Lynwood Toppin,** *in* ) | |
| *propria persona, et seq.* ) | |
| Defendant. ) | |

**Motion of Fourth Motion to Dismiss or Summary Judgment—Memorandum**

**Comes now,** David Lynwood Toppin ("Toppin"), *in propria persona*, without Assistance of Counsel with this limited and special Appearance with this **Motion of Fourth Motion to Dismiss or Summary Judgment—Memorandum ("Motion")** as I reserved the Right to Amend Docket 4's—Motion to Dismiss and reserve the right to file more Motions to Dismiss and/or Summary Judgements.

## Table of Contents

I. There is No Complaint by the Plaintiff "United States of America"................................1

    A. Means – Exclusive Use of Defined Terms...........................................................5

    B. Legislative History..............................................................................................7

II. Conclusion..................................................................................................................9

III. Verified Affidavit of David Lynwood Toppin..........................................................11

IV. CERTIFICATE OF SERVICE..................................................................................14

## Table of Authorities

### Cases

*Adams v. United States*, 65 Fed.Cl. 217, 225 (U.S.Fed.Cl. 2005).............................................8

*Allen v. Principi*, 237 F.3d 1368, 1375 (Fed.Cir.2001)..............................................................8

Athens Lodge No. 70 v. Wilson, 1953, 117 Cal.App.2d 322, 255 P.2d 482.................................6

Bankline Oil Co. v. Commissioner, 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897and Helvering v. Mountain Producers Corp., 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907, both decided March 7, 1938, overruling Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815 ..........................................................................................................................................4

*Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)....................................8

*Blum v. Stenson*, 465 U.S. 886, 896 (1984)...............................................................................7

*Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)............................8

Burgess v. United States, 553 U.S. 124, 130 (2008) citing Colautti...........................................6

Burgess v. United States, 553 U.S. 124, 131 n. 3 (2008)............................................................5

Burnet v. A. T. Jergins Trust, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925....................................4

*Cherokee Nation of Okla. v. United States*, 73 Fed.Cl. 467, 476 (2006)....................................8

Colautti v. Franklin, 439 U.S. 379, n. 10, (1979).......................................................................7

Colautti v. Franklin, 439 U.S. 392 n10 (1979)......................................................................7

Colautti v. Franklin, 439 U.S., at 392–393, n. 10, 99 S.Ct. 675..........................................6

Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54, (1992)............................................6

*Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)......................................................................................................8

*Darsigny v. Office of Personnel Management*, 787 F.2d 1555, 1557 (Fed.Cir.1986)........8

*Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989)....8

Educational Films Corp. v. Ward, 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226, and in Pacific Co., Ltd., v. Johnson, 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893 ..................................................................................................................................5

Flint v. Stone Tracy Co., 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq...............................................................................................................................5

Fox v. Standard Oil Co. of N. J., 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.).....................................................................................................................6

Fox v. Standard Oil Co. of New Jersey, 294 U.S. 87, 95 (1935).........................................7

Greiner v. Lewellyn, 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676..........................................4

Groman v. Commissioner, 302 U.S. 82, 86 (1937)..............................................................5

Group No. 1 Oil Corporation v. Bass, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032.............4

Haeger Potteries v. Gilner Potteries, 123 F.Supp. 261, 267-268 (S.D.Cal. 1954)...............6

*Heinzelman v. Secretary of Health and Human Services*, 98 Fed.Cl. 808, 816 (2011)......7

Helvering v. Gerhardt, 304 U.S. 405, 418 (1938)................................................................4

Helvering. V. Therrell, 303 U.S. 218....................................................................................4

In re Barnet, 737 F.3d 238, 248 (2nd Cir. 2013).................................................................6

Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277..........5

*James v. Santella,* 328 F.3d 1374, 1381 (Fed.Cir.2003)..........9

McNamara v. Nomeco Bldg. Specialties, Inc., 26 F.Supp.2d 1168, 1174 (D.Minn. 1998)..........6

Meese v. Keene, 481 U.S. 465, (1987)..........7

Meese v. Keene, 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987)..........6

Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384..........4

Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana, 472 U.S. 237, 249, (1985), quoting Colautti v. Franklin, 439 U.S. 379, 392 (1979)..........7

