IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID L. TOPPIN, )<br>JENNIFER TOPPIN, )<br>DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY as Trustee for RESIDENTIAL )<br>ASSET SECURITIZATION TRUST SERIES )<br>2013-A14, MORTGAGE PASS-THROUGH )<br>CERTIFICATES SERIES 2003-N, )<br>UPS CAPITAL BUSINESS CREDIT f/k/a, )<br>FIRST INTERNATIONAL BANK, )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>TOWN OF HOLDEN, )<br>TOWN OF AMHERST, and )<br>TOWN OF GARDNER, )<br>)<br>Defendants. )<br>_____) | Case No. 4:17−cv−40011−TSH<br><br>Judge Timothy S. Hillman |

## **Plaintiff United States of America's Status Report**

The plaintiff United States of America, through its undersigned counsel, provides the following status report to the Court in advance of the status conference set for February 5, 2019, so that the parties and the Court can have a meaningful dialogue regarding the upcoming schedule in this this matter and how it should proceed.  Separately, the United States will file a response to the defendant David L. Toppin's third, fourth, and fifth "Motions to Dismiss" (Docs. 70, 75, and 76), because these documents were filed immediately prior to or during the lapse in appropriations, and the United States was precluded from responding due to the case being stayed.  *See* Doc. 77.

1

As it pertains to the upcoming status conference, the government notes that the deadline for service of requests for the production of documents, interrogatories, and requests for admission lapsed on December 1, 2019. *See* Doc. 60, ¶3. Prior to the deadline, the government served requests for production, interrogatories, and requests for admission on the defendant Jennifer L. Toppin regarding the amended complaint's fraudulent transfer counts as to the Holden Property, Amherst Property, and Gardner Property. The response date to these discovery requests has been extended by agreement of counsel due to the intervening holidays and lapse in appropriations. The government did not serve discovery requests on the defendant David L. Toppin because, as of December 1, 2018, he had failed to provide initial disclosures, had failed to serve an answer to the amended complaint, and the government was waiting on the Clerk of the Court to take action on its request for entry of default that it filed on November 5, 2018, in preparation for filing a motion for default judgment against Mr. Toppin. *See* Doc. 66.

Mr. Toppin responded to the request for Clerk's Default by filing a second motion to dismiss that contained no new grounds for dismissal from those in his first motion to dismiss. *Compare* Doc. 42 *with* Doc. 68. On December 6, 2018, the Court denied Mr. Toppin's second motion to dismiss, and gave him 10 days to file a Rule 8-compliant answer. *See* Doc. 69. In response, starting on December 14, 2018, Mr. Toppin filed several documents which all appear to be similar to his prior motions to dismiss. To comply with the Court's order that he file an answer, Mr. Toppin appended a blanket denial of all allegations in the amended complaint without regard to facts of which Mr. Toppin clearly has knowledge. *See* Doc. 70, p.2. While the United States will address these filings separately, because the defendant David L. Toppin denied each and every allegation in the amended complaint after discovery closed, the United States could not take any discovery to ascertain which facts in this case are truly in dispute. Accordingly, if the Court is inclined to truly accept Mr. Toppin's filings as an answer that

complies with the Federal Rules, it appears that at the upcoming status conference a modification of the scheduling order will be required so that meaningful discovery can occur regarding Mr. Toppin's federal tax liabilities,

The plaintiff United States will be prepared to discuss a modification of the scheduling order regarding discovery as it pertains to the defendant David L. Toppin's recent filings, if it appears that his general denials and affirmative defenses have any merit that warrant the re-opening of discovery in the case.

Dated: January 31, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice – Tax Division

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-5218 (v)
202-514-5238 (f)
Jeffrey.N.Nunez@usdoj.gov

**Certificate of Service**

      I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on January 31, 2019, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all registered participants, and that I mailed a copy of the same to the following non-registered CM/ECF party via prepaid First Class United States Mail:

David L. Toppin
465 Salisbury Street
Holden, MA 01520

                                    */s/ Jeffrey N. Nuñez*
                                    JEFFREY N. NUÑEZ
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice