IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:17−cv−40011−TSH |
| Plaintiff, ) | |
| ) | Judge Timothy S. Hillman |
| v. ) | |
| ) | |
| DAVID L. TOPPIN, ) | |
| JENNIFER TOPPIN, ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY as Trustee for RESIDENTIAL ) | |
| ASSET SECURITIZATION TRUST SERIES ) | |
| 2013-A14, MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES SERIES 2003-N, ) | |
| UPS CAPITAL BUSINESS CREDIT f/k/a, ) | |
| FIRST INTERNATIONAL BANK, ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| TOWN OF HOLDEN, ) | |
| TOWN OF AMHERST, and ) | |
| TOWN OF GARDNER, ) | |
| ) | |
| Defendants. ) | |

**United States' Response to the Defendant David L. Toppin's Third, Fourth and Fifth "Motions to Dismiss" And Request to Strike Doc. 72 and Direct Clerk to Enter Default**

The plaintiff United States of America, through its undersigned counsel, and in preparation for the status conference set for February 5, 2019, submits its response to the defendant David L. Toppin's third, fourth, and fifth "Motions to Dismiss" (Docs. 70, 75, and 76). The United States also hereby requests the Court to strike the filing at Doc. 72, and direct the Clerk to enter the default of David L. Toppin.

**Procedural Background**

1. As of December 1, 2018, the defendant David L. Toppin had failed to serve an answer to the amended complaint, had failed to provide initial disclosures, and the government was waiting on the Clerk of the Court to take action on its request for entry of default filed on

1

November 5, 2018, in preparation for filing a default judgment motion.  *See* Doc. 66.

2.     Mr. Toppin responded to the Clerk's Default request by filing a second motion to dismiss on November 27, 2018, which was nearly identical his first motion to dismiss.  *Compare* Doc. 42 *with* Doc. 68.

3.     On December 6, 2018, the Court summarily denied Mr. Toppin's second motion to dismiss, and gave him 10 days to file a Fed. R. Civ. P. 8-compliant answer.  *See* Doc. 69.

4.     In response, starting on December 14, 2018, Mr. Toppin filed several documents that all appear similar to his prior motions to dismiss in that they contain mostly copy-and-paste jurisdictional arguments that the Court already rejected.  But in order that he appear to comply with the Court's order to file an answer, Mr. Toppin appended a blanket denial of all allegations without regard to facts of which Mr. Toppin clearly has knowledge, which was initially titled "Memorandum of Second Motion to Dismiss."  *See* Doc. 70, p.2.  Part "II" of this filing, on page 2, includes a statement that "Toppin is without knowledge or information sufficient to form a belief of the truth of the allegations and therefore they are denied in total."  Four days later Mr. Toppin filed two documents: (1) Doc. 71, titled "Errata for Docket 70 Page 1 of 38," in which he stated that he had mistitled Doc. 70 and meant to title it "Answer and Affirmative Defense" and made a similar mistake in its opening paragraph, and (2) and Doc. 72, titled "Answer and Affirmative Defense" which is a single page that retitles the first page of Doc. 70 and amends its opening paragraph to style it as an answer and affirmative defense rather than a memorandum.

5.     In light of the lapse in government appropriations, the government requested that the Court stay the case and extend the deadlines "commensurate with the duration of the lapse of appropriations," *see* Doc. No. 73 at ¶ 4, and the Court allowed the motion, *see* Doc. No. 77.

6.     Mr. Toppin has also filed a fourth (Doc. 75), and fifth (Doc. 76) "Motion to Dismiss".

7. On January 31, 2019, the United States notified the Court that the stay should be lifted in light of the restoration of government appropriations, and filed a status report in advance of the status conference set for February 5, 2019. Docs. 78 and 79.

**<u>Point I: The Defendant's Filings do not Constitute a Valid or Good-Faith Answer</u>**

The stay in this case has been lifted, and the government now makes its response to the filings made by the defendant Mr. Toppin immediately before, or during, the lapse in appropriations because the government was precluded from filing a response. The government contends that none of the documents qualifies as an answer under Rule 8, because as a practical matter, Mr. Toppin only made a two-sentence blanket denial of all 83 factual allegations in the amended complaint after default had been requested. His professed lack of knowledge of all facts is plainly not asserted in good faith, and the remainder of Doc. 70 confirms that the document is not a good-faith pleading. The Court should view these self-promotional documents as further evidence that the defendant is a tax defier, otherwise known as a tax protester, and accordingly treat each of the documents as a nullity.

