IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:17−cv−40011−TSH |
| Plaintiff, ) | |
| ) | Judge Timothy S. Hillman |
| v. ) | |
| DAVID L. TOPPIN, ) | |
| JENNIFER TOPPIN, ) | |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY as Trustee for RESIDENTIAL ) | |
| ASSET SECURITIZATION TRUST SERIES ) | |
| 2013-A14, MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES SERIES 2003-N, ) | |
| UPS CAPITAL BUSINESS CREDIT f/k/a, ) | |
| FIRST INTERNATIONAL BANK, ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| TOWN OF HOLDEN, ) | |
| TOWN OF AMHERST, and ) | |
| TOWN OF GARDNER, ) | |
| Defendants. ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S "MOTIONS TO STAY TIMELINES . . ."**

The plaintiff United States of America, hereby opposes the defendant David L. Toppin's filings at Docs. 83 and 84, which essentially ask the Court to put the case on hold until the United States, the Commonwealth of Massachusetts, and UPS Capital Business Credit – the holders of liens on properties titled to Mr. Toppin's wife – answer abusive discovery requests the defendant has served. The two motions appear to be identical except for making the second one an "expedited" motion. The motions are, like the discovery they ask the Court to elevate in importance, frivolous, and should be summarily denied. Moreover, the motions (and the discovery requests themselves) confirm that this Court should proceed with dispatch to appoint a receiver to sell the Holden and Gardner Properties, evict Mr. Toppin who has no legally

1

cognizable interest in these properties because they are held solely in the name of Jennifer Toppin, and who has concurred in the United States' request to appoint a receiver. We first address Mr. Toppin's motions and then his discovery.

## The Motions

Mr. Toppin's stay motions (Docs. 84 and 85) continue to reflect his tax protestor-type arguments. By asking to stay the time to answer the complaint further, moreover, he is defying this Court's rulings. A look at the "Table of Contents" on page 2 of the stay motions plainly reveals their frivolousness. The first substantive heading (part II) is: "The 'United States of America' Has Not Established Standing in this Instant Controversy." Part III is: "There Has Been No Appearance for the 'Counsel for the United States of America' or for the 'Counsel for the United States' [Sic]." Part IV is titled: "The 'United States of America is a Sovereign Body Politic' Has NOT Identified Itself Yet." Part V is: "The Internal Revenue Code is Only for 'citizen of the United States'." Finally, Part VI is: "Public Salary Tax Act of 1939, 53 Stat. 574-577, on 'Federal Income Tax' referencing *Helvering v. Gerhardt*, 304 U.S. 405, 418 w/FN6 [extensive details] (1938) Precludes Toppin Jurisdictionally." (Brackets in original.)

These arguments are typical of gibberish used by tax protestors or tax defiers in judicial proceedings in order to delay them. The overall thrust of Toppin's stay motions is the argument that the responses to his discovery will reveal that the Court should grant his motions to dismiss for lack of jurisdiction. So it is also appropriate to take a look at his discovery. Doing so confirms that they are abusive and directed at delaying the Court from ordering sales of real properties that Mr. Toppin does not own, but also refuses to vacate so that his wife can sell them.

## The Discovery

Mr. Toppin's First Set of Discovery is composed of integrated requests for admission, interrogatories, and requests for production, and was served upon the United States via U.S. Mail

on December 3, 2018. At the status conference on February 5, 2019 (Doc. 82), in response to Mr. Toppin's oral motion to compel, the Court indicated that the discovery itself was premature until the Court resolved Mr. Toppin's third, fourth, and fifth "motions to dismiss" and the Court set a motions hearing for March 7, 2019, to consider the various motions that are pending on the docket. Also, the United States' request for default is still pending.[1] The United States also previously informed the Court and Mr. Toppin that it would be objecting to his discovery requests. *See* Doc. 80, n.2. Nevertheless, the United States will serve responses prior to the next March 7 motion hearing (again, the responses will mostly be objections).

Mr. Toppin's discovery consists of 42 pages, and also contains three attachments totaling 79 pages, which appear to be the declaration of an unknown person publicly recorded in Alaska, and excerpts from the legislative history of the 76th and 80th Congresses. The defendant's discovery requests are now on file and available to the Court as Attachments A and B to Mr. Toppin's "expedited motion to compel." (Doc. 84). The United States contends that these discovery requests are abusive, dilatory and outside the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1), insofar as they are aimed at Mr. Toppin's frivolous arguments that this Court does not have jurisdiction.

Other Courts that have faced the issue of voluminous discovery requests from tax defiers on largely jurisdictional grounds have held that it is proper to disallow the discovery in either the civil or criminal contexts. *See Sloan v. C.I.R.*, 102 T.C. 137, 139-40 (1994) (finding it proper to grant the government's protective order regarding tax protester-based discovery topics); *cf. United States v. Bohrer*, 807 F.2d 159, 161 (10th Cir. 1987) (holding in a criminal context that

---

[1] Mr. Toppin not only has failed to serve an answer but also initial disclosures (which failure continues as of this filing), and he generally failed to participate in this case for the six months preceding the service of his discovery requests.

tax defier-based defenses or theories of the case are not proper discovery topics); *United States v. Kahl*, 583 F.2d 1351, 1354-55 (5th Cir. 1978) (same). *See also United States v. Bogart*, 2014 WL 3385069, *2 (M.D. Pa. Jul. 9. 2014) ("unmeritorious tax protester" theories evidenced in the Bogarts' discovery requests and motion to compel were not relevant to the case, and any potential government response to the discovery would be "unreasonably cumulative, not calculated to lead to the discovery of new relevant information, and overly burdensome."), *aff'd* 715 F. App'x 161, 165-66 (3d Cir. 2017) (discovery regarding meritless contentions about the tax assessments or frivolous jurisdictional questions was properly denied).

