FILED
IN CLERKS OFFICE

**David Lynwood Toppin**
465 Salisbury Street
Holden, Massachusetts
978-669-0060

U.S. DISTRICT COURT
DISTRICT OF MASS.

## "DISTRICT COURT OF THE UNITED STATES"
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | |
|---|---|
| **"UNITED STATES OF AMERICA"** <br> Aka **"UNITED STATES"** <br><br> Plaintiff, <br><br> *versus* <br><br> **David Lynwood Toppin,** *in* <br> *propria persona, et seq.* <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     **Case No. 4:17-CV-40011-TSH** |

**Fifth Motion to Dismiss with Prejudice and  Motion to Compel the "United States of America" aka "United States" to Answer the Interrogatories, Admissions and Provide Discovery including Provide Evidence of All Notices of Deficiency**

### Table of Contents

I. General Background Information.................................................................................1

  A. Actual Notice that Timothy S. Hillman Is Liable...............................................1

II.  There Has Been NO "Actual Notice " of a "Notice of Deficiency" Which is Required Before
any Assessment and Collection "Procedures" Can Proceed.........................................2

  A.  No "Actual Notice"  of a "Notice of Deficiency" as Mandated by the IRC Before
Assessment and Before Collection...........................................................................3

    a. Behalf Means.....................................................................................................4

    b. Lawyers LIE with Impunity.............................................................................6

    c. Who is the "United States of America" aka "United States" and who is Nunez?..............7

    d. Actual Notice  of Deficiency and What is an Actual Notice..............................8

e. Actual Notice Means "Awareness of sufficient facts to State a Claim;" and, "receipt of Notice"; and, Actual Notice means that a person actually knows or could discover by making a reasonable investigation; and, "Express information of a fact;" and "Actual Notice is a question of fact."......................................................................................................12

III.  Conclusion.............................................................................................................15

IV.  Verified Affidavit of David Lynwood Toppin.......................................................17

IV.  CERTIFICATE OF SERVICE...............................................................................20

## I.  General Background Information

Comes now **David Lynwood Toppin** ("Toppin") with limited and special appearance with his **Fifth Motion to Dismiss with Prejudice and Motion to Compel the "United States of America" aka "United States" to Answer the Interrogatories, Admissions and Provide Discovery including Provide Evidence of All Notices of Deficiency ("Fifth Motion")** in "the Court" ("District Court of the United States") arising under Article III Sections 1 and 2 of the Constitution of the United States exercising the "judicial Power of the United States" and not *"this Court"* being the "United States District Court," *i.e.* ("USDC") that is operating under the codified 28 U.S.C. § 132 exercising ONLY the "**judicial power of the district court** . . . may be exercised by a single judge," being the definition of a "inquisitor" operating the **USDC, established according the "accepted practice" from the "Territory of Hawaii" court of which the USDC and the Chief Inquisitor** (Timothy S. Hillman) **have "actual Notice,"** *infra*. **that the USDC is merely the Star Chamber using the "cruel trilemma" of merry ole England with some new twists and obfuscations.**

## A.  Actual Notice that Timothy S. Hillman Is Liable

Toppin is giving an "Actual Notice" by this Motion to the Chief Inquisitor ("Hillman") that he  has exceeded all of the essential elements in the holding in *Stump v. Sparkman,* 435 U.S. 349, 349, 356-357 (1978) "Held:  . . . (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the "**clear absence of all jurisdiction,**" *Bradley v. Fisher*, 13 Wall. 335, 351, 20

L.Ed. 646.   Pp. 1104-1105 (1871)," which the Record to date clearly establishes this unassailable fact.

## II.  There Has Been NO "Actual Notice " of a "Notice of Deficiency" Which is Required Before any Assessment and Collection "Procedures" Can Proceed.

The Chief Inquisitor is using the Star Chamber tactics of "cruel trilemma" totally ignoring the Internal Revenue Code ("IRC") and the "Laws of the United States" with the assistance of a "Jeffrey Nunez" ("Nunez") whom has yet to make a formal appearance as the "counsel for the United States of America," or "counsel for the United States."

In *United States v. Baggot*, 463 U.S. 476, 483 (1983), to wit:

> The IRS's decision is largely self-executing, in the sense that **it has independent legal force of its own, without requiring** prior validation or enforcement by a court. The IRS need never go into court to assess and collect the amount owed**; it is empowered to collect the tax by non-judicial means (such as levy on property or salary, 26 U.S.C. §§ 6331, 6332), without having to prove to a court the validity of the underlying tax liability.** Of course, the matter may end up in court if Baggot chooses to take it there, but that possibility does not negate the fact that the primary use to which the IRS proposes to put the materials it seeks is an extrajudicial one-**the assessment of a tax deficiency by the IRS**.

The Chief Inquisitor's and Nunez's CON world exists as evidenced by **Attachment 1—Volume 92 Pt. 2 Congressional Record Excerpt Senate March 12, Pgs. 2148-2149, 2155; and, the Congressional Record excerpt of the House May 24, Page 5656 for the Administrative Act of 1946 ("Attach 1—Cong.Rec. 1946:").** to wit:

> Mr. McCarran.  MR. President, it has been said that the law is a jealous mistress.  I regret exceedingly that I cannot have before me at this moment every Member of the Senate of the United States so that each might listen to the explanation of a bill *which to my mind and to the mind of the bar of America is one of the most important measures that has*

*been presented to the Congress of the United States in its history.*

*We have set up a fourth order in the tripartite plan of Government which was initiated by the founding fathers of our democracy. They set up the executive, the legislative, and the judicial branches*; but since that time *we have set up a fourth dimension,* if I may so term it, which is popularly known as administrative in nature. *So we have the legislative, the executive, the judicial, and the administrative.*

Perhaps there are reasons for that arrangement. We found that the legislative branch, although it *might enact law, could not very well administer it.* So the legislative branch *enunciate* the legal precepts and *ordained* that commissions or groups should be established by the executive branch with *power to promulgate rules and regulations. These rules and regulations are the very things that impinge upon, curb, or permit the citizen who is touched by the law*, as ever citizen of this democracy is.

The bill comes from the Committee on the Judiciary of the Senate of the United States, and I think it should be explained to every Member of the Senate, because the Committee on the Judiciary desires that there should be a full understanding of its provisions and purposes. The Committee on the Judiciary is the law committee of this body, and *the law is the thing which makes democracy vital. This is not a Government of men. It is a Government of law*; and this law is a thing which, every day from its enactment until the end of time so far as this Government is concerned, *will touch every citizen of the Republic.* So proceed with a detailed explanation of a bill which should be listened to by every Member of the Senate.

Mr. President, Calendar No. 758, Senate bill 7, the purpose of which is to improve the administrative of justice by **prescribing fair administrative procedure**, is a *bill of rights* for the hundreds of thousands of Americans whose affairs are controlled or regulated in one way or another by agencies of the Federal Government. It is designed to provide guaranties of *due process of administrative procedures*.
* * *

The subject of *administrative law and procedure is not expressly mentioned in the Constitution*, and there is no recognizable body of law, as there is for the courts in the Judicial Code. *[Emphasis added]*

## A. No "Actual Notice" of a "Notice of Deficiency" as Mandated by the IRC Before Assessment and Before Collection.

Nunez and Chief Inquisitor are obligated verify that there does in reality an "actual

Notice" of the statutory IRC requirement, being the first step, *i.e.*, a "**Notice of**

Deficiency" exists, which it DOES not Exist as evidenced by a true and correct copy of the public record evidenced by **Attachment 2—Docket Sheet of "David Lynwood Toppin" in "Docket No. 003998-18" of the United States Tax Court ("Attach 2—Tax Court Docket Sheet").**

That "Notice of Deficiency" does not exist is also evidenced by the authority stemming from the "Temporary Special Counsel" William M. Paul in IRC § 7803(b) signed by a Erika B. Cormier filed into **Tax Court Docket No. 3998-18** being **Attachment 3—IRS Motion to Dismiss ("Attach—IRS Motion").**

Tax Court Case No. 3998-8 as Dismissed for lack of jurisdictions as evidenced by Docket 6 in **Attach 2—Tax Court Docket Sheet.**

Further Evidence is a true and correct copy of a response from the IRS in a letter dated June 5, 2017 covering years of "1995-2016" that there was are no "actual Notices" of any "Notice of Deficiencies" evidenced by **Attachment 4—IRS FOIA Request Response ("Attach—FOIA Letter").**

The Authority of the Acting Chief Counsel of the "Internal Revenue Service" ("IRS") *flows a fortiori* that this is the same "IRS" as in this instant Case.  This is evidenced by a true and correct copy of **Attachment 6—*UNITED STATES OF AMERICA v. John K. Thornton*, 0:13-mc-00087 (USDC District of Minnesota 2013), Docket 1 ("Attach 6–IRS Agency of USA")** Page 1 "The <u>United States of America</u>, on <u>behalf of its agency</u>, the <u>Internal Revenue Service</u> ("IRS");" and further, it is for the "on behalf of its' agency, the Internal Revenue Service ("IRS")."

### <u>a.  Behalf Means</u>

Clearly the IRS is not the real party of interest but the IRS will "benefit" from the money the "United States of America" *aka* "United States" can CON out of Toppin with the assistance of the Chief Inquisitor.

Concerning "behalf" as found in *Meyers v. State*, 105 S.W. 48, 49 (Tex.Civ.App. 1907), to wit:

> In the case of *State v. Eggerman*, 81 Tex. 569, 16 S. W. 1067, the Supreme Court, in passing upon whether a suit was "in **behalf** of the state," adopts the following definition: "The word **'behalf' means** in **the name of**, on **account of, benefit, advantage, interest, profit, defense, vindication**; and in any of these senses this is evidently within the meaning of the Constitution a suit in behalf of the state."

In *United States v. Payne*, 30 F.2d 960, 961-962 (W.D.Northern Div.Wash. 1929), to wit:

> The phrase, **'except when on behalf of the United States,'** was significantly used, and has a restricted application, **but has no application in a proceeding where the United States is a party.** It has application to actions **prosecuted or defended by instrumentalities of the United States, or others, on its behalf.** Suit may be brought **by one in authority for the benefit or advantage of the United States**, and, so brought, **would be in its behalf.** See *Georgia v. Brailsford*, 2 Dall. 402, (1792); *State v. Eggerman*, 81 Tex. 569, 16 S.W. 1067 (1891); *Hill County v. Atchison* (Tex.Civ.App.) 49 S.W. 141. **For suit when instrumentality was a party,** see *United States v. Clallam County* (W.D.Wash.) 283 F. 645 (1922) (affirmed 263 U.S. 341) (1923), **which was an action in which an agency or instrumentality of the United States defended.** See, also, *Weeks, Secretary of War, et al. v. Goltra* 7 F.2d 838 (8th Cir. 1925).
>
> There are corporate entities used by the United States as its instrumentalities and officers who prosecute and defend actions. Such actions would be on its behalf. The provision, 'except when on behalf of the United States,' **refers not to suits by the United States, but on its behalf by instrumentalities or officers**, the object being not to do the idle thing of collecting fees for the United States from its instrumentalities or officers, etc. The law must be construed, if possible, with a consistency to

accomplish its purpose. *In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887).

### b. Lawyers LIE with Impunity.

Amazingly Congress enacted a Statute of the United States that grants government people and others including all "Lawyers" to outright Lie with Impunity as codified in **18 U.S.C. § 1001(b),** to wit:

> (a) Except as otherwise provided in this section, whoever, **in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--**
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> ll be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.
>
> (b) **Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.**

See also *United States v. McNeil,* 362 F.3d 570 (9th Cir. 2004); and, *United States v. Horvath,* 492 F.3d 1075 (9th Cir. 2007).

**So where is Nunez's Affidavit of the Notice of Deficiency and Assessment evidence exists or why has it not been presented to the "USDC?" The evidence is**

overwhelming of the LIES by Nunez to date in this instant Case.

### c.  Who is the "United States of America" aka "United States" and who is Nunez?

Upon inspection of the a true and correct copy of the Transcript of the Status

Conference of February 5th, 2019 held in the "District Court of the United States"

evidenced by **Attachment 6—Transcript of the February 5th, 2019 Status Conference**

**("Attach 6—Transcript")** we find the following:

Pg. 3

**THE CLERK**:   Case No. 17-40011, **United States** versus Toppin.   Counsel and defendant, please note your appearance for the record.

**MR. NUNEZ**:  Good afternoon, your Honor.  Jeff Nunez on **behalf of the United States of America**.

**Pg. 4**

**MR. NUNEZ**:  All right.  You Honor, as I notified the Court earlier today, the **United States** filed a motion for appointment of a receiver bases on –

\* \* \*

**MR. NUNEZ**:  The **United States** has not near from Mr. Toppin . . .

\* \* \*

Pg. 5

**MR. NUNEZ**:  [W]ith the scheduling order as the **United States** see it.

\* \* \*

**MR. NUNEZ**:   [B]ased on information that the **United States** has learned coming back from the last government funding . . .

Pg. 9

**MR. TOPPIN**:  I have found no, quote, **Counsel for the United States of America**, end quote, and in the filings to date, and, quote, the **United States**, end quote, suddenly appears.  It's an unassailable fact the **plaintiff** is, quote, **counsel for the United States of America**, end quote.  My question would be who is counsel -- quote, **counsel for the United States of America**, end quote, being the **plaintiff**.  This Court mandates there is a **counsel for the United States of America,** if I'm not correct, if the **United States of America** is the real party of interest.

**Pg. 10, *et seq.***

I continued on the Record as evidenced by the rest of **Attach 5—Transcript**,

which is an official part of the Record to get an answers concerning who or what is the

"United States of America," the "United States," and what is the relationship of these them as it is an unassailable fact that they are NOT the same entities. What is shocking is that the Chief Inquisitor is assisting Nunez with this Fraud to date, which of course if the "United States of America" aka the "United States" is compelled to answer the Interrogatories, the Admissions and provide the Discovery has required then Toppin would finally get some mandated disclosures of who and that are these essential elements.

### d. Actual Notice of Deficiency and What is an Actual Notice.

The IRC has requirements of an "actual notice" being **"no assessment of a deficiency ... shall be made ... until such notice [of deficiency] has been mailed to the taxpayer...." I.R.C. § 6213(a)."** There are further jurisdictional requirements in *Holof v. C.I.R.*, 872 F.2d 50, 52, 53-54 (3rd Cir. 1989) Footnotes **FN5, FN6, FN7, FN8** and **FN9,** *infra,* **of which NONE have been disclosed to Toppin; and further, Toppin has had NO "actual notice" thereof from the IRS.**

In *Robinson v. United States*, 920 F.2d 1157, 1158 (3rd Cir. 1990), to wit:
The **notice of deficiency**, sometimes called a **"ninety day"** letter, is the taxpayers' "ticket to the Tax Court" to litigate the **merits of the deficiency determination,** *Delman v. Commissioner,* 384 F.2d 929, 934 (3d Cir.1967), *cert. denied,* 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), and is a **jurisdictional prerequisite to a suit in that forum.** *Laing v. United States,* 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 477 n. 4, 46 L.Ed.2d 416 (1976). **Until ninety days have passed,** the IRS can neither **make an assessment nor utilize Court procedures for collection.** *Holof v. Commissioner,* 872 F.2d 50, 53 (3d Cir.1989). If the taxpayers file in the Tax Court within that period, the restraint on the IRS continues until the decision of the Court becomes final. 26 U.S.C. § 6213(a).

2. If the taxpayers do not file a petition in the Tax Court within the specified time, **the IRS makes an assessment. 26 U.S.C. § 6213(c).** A duly

designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, **the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203**; Treas. Reg. § 301.6203–1.

3. As soon as practicable and within **sixty days** after making the assessment, the IRS must issue a **"notice and demand letter"** to the taxpayers, specifying the **amount due and demanding payment. 26 U.S.C. § 6303**.

4. If the taxpayers do not pay after demand, the IRS may file a lien against their property. **26 U.S.C. § 6321**. *See generally* Wilkens & Matthews, *A Survey of Federal Tax Collection Procedure: Rights and Remedies of Taxpayers and the Internal Revenue Service*, 3 Alaska L.Rev. 269 (1986).

**The first of these procedures—the provision requiring the IRS to issue a notice of deficiency—is the focal point of this case.**

2The **notice is a "pivotal feature of the Code's assessment procedures,"** *Holof*, 872 F.2d at 53, because it serves as a **prerequisite to a valid assessment by the IRS**. The Internal Revenue Code is clear that **"no assessment of a deficiency ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [of deficiency] has been mailed to the taxpayer, nor until the expiration of such 90–day ... period." 26 U.S.C. § 6213(a).** By providing an opportunity to litigate the merits of the deficiency in the Tax Court without requiring payment of the full amount allegedly owed, the statute provides substantial benefits to taxpayers.

See *Murray v. C.I.R.*, 24 F.3d 901, 903 (7th Cir. 1994).

*Holof v. C.I.R.*, 872 F.2d 50, 52, 53-54 (3rd Cir. 1989), to wit:
[51]  **We review decisions of the Tax Court in the same manner and to the same extent as decisions of the district court in civil actions tried without a jury. 26 U.S.C. § 7482(a)** (1983). Although the Supreme Court has expressly held that a consent to extend the period for assessment of income tax is **"not a contract ... [but is]** essentially a unilateral waiver of a defense by the taxpayer," *see Stange v. United States*, 282 U.S. 270, 276, 51 S.Ct. 145, 147, 75 L.Ed. 335 (1931) (citing *Florsheim Bros. Drygoods Co. v. United States*, 280 U.S. 453, 466, 50 S.Ct. 215, 219, 74 L.Ed. 542 (1930)), some courts have analyzed taxpayer consents to waive the statute of limitations defense in contractual terms. *see, e.g., Roszkos*, 850 F.2d at 516; *Pursell v. Commissioner*, 38 T.C. 263, 278 *aff'd*, 315 F.2d 629 (3d Cir.1963) (per curiam).

* * *

[53-54]   **The notice of deficiency is a pivotal feature of the Code's assessment procedures. Unless the IRS first issues the taxpayer an effective notice of deficiency, the Commissioner is precluded by statute from assessing or collecting any taxes.**   **FN5.**   Once the Commissioner issues a notice of deficiency, the taxpayer has ninety days from the mailing of the notice to file a petition with the Tax Court for a redetermination of the deficiency.   **FN6.**   During this same ninety-day period, the Commissioner is prohibited from assessing or collecting the deficiency. **FN7.**   If the taxpayer files a petition with the Tax Court before the ninety-day period expires, the prohibition on assessment continues until the decision of the Tax Court becomes final. **FN8.**   This same notice of deficiency suspends the running of the statute of limitations during this period in which the Commissioner is precluded under § 6213 from making the assessment. **FN9.**   The statute remains suspended for the sixty days after the prohibition on assessment is lifted. **FN10,** *ibid,* **FN9.**

> **FN5.**   The Code provides, **"no assessment of a deficiency ... shall be made ... until such notice [of deficiency] has been mailed to the taxpayer...."** **I.R.C. § 6213(a).**
>
> **FN6.**   The Code provides, "Within 90 days ... **after the notice of deficiency authorized** by section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." I.R.C. § 6213(a).
>
> **FN7.**   The Code provides, **"no assessment of a deficiency ... shall be made ... until the expiration of such 90-day period...."** I.R.C. § 6213(a).
>
> **FN8.**   The Code provides, **"no assessment of a deficiency ... shall be made ...,** if a petition has been filed with the Tax Court, until the decision of the Tax court has become final." I.R.C. § 6213(a).
>
> **FN9.**   The Code provides, "The running of the period of limitations provided in section 6212 ... shall **(after the mailing of a [deficiency] notice ...)** be suspended for the period during which the Secretary **is prohibited from making the assessment ... and for sixty days thereafter.**" I.R.C. § 6503(a)(1) (West Supp.1988).

In *Bachner v. C.I.R.*, 81 F.3d 1274, 1277 (3ʳᵈ Cir. 1996), to wit:

**Decisions of the Tax Court are reviewed in the same manner as district court decisions in non-jury civil actions.** See *Holof v. Commissioner,* 872 F.2d 50, 52 (3ʳᵈ Cir. 1989). 26 U.S.c. § 7482(a)(1). The issues on **appeal** involve only **questions of statutory construction and application,** and therefore we conduct **de novo review.** *See Armstrong World Indus., Inc. v.*

*Commissioner,* 974 F.2d 422, 430 (3d Cir.1992).

In *International Engine Parts, Inc. v. Feddersen & Co.*, 888 P.2d 1279, 1282 (Sup.Ct.Ca. 1995), to wit:

### 1. IRS Deficiency Assessment Procedures

In order to better understand why the limitations period necessarily commences no earlier than the date of deficiency assessment in cases involving the negligent filing of tax returns, **it is helpful to review IRS procedures for examination of tax returns and assessment of tax deficiencies.**

Once a federal tax return is selected for audit, the examination is performed by an IRS examiner. At the conclusion of the examination, the taxpayer is sent a report of the examiner's findings, indicating any proposed deficiency assessments. **If the taxpayer_agrees with the findings of the examiner, he or she will sign the appropriate forms (form 4549 and/or form 870) acknowledging the tax liability.** (*Holland v. Commissioner of Internal Revenue* (4th Cir.1980) 622 F.2d 95, 96.) **If the taxpayer signs the agreement form,** he or she immediately (1) **waives the required statutory notice of deficiency pursuant to Internal Revenue Code section 6212 (the 90–day letter),** (2) **waives the corresponding prohibition on collection for 90 days under Internal Revenue Code section 6213,** and (3) **is thereafter precluded from litigating the proposed deficiency in tax court.** (Int.Rev.Code, §§ 6212, 6213; *Mills v. Garlow* (Wyo.1989) 768 P.2d 554, 556 (hereafter *Mills* ); see also *Robinson v. United States* (3rd Cir.1990) 920 F.2d 1157, 1158 [**explaining that notice is pivotal in IRS assessment procedures because it serves as prerequisite to valid tax assessment**].) If the **taxpayer does not agree** with the examiner's proposed findings, the findings will be reviewed in the district office, and the taxpayer **will be sent a "30–day letter"** instructing that the taxpayer has 30 days to file a protest. (*Mills, supra,* 768 P.2d at p. 557.) "If the taxpayer fails to respond within the thirty days, **a notice of deficiency will be issued.** [Citation.] If the taxpayer timely files a protest, he [or she] will be accorded an **appeals office conference....** If a settlement is reached, the taxpayer will again be requested to sign the agreement form.... A determination by the appeals office, however, is **final insofar as the taxpayer's appeal rights within the IRS [are concerned],** and if the taxpayer continues to disagree, the **statutory notice of deficiency** will be sent giving the taxpayer ninety days to file a petition in the Tax Court before collection actions are begun." (*Ibid.*)

Thus, the **preliminary findings of the tax examiner** are ***proposed* findings**

that are subject to negotiation prior to any determination of tax deficiency. (*Mills, supra,* 768 P.2d at p. 557.) **Once a deficiency is assessed**, however, **either by the taxpayer's consent to deficiency assessment, or by receipt of a final deficiency notice** pursuant to Internal Revenue Code section 6212 et seq., the **matter is final as to the IRS** and subject to legal appeal in federal tax court. (*Ibid.*)

**e. Actual Notice Means "Awareness of sufficient facts to State a Claim;" and, "receipt of Notice"; and, Actual Notice means that a person actually knows or could discover by making a reasonable investigation; and, "Express information of a fact;" and "Actual Notice is a question of fact."**

Toppin has not had any "actual Notice" of any Notice of Deficiency or Assessment by the IRS therein *flows a fortiori* that Toppin has no means available to even comply with alleged requirement or to research out an actual obligation to file an **Federal Individual Tax Form 1040 OMB No. 1546-0074** and **Massachusetts Department of Revenue Form 1—Massachusetts Resident Income Tax Return.**

In *Prouty v. Devin*, 50 P. 380, 381 (Sup.Ct.Ca. 1897) **"Notice is actual or constructive. Actual notice is that which consists in express information of a fact, and constructive notice is that which is imputed by law."** In *Ferraro v. Humphrey*, 242 F.Supp.3d 732, 739 (N.D.Ind. 2017) "Actual Notice means notice sufficient to permit the insurer to locate the suit and defend it (cites omitted). In *McCarthy v. Lane*, 16 N.E. 683, 685 (Sup.Jud.Ct.Mass. 1938) "Actual Notice is a question of fact." See also *Mara v. Pierce*, 9 Gray 306, 307 (Sup.Jud.Ct.Mass. 1857). In *Petition of Alchemedes/Brookwood, Ltd. Partnership*, 546 N.W.2d 41, 42 **(Ct.App.Minn.** 1996) "Actual notice means actual knowledge. See *Comstock & Davis Inc. v. G.D.S. & Assocs*, 481 N.W.2d 82, 85 (Minn.App. 1992 (actual notice requires knowledge of enforceable agreement.). In *Comstock & Davis, Inc. v. G.D.S. & Assoc.*, 481 N.W.2d 82, 85

**Fifth Motion**                    12

(**Ct.App.Minn**. 1992), to wit:

> **Constructive notice is a creature of statute** and, as a **matter of law**, imputes notice to all purchasers of any properly recorded instrument even though the purchaser has no **actual notice** of the record." * * *

> **Implied notice** occurs where one has "*actual knowledge* of facts which would put one on further inquiry." *Id.* (emphasis in original). **Inquiry notice** is thus distinguished from **actual notice**, which requires conveying knowledge of a signed, enforceable agreement. *See Levine v. Bradley Real Estate Trust,* 457 N.W.2d 237, 240 (Minn.App.1990) (no **actual notice** of easement based merely upon telephone conversation that gives notice a document concerning parking privileges *might* be signed), *pet. for rev. denied* (Minn. Aug. 7, 1990).

In *United States v. Real located at 7215 Longboat Drive (Lot 24)*, 750 F.3d 968, 974 (8th Cir. 2014) "The Supreme Court concluded in *Dusenbery v. United States*, 534 U.S. 161, 169 n.5 (2002), that in general "actual notice" means "receipt of notice." See also *United States v. Pulg*, 419 F.3d 700, 706 (8th Cir. 2005) As the Supreme Court explained in *Dusenbery v. United States*, 534 U.S. 161, 169 n.5 (2002) "**actual notice**" **means** the same thing as "receipt of notice." Due process does not require the government to provide interested parties with "actual notice," but requires that the government "*attempt to provide* actual notice" by means reasonably calculated to inform the absent party. *Id.* at 169–70, 122 S.Ct. 694."

In *SD3 II LLC v. Black & Decker (U.S.) Incorporated*, 888 F.3d 98, 108-109, 112 115-116 (4th Cir. 2018), to wit:

> **Actual notice** is a straightforward concept to which we have long applied the standard that the plaintiff knew the " ·**fraudulently concealed facts, which are the basis of a claim.**' " *Go Comput.*, 508 F.3d at 178 (quoting *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987) ); *accord Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) (holding that to prove

fraudulent concealment the plaintiff must demonstrate that the defendant "**fraudulently concealed** *facts that are the basis of the plaintiff's claim*" (emphasis added) ). Thus, a plaintiff is on **actual notice** if it has "**sufficient facts to identify a particular cause of action**." *Hobson v. Wilson*, 737 F.2d 1, 35 (D.C. Cir. 1984), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Mere "**hints, suspicions, hunches or rumors**" are not enough to put a plaintiff on **actual notice**. *Hobson*, 737 F.2d at 35. Instead, the plaintiff must be able to plead the factual allegations necessary to withstand a motion to dismiss, including "both the injury that g[ave] rise to [its] claim and the injurer." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 386 (7th Cir. 2010).

\* \* \*

[112] **Actual notice**" means notice of **sufficient facts**, "which are the **basis of a claim**," *Go Comput.*, 508 F.3d at 178, including identification of the injury, the injurer, and the type of injury

\* \* \*

[155-166] For more than 40 years, this Court has been unwavering in our articulation of what **actual notice** requires: **awareness of sufficient facts to state a claim**. *See Go Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 178 (4th Cir. 2007) (explaining that antitrust plaintiff may not invoke fraudulent concealment if he has **discovered** "**facts which are the basis of a claim**"); *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) ("**facts that are the basis of the plaintiff's claim**"); \*116 *Pocahontas Supreme Coal Co. v. Bethlehem Steel*, 828 F.2d 211, 218 (4th Cir. 1987) ("**facts which are the basis of a claim**"); *Charlotte Telecasters, Inc. v. Jefferson–Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976) ("**facts which are the basis of his cause of action**").

It is axiomatic that the "facts which are the basis of a claim" or "cause of action" are those which enable a party to bring a valid suit. *See* Cause of Action, *Black's Law Dictionary* (10th ed. 2014) ("A group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to ***obtain a remedy in court from another person***." (emphasis added) ). Thus, as the majority opinion correctly explains, for a plaintiff to be on **actual notice**, it "**must be able to plead the factual allegations necessary to withstand a motion to dismiss.**" *Ante* **at 109.**

This rule is consistent with the approach taken by our sister circuits. *See, e.g., Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 385 (7th Cir. 2010) ("A defendant who prevents a plaintiff from obtaining information that he needs ***in order to be able to file a complaint that will withstand dismissal*** is forbidden ... to plead the statute of limitations for

the period in which the inquiry was thwarted." (emphasis added) ); *Conmar Corp. v. Mitsui & Co.*, 858 F.2d 499, 504 (9th Cir. 1988) **(holding** that **actual notice** requires "**knowledge [that] would ... justify the filing of a complaint**"); *Hobson v. Wilson*, 737 F.2d 1, 35 (D.C. Cir. 1984) (holding that **actual notice** requires "**awareness of sufficient facts to identify a particular cause of action" and "to file suit**"), *overruled in part on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

And this long-standing and widely embraced rule—that a plaintiff is on **actual notice *only* when it is aware of sufficient facts to state a claim that withstands a motion to dismiss**—balances the interests served by the fraudulent concealment doctrine: obliging plaintiffs to file suit in a timely fashion once they are aware, or should be aware, of facts sufficient to state a claim that can withstand a motion to dismiss, while preventing wrongdoers from avoiding liability by concealing their wrongdoing. *See Marlinton*, 71 F.3d at 122 ("The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from concealing a fraud, or ... committing a fraud in a manner that concealed itself until the defendant could plead the statute of limitations to protect it." (internal quotation marks omitted) ). To that end, any rule that would treat a plaintiff as being on **actual notice** under a standard more favorable to defendants—in situations when the plaintiff lacks knowledges of sufficient facts to state a claim that would withstand dismissal—would wrongly "creat[e] the anomalous situation of *requiring persons to file suit on a hunch*, only to be dismissed for failure to state a claim." *Hobson*, 737 F.2d at 39 (emphasis added). As the majority opinion correctly states, "[m]ere ·hints, suspicions, hunches or rumors' are not enough to put a plaintiff on **actual notice**." *Ante* at 109 (quoting *Hobson*, 737 F.2d at 35). Accordingly, a plaintiff is on **actual notice** when it knows of "enough factual information from which [it] could plead [its] cause of action for Rule 12(b)(6) purposes." *Id.* at 112.

### III.  Conclusion

Toppin herein files the **Fifth Motion** for **the Court** to Dismiss with Prejudice this instant Alleged Controversy and/or Compel the "United States of America" aka the "United States" to answer the Interrogatories, Admissions and provide the

Discovery including who is the "United States of America a sovereign body politic" and the relationship between the "United States of America" and the "United States."

And further, **the Court is mandated to have Nunez disclose who he is "counsel for" in this instant Case as Toppin has no means to defend himself unless the "real party" of Interest, being the Plaintiff has a "Counsel for the United States of America" establish on the Record that essential element.**

My Hand,

*all Rights Reserved*

**Fifth Motion**                                                16

## IV.  Verified Affidavit of David Lynwood Toppin

**State of Massachusetts**     )
                               )  **ss.**
**Worcester County**           )

**I,** David Lynwood Toppin,   swear (or affirm) that the facts in this Motion with its Attachments, that the facts in this Verified Affidavit and the facts in filed in **Docket 75, Attachment B—Certificate of Political Status, Citizen Status and Allegiance, Filed in The Recording District 311 Palmer, Alaska No. "2015-025747-0" ("Attach B—Status")** being a true and correct copy of what is filed into the public record, *infra.*, are true and correct under the penalty of perjury.

1. My true name is David Lynwood Toppin.

2. I am of the age of majority and competent to testify to the facts contained in the Motion to Dismiss and to the facts in this Declaration.

3. I am a "citizen of Massachusetts."

4. I am domiciled in Massachusetts, being one of the several States.

5. I am not a "citizen of the United States."

6. I am a "national of the United States" that owes permanent allegiance to the United States as codified in 8 U.S.C. § 1101(22)(B) ""a person who, though not a citizen of the United States, owes permanent allegiance to the United States."

7. I am not domiciled, have residence or reside in any "Federal Area" as defined in codified in 4 U.S.C. § 110.

8. *This Court's* alleged authority is found the public record codified in 28 U.S.C. § 132(c) exercising "[T]he judicial power of a district court" that is derived from the "Territory of Hawaii" as documented in the Reviser's Notes.

9.  I have never given *this Court* knowingly, tacitly or by any other means "personal jurisdiction."

10.  I have no known legal obligation for any "income" due to the "United States of America," being the Plaintiff.

11.  I have no known legal obligation for any "income" due to the "United States," being an unidentified entity in this Complaint.

12.  I have no known legal obligation for any "Income Tax" due to the "United States of America," being the Plaintiff.

13.  I have no known legal obligation for any "Income Tax" to the "United States," being an unidentified entity in this Complaint.

14.  I have no known legal obligation for any "Federal Income Tax" due to the "United States of America," being the Plaintiff.

15.  I have no known legal obligation for any "Federal Income Tax" due to the "United States," being an unidentified entity in this Complaint.

16.  I am not domiciled in any "Federal Area" and defined and used in the codified 4 U.S.C. § 110(e).

17.  I am not domiciled in the "State" as defined in 4 U.S.C. § 110(d).

18.  I am proceeding under threat, duress and coercion.

19.  No facts have been provided of the relationship between the "United States of America" and the "United States" in this Complaint or Motions by Nunez to date.

20.  Toppin is not an employee of the "United States of America."

21.  Toppin is not an employee of the "United States."

22.  Toppin is not an employee of the "Commonwealth of Massachusetts."

23. Toppin is not an employee of the "State of Massachusetts."

24. Toppin is not an employee of Massachusetts, being one of the several States.

25. Toppin is not an employee as used in 26 U.S.C. § 6331.

26. I have received no "actual Notice" of any "Notice of Deficiencies" to date from the IRS.

27. No material evidence of any "Notice of Deficiencies" have been filed into **the Court** to date.

My Hand,

Sworn and Subscribed before me a Notary Public in and for the State of Massachusetts on _March 5, 2019_.

My Civil Commission expires on _Aug 9, 2024_.

Signature of Notary Public

**[SEAL]**

My Hand,

**Fifth Motion**                                                                                         19

## IV. CERTIFICATE OF SERVICE

I hereby certify that on March 5th, 2019, a copy of the foregoing Motion with its Attachments and this Verified Affidavit has been made on all counsel of record by ECF and an original was filed into the USDC.  Paper service will be made on any party not being served by ECF, as notified by the court.

Date March 5th, 2019

_____
Signature

David Lynwood Toppin

All Rights Reserved