IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:17−cv−40011−TSH |
| ) | |
| v. ) | Judge Timothy S. Hillman |
| ) | |
| DAVID L. TOPPIN, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Appointing Receivers**

The plaintiff, the United States of America, having requested an order appointing receivers to take possession of and sell two parcels of real property, located at 465 Salisbury Street, Holden, Massachusetts ("Holden Property"), and 4 LaChance Street, Gardner, Massachusetts ("Gardner Property") (collectively, the "Properties"), the legal descriptions of which are set forth in the Amended Complaint (Doc. 5), and having shown good cause,

It is therefore **ORDERED** that:

1.  The Court appoints Karen Russo of Coldwell Banker Residential Brokerage New England as a receiver for the Holden Property, and Jeff Borus of NAI Glickman, Kovago & Jacobs as a receiver for the Gardner Property for the purposes of assisting in the enforcement of the federal tax liens, pursuant to 26 U.S.C. §§ 7402(a), 7403(d). As used in the rest of this Order, "receiver" shall refer to each receiver separately and "Property" shall refer to each of the Properties.

2.  All parties (including David L. Toppin) shall cooperate fully with the receiver and shall also take all necessary actions to enable the receiver to convey marketable title to the Property. The receiver shall have immediate an unrestricted access to the Property at any and all reasonable times of day, including during the 30-day period for any occupants to vacate them as

directed below, and are authorized to take such steps as the receiver deems appropriate to secure the Property, with the receiver to be reimbursed for the costs of such steps from the sale proceeds.

3.     The Properties shall be sold, pursuant to 26 U.S.C. §§ 7402(a) and 7403(b), free and clear of all rights, titles, claims, and interests of the parties to this case, including any rights of redemption, subject to the terms set forth in this Order, and the proceeds of each sale, to the extent not distributed to satisfy any liens or claims at a closing on the sale, shall be subject to all unpaid liens and other claims of the parties in place of the Properties sold, to the same extent and with the same priority, and subject to the same defenses, as would apply against the Properties themselves.

4.     All persons occupying the Properties shall, no later than thirty days after the entry of this order, vacate and depart from the Properties, leaving in place all fixtures and improvements without disturbance to the premises, and shall remove therefrom any personal property items. Any personal property not so removed shall be deemed abandoned and may be disposed of (or sold) as determined to be appropriate by the receiver.

5.     If any person fails or refuses to vacate any of the Properties by the date specified in this Order, or as extended by the United States, the United States is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected.  The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to, the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order.  The United States Marshals Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the

execution of this Order, including but not limited to, the refusing to grant access to the receiver.

6.      Following 30 days from the entry of this Order, each receiver is directed to take possession of the Property for which he or she is appointed, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon, upon the vacation of the Property by the current occupants, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of the Property, free and clear of any rights, titles, claims, or interests of any of the parties to this action.

7.      David L. Toppin and Jennifer Toppin shall not do anything that interferes with the rights or responsibilities of the receiver or that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so.  David L. Toppin and Jennifer Toppin shall not, and shall not cause or permit anyone else to, record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential purchasers from viewing or making offers to purchase the property or from completing any purchase.  Violation of this paragraph shall be deemed a contempt of court and punishable as such.

8.      The receiver shall have all of the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the power to enter onto the Property, to manage the Property, to collect rents on the Property, to advertise the sale of the Property, and to take any action reasonably necessary to protect and preserve the value of the Property prior to sale, and to put Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable maintenance and improvements, including, but not limited to, the purchase of property and liability insurance, with the receiver to be reimbursed for such expenditures from the sale proceeds.

9. Jennifer Toppin and the United States may agree to a listing price and to reductions in such price in the event the initial price does not garner sufficient purchase offers. In the event they are unable to agree on a listing price (or the timing or amount of a subsequent reduction), the recommendation of the receiver shall control absent a timely objection that this Court may resolve.

10. Jennifer Toppin and the United States may, by concurrence, tentatively approve the receiver's acceptance of any purchase contract, subject to confirmation of the sale by this Court prior to closing and, if they are not able to agree, any party or the receiver (without counsel) may file a motion to order the acceptance of a particular purchase agreement.

11. The following terms shall apply to any sale of the Properties pursuant to this order:

   a. The Properties shall be offered for sale "as is," with all faults and without any warranties either express or implied.

   b. The sale shall be subject to building lines, if established, all laws and governmental regulations (including building and zoning ordinances) affecting the Properties, and easements, restrictions, and reservations of record, if any.

   c. The terms of any purchase agreement shall require the balance of the purchase price to be in cash at closing, and will include an earnest money deposit, payable by cash or certified check, in an amount determined by the receiver upon consultation with the United States and forfeitable upon the purchaser's failure to perform.

   d. The closing for any parcel shall not occur until after the sale for such parcel has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim or receiver's deed to the Property executed by the receiver.

     e.  If the purchaser fails to fulfill the requirements in subparagraph (c) above, the sale shall be treated as null and void, and the deposit shall be forfeited as liquidated damages (subject to any lawful defenses of the would-be purchaser) and applied to cover the expenses of the sale, with any amount remaining to be distributed in the same order as the proceeds of the sale. The Property shall be again offered for sale under the terms and conditions of this order of sale.  The successful purchaser at the new sale shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting purchaser.

12.    All net proceeds from the sale of the Properties (net of those encumbrances that all parties agree are senior to the federal tax liens and therefore should be paid at the closings of any sales) will be deposited with the registry of this Court.

13.    The sales proceeds from the Properties shall not be subject to any claim for attorney's fees, except that any closing costs attributed to the sale, including the customary costs for a closing attorney, shall be paid subject to the approval of the United States.  This shall not be construed to preclude the payment to any mortgagee of reasonable attorney's fees included under any mortgage agreement.

14.    The receiver shall be (a) compensated from the proceeds of the sale of the Property sold in an amount equal to such percent of the gross sale proceeds as is agreed upon between the receiver and the United States, not to exceed six percent, and (b) reimbursed from the proceeds for the receiver's reasonable and necessary expenditures to protect and preserve the value of such Property that were first approved by the United States.

15.    The receiver and agency under which the receiver conducts business, and their employees, shall have no claim asserted against them relating to the receiver's duties under this order, except for claims due to their gross negligence, willful misconduct, or failure to comply

with this Court's orders.  The Receiver and its employees, agents and attorneys shall have no personal liability with respect to any environmental liabilities arising out of or relating to any property.

16.     The receiver's appointment being made to enforce tax liens pursuant to 26 USC § 7403(d), the receiver may consult with counsel for the United States although said counsel does not represent the receiver.  The receiver may also request the Court for instructions regarding any responsibilities or activities about which the receiver is uncertain.  It is not anticipated that the receiver will need to retain counsel, but the receiver may petition the Court to appoint counsel to represent the receiver if the receiver concludes that counsel is required for a particular reason.

**It is so ordered.**

Date: 3/19/19

/s/ Timothy S. Hillman\_\_
United States District Judge