IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.  4:17-cv-40011-TSH |
| | ) | |
| Plaintiff, | ) | Judge Timothy S. Hillman |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. TOPPIN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JUDGMENT PURSUANT TO FED. R. CIV. P. 54(B)**

Upon the United States' motion for default judgment against Defendant David L. Toppin, judgment is entered, as follows:

1.  The Clerk of the Court shall enter judgment in favor of the United States and against Defendant David L. Toppin for unpaid federal income taxes (Form 1040) for the tax years 1995-1996, and 2000-2012, in the amount of $799,578.09, plus statutory additions from and after March 11, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until the judgment is satisfied;

2.  The Clerk of the Court shall enter judgment in favor of the United States and against the defendant, David L. Toppin, for his unpaid restitution liabilities for tax years 1997 through 1999, in the amount of $648,053.87, plus statutory additions accruing from March 11, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

3.  The Clerk of the Court shall enter judgment in favor of the United States and against the defendant, David L. Toppin, for his Form 5329 tax liability for tax year 2002, in the

amount of $540.65, plus statutory additions accruing from March 11, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

Further, this judgment is hereby made final pursuant to Fed. R. Civ. P. 54(b). Count I is the sole count of the Amended Complaint seeking any relief against Defendant Toppin, and there is no reason to delay entry of judgment due to the pendency of counts seeking to enforce liens against properties titled in the name of another party and against which other parties have liens. Moreover, Defendant Toppin's restitution liabilities are *res judicata* based on his criminal case, and there is no reason why final judgment should not be entered with regard to those liabilities. As such, there is no just reason to delay making judgment against Defendant Toppin final pursuant to Fed. R. Civ. P. 54(b) and, as such, the judgment is final.

**JUDGMENT TO THE PLAINTIFF AS STATED HEREIN.**

Dated:   7/16/19                                                                  /s/ Timothy S. Hillman
                                                                                              Hon. Timothy S. Hillman
                                                                                              UNITED STATES DISTRICT JUDGE