National Life Insurance Co. v. United States, 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72 L.Ed. 968 ..........5

*Norfolk Dredging Co. v. United States,* 375 F.3d 1106, 1110 (Fed.Cir.2004)..........8

*Oklahoma v. New Mexico,* 501 U.S. 221, 234 FN5 (1991)..........7

*Osage Tribe of Indians of Oklahoma v. United States,* 68 Fed.Cl. 322 (U.S.Fed.Cl. 2005)..........8

*Patterson v. Shumate,* 504 U.S. 753, 761, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992)..........8

Price v. Commissioner of Revenue, 1989 WL 158198, *3 (Minn.Tax Ct. 1989)..........7

*Public Employees Retirement system of Ohio v. Betts,* 492 U.S. 158, 185 (1989)..........7

Snyder v. Bettman, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035..........4

*St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 547, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978)..........8

State v. Begay, 225 P.3d 108, 111 (App.Ct.Ore. 2010)..........6

Stenberg v. Carhart, 530 U.S. 914, 942 (2000)..........6

*Sullivan v. Stroop,* 496 U.S. 478, 480, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K-Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988))..........8

*Toibb v. Radloff,* 501 U.S. 157, ——, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991)..................8

*Toibb v. Radloff,* 501 U.S. 157, 162 (1991)..................7

*TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001))..................8

United States Navy-Marine Corps Court of Military Review v. Cheney, 29 M.J. 98, 103 (C.M.A. 1989)..................6

UNITED STATES OF AMERICA v. Mooney, et al., 0-16-cv-0247 (D.Minn. 2018)..................3

United States of America v. Thornton, 0-13-mc-87 (D.Minn. 2013) in Docket 1..................3

United States v. DiCristina, 726 F.3d 92, 99 (2d Cir.2013) (quoting Groman v. Commissioner, 302 U.S. 82, 86 (1937)..................6

*United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955)..................9

United States v. Wacker, No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999)..................3

Verbie v. Morgan Stanley Smith Barney, LLC, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015)..................5

Verbie v. Morgan Stanley Smith Barney, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015)..................6

Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502, (1945)..................7

Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945)..6

Wheeler Lumber Bridge & Supply Co. v. United States, 281 U.S. 572, 50 S.Ct. 419, 74 L.Ed. 1047..................5

Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260..................4

*Zavislak v. United States,* 29 Fed.Cl. 525, 528-529, (U.S.Fed.Cl.1993)..................8

**Statutes**

Public Salary Act of 1939 at 53 Stat. 574-577..................4

Public Salary Act of 1939 the issue of "Federal Income Tax"..................4

**Other Authorities**

2A *Sutherland: Statutes and Statutory Construction* § 46:06 (Norman J. Singer ed., 6th ed.2000).
..............................................................................................................................................9

Attach A—Complaint..................................................................................................1

Attach B—USA...........................................................................................................3

Attach C—Senate Report No. 112...............................................................................4

Attachment A—Doc 5-Amended Complaint..............................................................1

Attachment B—Recording District: Palmer Recording District 311, Palmer, Alaska No. "2018-0136613-0"..................................................................................................3

Attachment C—Senate Report No. 112, February 24, 1939 pg. 15............................4

Dockets 143 and Dockets 168 citing United States v. Garcia, No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013)............................................................................3

Senate Report No. 112, February 24, 1939 pg. 15......................................................4

**Constitutional Provisions**

Tenth Amendment........................................................................................................3

### I. There is No Complaint by the Plaintiff "United States of America"

The essential elements of a Complaint by the "Plaintiff" according to "2 West's Fed. Forms, District Courts-Civil § 7.5 (5ᵗʰ Ed.)," to wit:

> The essential elements of a complaint are a **statement of the subject-matter jurisdictional grounds, a statement of the claim, and a demand for judgment.**[1] The pleading must be divided into numbered paragraphs, each containing, insofar as practicable, a statement of a single set of circumstances.[2] This requirement is intended to provide an easy method of identification for referencing to a particular paragraph in a pleading.[3] Although frequently included in complaints, there is no requirement that a complaint include allegations of venue or personal jurisdiction.
>
> Each claim founded upon a separate transaction or occurrence must be stated in a separate count.[4]

In the Footnotes of Rule 10—Form of Pleadings, to wit:

> **Federal rules providing that title of action in the complaint shall include names of all parties and that civil actions shall be prosecuted in name of the real party in interest** are not a matter of mere administrative convenience for court staff and counsel; rules protect public's legitimate interest in knowing which disputes involving which parties are before the federal courts that are supported with tax payments and that exist ultimately to serve the public. *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137 (S.D.Ind.1996).

In this instant "Case No. 4:17-CV-40011" in the "alleged Complaint" the "Plaintiff" is as an unassailable FACT identified as the "UNITED STATES OF AMERICA" evidenced by **Attachment A—Doc 5-Amended Complaint ("Attach A—Complaint").**

In the **Attach A—Complaint, page 1,** which divided into "The United States of America;" and then, **page 1,** "In Support of this action, the <u>United States</u> alleges as follows" **hereafter in the alleged Complaint until page 19** the "United States of America" appears in **"WHEREFORE, the plaintiff United States of America prays that;"** and then,

---

[1] Fed. R. Civ. P. 8(a).

[2] Fed. R. Civ. P. 10(b).

[3] See Wright and Miller's Federal Practice and Procedure, Civil § 1323.

[4] Fed. R. Civ. P. 10(b).

1
Fourth Motion to Dismiss or Summary Judgement—Memorandum

on **page 21** the "United States of America" appears "The Court award the United States of America such further relief, including the costs of this actions, that the Court deem just and proper."

This alleged Complaint is signed by a "Jeffrey N. Nunez" that is not identified as "Counsel for the United States of America" or "Counsel for the United States."

The **"United States" appears twenty-seven (27) times and NOT** the "United States of America," which is the unassailable fact identified as the "Plaintiff" in the Heading.

The Headings used in the alleged **Attach A—Complaint are: "Facts"** with **"Jurisdiction," "Parties,"[5] "Tax Liabilities of David L. Toppin," "Tax Liabilities of Jennifer Toppin," "The Centerville Property," "The Holden Property," "The Amherst Property," "The Gardner Property," "The United States' Tax Liens," "Count I: Reduce David L. Toppin's Unpaid Federal Income Tax Liabilities to Judgment," "Count II: Reduce David L. Toppin's Unpaid Form 5329 Tax Liability to Judgment," "Count III: Reduce David L. Toppin's Unpaid Restitution Liabilities to Judgment," "Count IV: Reduce Jennifer Toppin's Unpaid Federal Income Tax Liabilities to Judgment," "Count V: Relief with Respect to the Holden Property," "Count VI: Relief with Respect to the Amherst Property," "Count VII: Relief with Respect to the Gardner Property."**

There are "**United States** liens;" and, "The **United States'** Tax Liens," **federal tax liens,**" "The United States is entitled to enforce its liens," "the **United States**, as creditor" and more in this alleged Complaint.

---

[5] The "Plaintiff" in a lapse of Pleading identified all of the Parties except the "United States of America," and the "United States."

And further, in *UNITED STATES OF AMERICA v. Mooney, et al.,* 0-16-cv-0247 (D.Minn. 2018) Judge Nelson's USDC exercising the "judicial power of a district court" in 28 U.S.C. § 132(c) has "held" establishing precedence for the USDCs twice[6] that there is NO legal difference between "United States;" and further in *United States of America v. Thornton,* 0-13-mc-87 (D.Minn. 2013) in Docket 1 "**The United States of America**, on behalf of **its agency**, the **Internal Revenue Service** ("IRS") . . ." The United States/aka/United States of America on behalf of its agency is great way to establish the Real Party of Interest of the "United States"/aka/ United States of America, with its' agency (IRS) and adjudicating the "United States of America is a sovereign body politic" also in this instant Case filed into the public Record being a summary of the public records of various Cases evidenced by **Attachment B—Recording District: Palmer Recording District 311, Palmer, Alaska No. "2018-0136613-0" ("Attach B—USA").** The relationship between "United States" and the "United States being a sovereign body politic" along with the Tenth Amendment will be quite revealing and the Constitution of the United States and the "Government of the United States."

Therefore, is this precedence of Judge Nelson ("Chief Inquisitor") of the USDC exercising the "judicial power of a district court" in 28 U.S.C. § 132(c) in "District of Minnesota" that "held" establishing precedence for the USDCs established by 28 U.S.C. §132(c) twice[7] the precedence and holding of Judge Timothy S. Hillman ("Chief Inquisitor") of the USDC exercising the "judicial power of a district court" in 28 U.S.C. § 132(c) in "District of Massachusetts?" Until the Chief Inquisitor in the District of Massachusetts signs an "Order"

---

[6] Dockets 143 and Dockets 168 citing *United States v. Garcia,* No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker,* No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999).

[7] Dockets 143 and Dockets 168 citing *United States v. Garcia,* No. 13-cr-164 2013 WL 5954688, *5 (D. Minn. Oct. 4, 2013); *United States v. Wacker,* No. 98-3267, 1999 WL 176171, at *2 (10th Cir. Mar. 31, 1999).

3
Fourth Motion to Dismiss or Summary Judgement—Memorandum

acknowledging the precedence and holding of the Chief Inquisitor of the USDC in Minnesota the "alleged Complaint" is prohibited a CON and faux Complaint; therein, requiring the immediate dismissal as a Matter of Law.

And further, in this alleged Complaint we find "**Federal Income Tax**" thirteen (13) times in the Public Salary Act of 1939 at 53 Stat. 574-577 where the United States and the States have agreements to tax each other's employees that has not been disclosed yet in discovery to Toppin wherein as found in the Legislative History of the Public Salary Act of 1939 the issue of "**Federal Income Tax**" is explained and then clarified as evidenced in **Attachment C—Senate Report No. 112, February 24, 1939 pg. 15** ("**Attach C—Senate Report No. 112**") "It should be noted that included in the classes of employees to whom the Commissioner may give relief under this section will be employees of the type involved in the case of *Helvering. V. Therrell*,

303 U.S. 218, since the decision in the *Gerhardt*[8] case clarified and restated the bases for the liability for such persons for **Federal income tax**."

As Toppin is NOT an employee of the Commonwealth of Massachusetts" or the "Untied States" or the "United States of America" therein *flows a fortiori* that Toppin is as a Matter of Law precluding from any "Federal Income Tax" and all "Federal Income Tax Liabilities."

A. **Means – Exclusive Use of Defined Terms.**

In *Verbie v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644, 651 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall apply" throughout the section);

---

[8] *Helvering v. Gerhardt*, 304 U.S. 405, 418 (1938) "**[Y]et the individuals who personally derived profit or compensation from their employment in carrying out the function were deemed to be subject to federal income tax. FN6**

FN6—The following classes of taxpayers have been held subject to federal income tax notwithstanding its possible economic burden on the state: Those who derive income or profits from their performance of state functions as independent engineering contractors, *Metcalf & Eddy v. Mitchell*, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, or from the resale of state bonds, *Willcuts v. Bunn*, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260; those engaged as lessees of the state in producing oil from state lands, the royalties from which, payable to the state, are devoted to public purposes, *Group No. 1 Oil Corporation v. Bass*, 283 U.S. 279, 51 S.Ct. 432, 75 L.Ed. 1032; *Burnet v. A. T. Jergins Trust*, 288 U.S. 508, 53 S.Ct. 439, 77 L.Ed. 925; *Bankline Oil Co. v. Commissioner*, 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897and *Helvering v. Mountain Producers Corp.*, 303 U.S. 376, 58 S.Ct. 623, 82 L.Ed. 907, both decided March 7, 1938, overruling *Burnet v. Coronado Oil & Gas Co.*, 285 U.S. 393, 52 S.Ct. 443, 76 L.Ed. 815. Similarly federal taxation of property transferred at death to a state or one of its municipalities was upheld in *Snyder v. Bettman*, 190 U.S. 249, 23 S.Ct. 803, 47 L.Ed. 1035, cf. *Greiner v. Lewellyn*, 258 U.S. 384, 42 S.Ct. 324, 66 L.Ed. 676; and a federal tax on the transportation of merchandise in performance of a contract to sell and deliver it to a county was sustained in *Wheeler Lumber Bridge & Supply Co. v. United States*, 281 U.S. 572, 50 S.Ct. 419, 74 L.Ed. 1047; cf. *Indian Motocycle Co. v. United States*, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. A federal excise tax on corporations, measured by income, including interest received from state bonds, was upheld in *Flint v. Stone Tracy Co.*, 220 U.S. 107, 162, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312, et seq.; see *National Life Insurance Co. v. United States*, 277 U.S. 508, 527, 48 S.Ct. 591, 595, 72 L.Ed. 968; compare the discussion in *Educational Films Corp. v. Ward*, 282 U.S. 379, 389, 51 S.Ct. 170, 172, 75 L.Ed. 400, 71 A.L.R. 1226, and in *Pacific Co., Ltd., v. Johnson*, 285 U.S. 480, 490, 52 S.Ct. 424, 426, 76 L.Ed. 893."

*see also Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) (describing a **definition** that **uses** the term **"means"** as **exclusive** and a definition that uses that term **"includes"** as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**". In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 (2008) ""[T]he word **'includes'** is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid*. See also *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "**[W]hen an exclusive definition is intended the word 'means' is employed**, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed.**" See also *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); *Verbie v. Morgan Stanley Smith Barney*, LLC, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word **"means,."** In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 156 (2nd Cir. 2015) *see also United States v. DiCristina*, 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) ("When an **exclusive definition is intended the words means is employed.**")). See also *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....**")"

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to be restrictive or **exclusive.** *Athens Lodge No. 70 v. Wilson,* 1953, 117 Cal.App.2d 322, 255 P.2d 482."

In *Stenberg v. Carhart,* 530 U.S. 914, 942 (2000), to wit:

> **When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning.** *Meese v. Keene,* 481 U.S. 465, 484–485, 107 S.Ct. 1862, 95 L.Ed.2d 415 (1987) (**"It is axiomatic that the statutory definition of the term excludes unstated meanings of that term"**); *Colautti v. Franklin,* 439 U.S., at 392–393, n. 10, 99 S.Ct. 675 (**"As a rule, 'a definition which declares what a term "means" ... excludes any meaning that is not stated'** "); *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414 (1945); *Fox v. Standard Oil Co. of N. J.,* 294 U.S. 87, 95–96, 55 S.Ct. 333, 79 L.Ed. 780 (1935) (Cardozo, J.)

See also *Burgess v. United States,* 553 U.S. 124, 130 (2008) citing *Colautti, ibid*; *McNamara v. Nomeco Bldg. Specialties, Inc.,* 26 F.Supp.2d 1168, 1174 (D.Minn. 1998) " In ascertaining the Intent of Congress from a plain reading of a statute, it is fundamental that " 'a statute should be interpreted so as not to render one part inoperative.' " *Mountain States Tel & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, (1985), quoting *Colautti v. Franklin,* 439 U.S. 379, 392 (1979).

In *Colautti v. Franklin,* 439 U.S. 392 n10 (1979) "**As a rule, 'a definition which declares what a term "means"... excludes any meaning that is not stated'.**"

In *Western Union Telegraph Co. v. Lenroot,* 323 U.S. 490, 502, (1945) "Of course statutory definitions of terms used therein prevail over colloquial meanings."

In *Fox v. Standard Oil Co. of New Jersey,* 294 U.S. 87, 95 (1935) "In such circumstances definition by the average man or even by the ordinary dictionary with its studies enumeration of subtle shades of meanings is not a substitute for the definition set before us by

the law makers with instructions to apply it to the exclusion of all others." In *Price v. Commissioner of Revenue*, 1989 WL 158198, *3 (Minn.Tax Ct. 1989) "Moreover, where a statutory definition begins by stating what a defined term "means" rather than "includes," the definition excludes any meaning not specifically stated. *Colautti v. Franklin,* 439 U.S. 379, n. 10, (1979); *Meese v. Keene,* 481 U.S. 465, (1987)."

### B. Legislative History

Legislative History to be relied upon. In *Blum v. Stenson*, 465 U.S. 886, 896 (1984) "Where, as here, resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and **then to the legislative history** if the statutory language is unclear." See also *Toibb v. Radloff,* 501 U.S. 157, 162 (1991): *Public Employees Retirement system of Ohio v. Betts*, 492 U.S. 158, 185 (1989); *Oklahoma v. New Mexico*, 501 U.S. 221, 234 FN5 (1991).

In *Heinzelman v. Secretary of Health and Human Services*, 98 Fed.Cl. 808, 816 (2011), to wit:

> **Statutory interpretation begins with the plain meaning of the language of the statute.** *St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 547, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) ("The starting point in any case involving construction of a statute is the language itself."). **If "the language is clear and fits the case, the plain meaning of the statute will be regarded as conclusive."** *Norfolk Dredging Co. v. United States,* 375 F.3d 1106, 1110 (Fed.Cir.2004). **"When the language of the statute is not clear, canons of construction may be used to determine the meaning of the statute, if possible."** *Cherokee Nation of Okla. v. United States,* 73 Fed.Cl. 467, 476 (2006). One such fundamental canon of statutory construction is that **"the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."** *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). Additionally, **if the statutory language is unclear, the Court will look to the legislative history of the statute.** *See, e.g., Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Allen v. Principi,* 237 F.3d 1368, 1375 (Fed.Cir.2001).

See also *Adams v. United States,* 65 Fed.Cl. 217, 225 (U.S.Fed.Cl. 2005).

In *Zavislak v. United States*, 29 Fed.Cl. 525, 528-529, (U.S.Fed.Cl.1993), to wit:

> Indeed, if a **statute is clear and unambiguous** on its face, **"that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."** *Sullivan v. Stroop*, 496 U.S. 478, 480, 110 S.Ct. 2499, 2502, 110 L.Ed.2d 438 (1990) (quoting *K–Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)); *see, e.g., Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Darsigny v. Office of Personnel Management*, 787 F.2d 1555, 1557 (Fed.Cir.1986). However, when a statute can be read in more than one way, or when a statute is ambiguous on its face, **courts will resort to the legislative history to provide a meaning consistent with what Congress intended.** *Patterson v. Shumate*, 504 U.S. 753, 761, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992) (**"courts appropriately may refer to a statute's legislative history to resolve statutory ambiguity"**); *Toibb v. Radloff*, 501 U.S. 157, ——, 111 S.Ct. 2197, 2200, 115 L.Ed.2d 145 (1991) (**"we first look to the statutory language and then to the legislative history if the statutory language is unclear"**); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

In *Osage Tribe of Indians of Oklahoma v. United States*, 68 Fed.Cl. 322 (U.S.Fed.Cl. 2005), to wit:

> It is a cardinal rule of statutory construction that **"no clause, sentence, or word shall be superfluous, void, or insignificant."** *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)); *United States v. Menasche*, 348 U.S. 528, 538–39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ( **"It is our duty to give effect, if possible, to every clause and word of a statute ...."**) (internal citations omitted); *James v. Santella*, 328 F.3d 1374, 1381 (Fed.Cir.2003) (acknowledging **"the general rule against construing a statute in a way that renders one of its parts inoperative"**); 2A *Sutherland: Statutes and Statutory Construction* § 46:06 (Norman J. Singer ed., 6th ed.2000).

## II. Conclusion

In Toppin's Motion he has presented unassailable facts from the public Record, precedents and holding from the Supreme Court of the United States, from unambiguous Statutes of the United States with Legislative History and Reviser's Notes that mandate that **this USDC**

only course of Action is to dismiss this instant Case has NO Complaint by the "Plaintiff," being the "United States of America."

And further, until the Chief Inquisitor of this USDC in the District of Massachusetts holds and affirms exercising the "judicial power of a district court" authorized by 28 U.S.C. § 132(c) the precedence of the Chief Inquisitor in USDC the District of Minnesota exercising the "judicial power of a district court" authorized by 28 U.S.C. § 132(c) the "United States of America" is legally exactly the same as "United Stated" therein *flows a fortiori* that this Complaint is not a Complaint and therein this instant alleged controversy as a matter of law shall be dismissed with prejudice.

And further, it is an unassailable Fact *this USDC* does not exercise the "judicial Power of the United States" and does not Arise under Article III Sections 1 and 2 of the Constitution of the United States exercising the "judicial Power of the United States" wherein "The **judicial Power** shall extend to all **Cases, in Law and Equity**, **arising under this Constitution**, the **Laws of the United States**, and Treaties made, or which shall be made, under their Authority" therein *flows a fortiori* that ***this Court* is mandated as a matter of law to dismiss this instant Case with prejudice.**

My Hand

*[signature]* all Rights Reserved

## III. Verified Affidavit of David Lynwood Toppin

State of Massachusetts  )
                        ) ss.
Worcester County        )

I, David Lynwood Toppin, swear (or affirm) that the facts in this Motion with its Attachments, that the facts in this Verified Affidavit and the facts in **Attachment B—Certificate of Political Status, Citizen Status and Allegiance, Filed in The Recording District 311 Palmer, Alaska No. "2015-025747-0"** ("Attach B—Status") being a true and correct copy of what is filed into the public record, *infra.*, are true and correct under the penalty of perjury.

1. My true name is David Lynwood Toppin.

2. I am of the age of majority and competent to testify to the facts contained in the Motion to Dismiss and to the facts in this Declaration.

3. I am a "citizen of Massachusetts."

4. I am domiciled in Massachusetts, being one of the several States.

5. I am not a "citizen of the United States."

6. I am a "national of the United States" that owes permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) ""a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

7. I am not domiciled, have residence or reside in any "Federal Area" as defined in codified in 4 U.S.C. § 110.

8. *This Court's* alleged authority is found the public record codified in 28 U.S.C. § 132(c) exercising "[T]he judicial power of a district court" that is derived from the "Territory of Hawaii" as documented in the Reviser's Notes.

9. I have never given *this Court* knowingly, tacitly or by any other means "personal

**jurisdiction.**"

10. I have no known legal obligation for any "income" due to the "United States of America," being the Plaintiff.

11. I have no known legal obligation for any "income" due to the "United States," being an unidentified entity in this Complaint.

12. I have no known legal obligation for any "Income Tax" due to the "United States of America," being the Plaintiff.

13. I have no known legal obligation for any "Income Tax" to the "United States," being an unidentified entity in this Complaint.

14. I have no known legal obligation for any "Federal Income Tax" due to the "United States of America," being the Plaintiff.

15. I have no known legal obligation for any "Federal Income Tax" due to the "United States," being an unidentified entity in this Complaint.

16. I am not domiciled in any "Federal Area" and defined and used in the codified 4 U.S.C. § 110(e).

17. I am not domiciled in the "State" as defined in 4 U.S.C. § 110(d).

18. I am proceeding under threat, duress and coercion.

19. No facts have been provided of the relationship between the "United States of America" and the "United States" in this Complaint.

20. Toppin is not an employee of the "United States of America."

21. Toppin is not an employee of the "United States."

22. Toppin is not an employee of the "Commonwealth of Massachusetts.

23. Toppin is not an employee of the "State of Massachusetts."

24. Toppin is not an employee of Massachusetts, being one of the several States.

25. Toppin is not an employee as used in 26 U.S.C. § 6331.

My Hand, *[signature]*

*all Rights Reserved*

Sworn and Subscribed before me a Notary Public in and for the State of Massachusetts on *December 26, 2018*.

My Civil Commission expires on *Aug 9, 2024*.

*Elizabeth A. Monahan*
Signature of Notary Public

[SEAL]

My Hand,

## IV. CERTIFICATE OF SERVICE

I hereby certify that on December 26th, 2018, a copy of the foregoing Motion with its Attachments and this Verified Affidavit has been made on all counsel of record by ECF and an original was filed into the USDC. Paper service will be made on any party not being served by ECF, as notified by the court.

Date December 26th, 2018

_____

*all Rights Reserved*

14
Fourth Motion to Dismiss or Summary Judgement—Memorandum