Mr. Toppin's blanket denials based on asserted lack of knowledge ranges from the frivolous, such as denying the allegation that he resides at 465 Salisbury St., Holden, MA (despite this being the very address that he includes as his return address on all of his filings), to more serious bad-faith denials, such as Mr. Toppin's denial that he was found guilty by this Court of felony tax evasion after a jury trial in 2013. *See generally* Docs. 70-72. Mr. Toppin fails to make specific denials of each of the United States' factual allegations as required by Fed. R. Civ. P. 8(b). Rather, these blanket denials seem to be based on the circular reasoning that "United States of America" and the shorthand "United States" as used in the government's pleadings makes the allegations invalid. The government argues that these filings do not alter the conclusion that Mr. Toppin has failed to defend or otherwise plead in good faith, even after

the government filed an application for Clerk's Entry of Default (Doc. 66).

Because he has not specifically admitted, denied, or stated that he is without knowledge of <u>each of the factual allegations</u> in the amended complaint, the United States' factual allegations should be deemed admitted under Fed. R. Civ. P. 8(b)(6). *See Trustees of IBEW Local No. 7 Pension Fund v. DAW MAC Service, Corp.*, 2014 WL 4656874, at *3 (D. Mass. Sep. 15, 2014) (citing *Manahor v. United States*, 192 F.2d 873, 876 (1st Cir, 1951)). *See also* Fed. R. Civ. P. 8(b) (requiring in subsections (b)(2) and (b)(3) that a party admit or deny each and every allegation, that denials must fairly respond to the substance of the allegations, and that any general denials must be made in good faith). The denials are improper and not made in good faith because they do not fairly respond to the detailed substance of each allegation, and Mr. Toppin denied allegations for which he clearly has information or knowledge of and knows are true. Mr. Toppin continues to refuse to participate in this case in a meaningful way, and only seeks to delay the proceedings. The recalcitrant attitude evidenced in his filings prejudice all parties since they are preventing the meaningful resolution of this dispute, and they should be rejected and stricken from the docket.[1]

**Point II: Entry of Default is Still Proper**

The United States requests that the Court order the Clerk to enter the request for Clerk's

---

[1] Although proceeding *pro se*, Mr. Toppin appeared to understand that under Rule 12(a)(4)(A), he was required to serve a responsive pleading within 14 days of the denial of his motion to dismiss in March 2018. He participated in the L.R. 16.1 report, and appeared in-person at the Court's Scheduling Conference conducted on May 9, 2018. *See* Docs. 58 and 59. Yet, he refused to participate in the case for nearly six months which has wasted the Court and parties' time. Additionally, he failed to serve initial disclosures as required by the Court's Scheduling Order (Doc. 60). On October 23, 2018, the government sent a demand letter to Mr. Toppin, admonishing him that if he did not file an answer or serve initial disclosures, the United States would seek to default him for failure to participate in this case. The demand letter was sent via certified mail, and the U.S. Postal Service confirmed that the letter was delivered to Mr. Toppin on November 5, 2018 (at the address he nonetheless denies that he resides at).

Entry of Default filed on November 5, 2018 (Doc. 66), in preparation for filing a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Mr. Toppin was provided with advance notice of the United States' application for Clerk's Entry of Default by U.S. Mail.  The United States requests that the Clerk be directed to enter default because Mr. Toppin has not complied with the Federal Rules, and his refusal to participate in this case other than by filing documents that contain discredited tax protester arguments prejudices all parties, wastes the Court's time, needlessly delays this proceeding, and incurs costs for all parties.[2]

Default judgment under Rule 55(b) is still the appropriate and preferable course of action because the defendant David L. Toppin, while he has "appeared," has totally failed to plead or otherwise defend.  *See, e.g., Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 352-353 (1st Cir. 1996); *Mach v. Fla. Casino Cruise, Inc.*, 187 F.R.D. 15, 17-18 (D. Mass. 1999).  Mr. Toppin's improper general denials, and copy-and-pasted "arguments" operate as an admission of the allegations in the amended complaint.  *Cf. Mills v. Turner*, 2017 WL 3670967, at *12 (D. Mass. Aug. 25, 2017).  Clerk's Default is sought so that the United States may pursue a default judgment.  Taken as a whole, the defendant's filings demonstrate no new grounds for dismissal, and the documents contain the same re-hashed and discredited arguments of a tax defier.  No matter how deferential a light his *pro se* filings are viewed with, they are not an

---

[2] Despite not serving initial disclosures or an answer, Mr. Toppin served 42 pages of discovery requests after the government requested Clerk's Entry of Default (the discovery also contained three attachments totaling 79 pages, which appear to be the declaration of an unknown person publicly recorded in Alaska, and excerpts from the legislative history of the 76th and 80th Congresses).  The written discovery is abusive, dilatory and outside the scope of discovery because it is aimed at Mr. Toppin's "arguments" that this Court does not have jurisdiction, despite the Court already finding that jurisdiction exists.  One example of the stock tax protester discovery is the tenth request for admission which asks: "Please **ADMIT** or **DENY** in this case that the 'sovereign body politic' in the unassailable facts as evidenced in **Attach A–USA of** 'UNITED STATES OF AMERICA is a sovereign body politic' is Congress comprised only of the House of Representatives of the United States of America in Congress assembled" [sic].  The United States will separately respond and/or object to these discovery requests in writing.

answer under Rule 8 and Mr. Toppin should be defaulted. Alternatively, the Court may enter default judgment without the prior entry of default as a sanction for consistent and repeated bad faith filings. *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 436 (1st Cir. 2015) (holding that a trial court is well within its discretion to impose default judgment as a sanction against an obstinate defendant); *United States v. Ottati & Goss, Inc.*, 900 F.2d 429, 444 (1st Cir. 1990) (discussing that a trial court has inherent power under Rules 16(f) and 37(b) to impose sanctions for abusive litigation practices, including dismissal or default judgment); *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 37-38 (1st Cir. 2002) (recognizing that under Rule 16(f) and L.R., D. Mass. 1.3, the sanction of default judgment is within trial court's discretion).

**Point III: Mr. Toppin's Conduct is Causing Irreparable Harm**

The delay is causing irreparable harm, as will be described at the forthcoming status conference. The United States is seeking to enforce liens, including a restitution lien that is *res judicata* from a criminal judgment in this Court, against real properties that no longer belong to Mr. Toppin because he fraudulently transferred them to his wife. Under state law, he cannot claim any interest in them as the fraudulent transfers are void only as to defrauded creditors.[3] Yet he has failed to make mortgage payments or pay property taxes, causing the United States' liens to devalue. His wife moved to sell those two properties in the state court divorce

---

[3] It was established very early in Massachusetts that a transfer of property, fraudulent and void as to creditors, is nevertheless valid as to the grantor and others. *Schmidt v. Schmidt*, 216 Mass. 572, 104 N.E. 474 (1914). *See also Drinkwater v. Drinkwater*, 4 Mass. 354 (1808); *Clapp v. Tirrell*, 37 Mass. 247 (1838); *Harvey v. Varney,* 98 Mass. 118 (1867); *Stillings v. Turner*, 153 Mass. 534 (1891); *Dunne v. Cunningham*, 234 Mass. 332 (1920). Current statutory provisions continue this approach. Sections 5(a) and 6(a) of M.G.L. chapter 109A both provide that "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor" under the circumstances stated in each section. Section 8, entitled "Creditor's remedies," states that a creditor may obtain avoidance of the transfer "to the extent necessary to satisfy the creditors claim." Mr. Toppin cannot avoid his own fraudulent transfers and yet is stalling enforcement of the federal tax liens and criminal restitution lien.

proceeding and escrow the proceeds, and the United States agreed to allow her to sell them, but Mr. Toppin opposed and is frustrating the ability to liquidate the properties. Accordingly, the United States will ask this Court to appoint a receiver *pendent lite* to sell the properties in Holden and Gardner.

**Point IV: The Motions to Dismiss are Frivolous and Mr. Toppin's Conduct is Sanctionable**

The Court must not ignore the fact that Mr. Toppin engaged in similar conduct during his criminal trial in 2012 and 2013. In that proceeding, after a five-day jury trial, he was found guilty of tax evasion pursuant to 26 U.S.C. § 7201. *See United States of America v. David L. Toppin*, Case no. 4:11-cr-40023-TSH (D. Mass. Jun. 18, 2013) (Doc. 242) (the "Criminal Case"). While Mr. Toppin eventually retained counsel in the Criminal Case, he initially appeared *pro se* and advanced a defense based solely on his alleged belief that he was not required to file tax returns and pay income taxes. *See Trial Brief of the United States*, Criminal Case Doc. 70. A jury of his peers, after three hours of deliberations, rejected this defense and the argument of his defense counsel that Mr. Toppin's conduct could be explained by the fact that he was delusional, similar to Howard Hughes. *See Day Five of Jury Trial Transcript*, Criminal Case Doc. 275, p.77- 78. Mr. Toppin's defense counsel also conceded in closing arguments that Mr. Toppin owed the delinquent taxes which make up the balance of his criminal restitution. *Id.* at 81-82. In short, it is clear from the record present before the Court that Mr. Toppin is a vexatious litigant. [4]

Given Mr. Toppin's usage of tax defier arguments and terminology, it is unnecessary for

---

[4] The docket in the Criminal Case shows that Mr. Toppin filed no less than eight motions to dismiss, all of them frivolous. One example of this frivolity is where Mr. Toppin compared his situation to that of a leaf sitting on the ground outside of his domicile, and asked the Court rhetorically whether the government had the power to remove the leaf. *See* Criminal Case Doc. 22. Other frivolous filings included a *Motion to Avoid Mistrial for Upcoming Trial By Treason*, Criminal Case Doc. 6; and, *Motion to Obey the Constitution for the United States above all Other Laws Applicable Thereto* [sic], Criminal Case Doc. 7.

the United States to go down a rabbit hole to methodically refute each of these tired arguments in his motions to dismiss that are patently frivolous, and have no merit whatsoever. This is because refuting them "might suggest that these arguments have some colorable merit." *See Crain v. Commissioner of Internal Revenue*, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (granting the United States a $2,000 damages award because it was forced to submit briefing for a "meritless" appeal by a tax defier). The government points to the approach of the United States Tax Court demonstrated in *Wnuck v. Commissioner of Internal Revenue*, 136 T.C. 498 (2011) and *Aldrich v. Commissioner of Internal Revenue*, T.C. Memo. 2013-201 (2013), indicating that the government need not waste its time and resources to refute each of Mr. Toppin's tired and shopworn "arguments" one-by-one, and neither should the Court. If the Court follows the reasoning in *Crain*, *Wnuck*, or *Aldrich*, it is simply unnecessary to address Mr. Toppin's arguments any further in order to rule that the pending "Motions to Dismiss" should be summarily denied. Because Mr. Toppin presents no facts and his papers contain tax defier arguments, we will not offer any direct response here via a lengthy memorandum of points and authorities because such an effort would be "futile and wasteful." *United States v. True*, 2003 WL 21254889, at *1 (M.D. Fla. Apr. 25, 2003) (declaring in a civil tax case that the defendant was a vexatious litigant because of his frivolous tax defier arguments (citing *Crain v. Commissioner,* 737 F.2d 1417 (5th Cir. 1984)); *see also Wnuck*, 136 T.C. at 501.

Mr. Toppin's papers disregard facts, and evidence a disrespect for the authority and jurisdiction of this Court. *See, e.g.*, Doc. 68 at p.3, Doc. 70 p.15-16. Such frivolous filings should not be tolerated. However, monetary sanctions are of no use here as Mr. Toppin already owes the United States more than he will ever likely be able to pay. Ergo, the threat of monetary sanctions will not affect his conduct. But this Court has authority to impose a default judgment as a sanction. Alternatively it may impose a vexations litigant injunction against Mr. Toppin,

precluding the Clerk from accepting the filing of papers on the docket unless they are pre-screened by the Court.[5]

## Conclusion

For the reasons stated herein, the defendant David L. Toppin's third, fourth, and fifth "Motions to Dismiss" as well as his "Answer and Affirmative Defense," should be denied and Doc. 72 should be stricken from the docket, and the Clerk of the Court should be directed to enter the default of the defendant David L. Toppin, so that the United States may then move for a default judgment against him. Alternatively, the Court should grant default judgment as a sanction for his vexatious filings.

Dated: February 1, 2019

                                          Respectfully submitted,

                                          RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General
                                          U.S. Department of Justice – Tax Division

                                          */s/ Jeffrey N. Nuñez*
                                          JEFFREY N. NUÑEZ
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55
                                          Washington, D.C. 20044
                                          202-616-5218 (v)
                                          202-514-5238 (f)
                                          Jeffrey.N.Nunez@usdoj.gov

---

[5] There is ample authority for this remedy even where the United States is a party and the vexatious litigant is a *pro se* litigant, and where the flagrant misconduct has been the filing of frivolous motions and other papers rather than the serial baseless lawsuits. *See United States v. Buczek*, 531 F. App'x 105 (2d Cir. 2013) (leave-to-file injunction can be imposed for frivolous motions and filings in the appellate context); *United States v. Fabricant*, 2015 WL 12857301, at *8 (C.D. Cal. Nov. 18, 2015) (imposing leave-to-file injunction against a *pro se* litigant for repeated frivolous filings); *Plante v. U.S. Dept. of Interior*, 2015 WL 631197, at *2 (D.R.I. Feb. 12, 2015) (imposing leave-to-file injunction); *see also Azubuko v. MBNA America Bank*, 396 F. Supp. 2d 1, 7-8 (D. Mass. 2005) (discussing when entry of judgment as a sanction against a vexatious litigant was proper after a leave-to-file order was violated).

**Certificate of Service**

  I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on February 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all registered participants, and that I mailed a copy of the same to the following non-registered CM/ECF party via prepaid First Class United States Mail:

David L. Toppin
465 Salisbury Street
Holden, MA 01520

             */s/ Jeffrey N. Nuñez*
             JEFFREY N. NUÑEZ
             Trial Attorney, Tax Division
             U.S. Department of Justice