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), when a party attempts to go beyond the scope of discovery allowed by the Fed. R. Civ. P. 26(b)(1), a Court may issue a protective order *sua sponte* to preclude the discovery requests without the aggrieved party moving for a protective order. *See Green v. Cosby*, 2017 WL 1377593, at * 2 (D. Mass. Apr. 11, 2017) (holding in the context of granting a motion to quash, that under Rule 26(b)(2)(C)(iii) a Court may *sua sponte* (or upon motion) limit the frequency or extent of discovery if the proposed discovery exceeds the scope permitted by Rule 26(b)(1)).

While the defendant David L. Toppin did participate in the development of a discovery plan in this case, the only topics that he wished to take discovery on were his jurisdictional and constitutional defenses regarding the Internal Revenue Code. *See* Doc. 58, p.2. In denying his motion(s) to dismiss that raised these very arguments, and by finding that it had jurisdiction over this case, the Court has rejected the only defenses that the defendant raised. *See* Docs. 53 and 69. As such, Mr. Toppin's discovery requests, all of which seek to support his jurisdictional and constitutional defenses, are improper because they are outside what is allowed by Fed. R. Civ. P. 26(b)(1). It follows that it is improper to stay the case until the United States complies with the discovery.

Finally, Mr. Toppin's discovery requests evidence a bad-faith motive when evaluated by: (1) looking to his course of conduct throughout the pendency of this case, and when viewed in light of the defendant's failure to participate in this litigation in a meaningful and productive way; (2) his disregard for Court orders by not filing an answer or serving initial disclosures; and, (3) especially when the topics of his discovery speak squarely to jurisdictional defenses precluded by this Court's denial of his motions to dismiss. The United States maintains that Mr. Toppin's discovery requests are made for the improper motives of delaying these proceedings, and to harass or distract the government and this Court from proceeding to entry of a final judgment which the government requested by application for Clerk's default on November 5, 2018, after Mr. Toppin refused to participate in this case for nearly 6 months. *See* Doc. 66.

**The Court has inherent power to issue a protective order without motion.**

The record is clear that the only motive for the defendant's discovery requests and the motions to stay the case is to delay these proceedings and harass the United States by seeking information beyond the scope of allowable discovery. The United States requests that the Court now exercise its inherent authority under Fed. R. Civ. P. 26(b)(1) and 26(b)(2)(C)(iii), and issue a protective order to relieve the United States from responding to the defendant's First Set of Discovery Requests without a separate motion for a protective order. This Court has previously held that when a party attempts to go beyond the scope of discovery allowed by the Fed. R. Civ. P. 26(b)(1), or the discovery is unduly burdensome or not proportional to the needs of the case, a Court may *sua sponte* limit the discovery without a motion. *Green*, 2017 WL 1377593 at * 2; *see also S.E.C. v. Navellier & Associates, Inc.*, 2019 WL 688164, *1-*2 (D. Mass. Feb. 19, 2019). Because the defendant's course of conduct and his proposed discovery exceeds the scope permitted by Rule 26(b)(1), in that it is not relevant to any defense not already rejected by the Court, it serves no purpose but to unduly burden and harass the United States.

A protective order is appropriate because it is clear that the defendant has no serious defense to the amended complaint to which any of his discovery responses would apply, and his intent is to keep recycling the jurisdictional tax defier defenses over and over to prevent the Court from rendering a decision on the merits.

**Conclusion**

For the reasons stated herein, the Court should deny the defendant David L. Toppin's two "motions to stay," and enter a protective order regarding his First Set of Discovery Requests, and any further discovery requests which seek information on tax defier-related topics.

Dated: February 25, 2019

                                          Respectfully submitted,

                                          RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General
                                          U.S. Department of Justice – Tax Division

                                          */s/ Jeffrey N. Nuñez*
                                          JEFFREY N. NUÑEZ
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          P.O. Box 55
                                          Washington, D.C. 20044
                                          202-616-5218 (v)
                                          202-514-5238 (f)
                                          Jeffrey.N.Nunez@usdoj.gov

# CERTIFICATE OF SERVICE

      I, Jeffrey N. Nunez, pursuant to D. Mass. Civ. L.R. 5.2(b), hereby certify that on February 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all registered participants, and that I mailed a copy of the same to the following non-registered CM/ECF party via prepaid First Class United States Mail:

David L. Toppin
465 Salisbury Street
Holden, MA 01520

                                            */s/ Jeffrey N. Nuñez*
                                            JEFFREY N. NUÑEZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice